UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY,<br><br>                     Plaintiff,<br>     v.<br><br>RANDY LINDQUIST, et al.,<br><br>                     Defendants. | CASE NO. C20-1508JLR<br><br>ORDER GRANTING MOTION TO CONTINUE |

## I.    INTRODUCTION

Before the court is Defendant Randy Lindquist's motion to continue Plaintiff Allstate Indemnity Company's ("Allstate") motion for partial summary judgment. (Mot. (Dkt. # 12).) Allstate opposes the motion to continue and moves to strike it. (Resp. (Dkt. # 14).) The court has considered the parties' submissions, the relevant portions of the

ORDER - 1

1  record, and the applicable law.  Being fully advised,[1] the court GRANTS Mr. Lindquist's
2  motion to continue and DENIES Allstate's motion to strike.

## II.  BACKGROUND

Plaintiff Allstate filed this lawsuit against Mr. Lindquist and Defendant JPMorgan Chase Bank, N.A., on October 13, 2020.  (*See* Compl. (Dkt. # 1).)  Allstate seeks declaratory relief establishing that Mr. Lindquist's homeowner's insurance policy does not cover harm to a property owned by Mr. Lindquist that was damaged in a fire on December 25, 2019.  (*See id*. ¶¶ 6.1-6.3.)  On November 12, 2020, Allstate filed a motion for partial summary judgment.  (MSJ (Dkt. # 8).)  Allstate seeks to judicially estop Mr. Lindquist "from claiming more personal property than he disclosed in his Bankruptcy filings" in 2013.  (*Id*. at 1.)

On November 19, 2020, Mr. Lindquist moved to continue Allstate's motion for summary judgment because Mr. Lindquist "has not had a reasonable opportunity to investigate or conduct discovery regarding the issues raised in Allstate's motion."  (Mot. at 1.)  Mr. Lindquist's motion to continue was noted on the motion calendar for November 27, 2020.  Allstate responded to Mr. Lindquist's motion to continue on November 25, 2020, and simultaneously moved to strike the motion as improper and untimely.  (*See* Resp.)

//

//

---

[1] No party requests oral argument, and the court concludes that oral argument would not be helpful to its disposition of the motion.  *See* Local Rules W.D. Wash. LCR 7(b)(4).

### III.   ANALYSIS

The court first addresses Allstate's motion to strike Mr. Lindquist's motion before turning to the substance of the motion to continue.

### A.   Allstate's Motion to Strike

The Court has the discretion to strike untimely pleadings that fail to comply with local rules. *Reule v. H.O. Seiffert Co.*, No. C08-1591MJP, 2009 WL 10725375, at *1 (W.D. Wash. May 11, 2009) (citing *United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979)). Allstate asks the court to exercise this discretion and strike Mr. Lindquist's motion to continue for being improperly noted. (*See* Resp. at 2-3 (citing Local Rules W.D. Wash. LCR 7(d)(2-3)).) Allstate argues that the proper noting date for Mr. Lindquist's motion was December 4, 2020, the same day that Allstate's motion for summary judgment is noted for hearing. (*See id.* at 1-2.) But Mr. Lindquist filed his motion to continue one week after Allstate filed its motion for summary judgement. (*Compare* Dkt. #8 *with* Dkt. # 12.) According to Allstate's logic, Mr. Lindquist would have been required to file his motion to continue the same day that Allstate filed its motion for summary judgment in order for it to be properly noted in advance of the motion for summary judgment. The court will not hold Mr. Lindquist to this standard. As described below, the court finds that Mr. Lindquist's motion to continue is well-founded. As such, it will not exercise its discretion to strike Mr. Lindquist's motion. Allstate's motion to strike is denied.

//

//

**B.     Mr. Lindquist's Motion to Continue**

Mr. Lindquist argues that the court should defer ruling on Allstate's motion for summary judgment because he "has not had a reasonable opportunity to investigate or conduct discovery regarding the issues raised in Allstate's motion." (Mot. at 1.) The court agrees.

Under Rule 56(d), if the nonmoving party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). A Rule 56(d) "continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence." *Burlington N. Santa Fe R.R. Co. v. The Assiniboine & Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767, 773-74 (9th Cir. 2003) (internal quotation marks and citations omitted).

Mr. Lindquist has not failed to diligently pursue discovery at this early stage of this case. Mr. Lindquist has not yet answered the complaint, a case schedule has not been entered, and the court's preliminary schedule does not require a joint status report to be filed until December 22, 2020. (*See generally* Dkt; *see also* Initial Scheduling Order (Dkt. # 11).) Allstate argues that there are no potential new facts that could create a genuine issue that would defeat summary judgment based on judicial estoppel, so no discovery is needed. (*See* Resp. at 7.) Mr. Lindquist responds that more time is needed to investigate "the differences in the manner in which his personal property was

inventoried and valued in his 2013 Chapter 11 bankruptcy as compared to his 2019 insurance claim." (Reply (Dkt. # 15) at 2.)  This court has previously recognized that a threshold inconsistency between a valuation of personal property in bankruptcy and a valuation in an insurance claim is insufficient to support a motion for partial summary judgment based on judicial estoppel.  *See Naxos, LLC v. Am. Family Ins. Co.*, 611 B.R. 358, 363-65 (W.D. Wash. 2019).  When arguing that estoppel is not warranted in such a situation, Mr. Lindquist is entitled to present evidence regarding the valuation methodologies, the effect of the passage of time on the valuation analyses, and what property was included in each valuation.  *See id.* at 364.  Such evidence may be uncovered if Mr. Lindquist is allowed more time.

Thus, the court grants Mr. Lindquist's motion for a continuance.  The court re-notes Allstate's motion for summary judgment to February 5, 2021.  Mr. Lindquist is entitled to file a new response to Allstate's summary judgment motion in accordance with the local rules.  *See* Local Rules W.D. Wash. LCR 7(d)(3).  Likewise, Allstate may file a reply to Mr. Lindquist's new response.  *See id.*

## IV.  CONCLUSION

For the reasons set forth above, the court GRANTS Mr. Lindquist's motion to continue Allstate's motion for partial summary judgment (Dkt. # 12) and DENIES

//

//

//

//

ORDER - 5

1  Allstate's motion to strike (Dkt. # 14).  The court also DIRECTS the Clerk to re-note

2  Allstate's summary judgment motion (Dkt. # 8) for February 5, 2021.

      Dated this 3rd day of December, 2020.

*[signature]*

JAMES L. ROBART
United States District Judge