UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY,<br><br>              Plaintiff,<br><br>v.<br><br>RANDY LINDQUIST, et al.,<br><br>              Defendants.<br><br>RANDY LINDQUIST,<br><br>              Third-Party Plaintiff,<br><br>v.<br><br>MELODY J. GRONDAHL, et al.,<br><br>              Third-Party Defendants. | CASE NO. C20-1508JLR<br><br>ORDER ON MOTION FOR PROTECTIVE ORDER |

//

ORDER - 1

## I. INTRODUCTION

Before the court is Plaintiff Allstate Indemnity Company's ("Allstate") motion for a protective order regarding the production of its claims file. (Mot. (Dkt. # 59).) On May 28, 2021, the court held a hearing on Allstate's dispute with Defendant Randy Lindquist regarding the production of the claims file. (*See* 5/28/21 Min. Entry (Dkt. # 57).) Mr. Lindquist opposes the motion. (Resp. (Dkt. # 63).) The court has considered the motion, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court DENIES in part the motion and ORDERS Allstate to provide the claims file to the court for *in camera* review.

## II. BACKGROUND

This insurance dispute stems from a fire that burned down Mr. Lindquist's house at 6920 Fisher Road in Edmonds, WA ("6920 Fisher Road") on December 25, 2019. (Compl. (Dkt. # 1) ¶ 3.12.) Allstate issued a homeowner's insurance policy for 6920 Fisher Road in 2004 and renewed the policy on an annual basis thereafter. (*Id.* ¶ 3.1). Allstate filed this lawsuit against Mr. Lindquist and Defendant JPMorgan Chase Bank, N.A., on October 13, 2020. (*See* Compl.) Allstate seeks declaratory relief establishing that Mr. Lindquist's homeowner's insurance policy does not cover harm to 6920 Fisher Road caused by the fire. (*See id.* ¶¶ 6.1-6.3.) On December 29, 2020, Mr. Lindquist filed his answer and asserted counterclaims against Allstate for, among other things, breach of

---

[1] The court previously heard oral argument on this issue, (*see* 5/28/21 Min. Entry), and considers any further oral argument unnecessary for the disposition of this motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

contract, violation of the duty to act in good faith, negligent claims handling, and violation of Washington's Insurance Fair Conduct Act ("IFCA"), RCW 48.30.015. (*See* Lindquist Ans. (Dkt. # 27) ¶¶ 133-69, 191-202.)

On May 28, 2021, the court heard oral arguments regarding Allstate's refusal to produce a complete, unredacted version of the relevant claims file. (*See* 5/28/21 Min. Entry.) The court ordered Allstate to submit a motion regarding the production of its claims file. (*Id.*; Mot.) The court now addresses that motion.

### III. ANALYSIS

In *Cedell v. Farmers Insurance Company of Washington*, 295 P.3d 239 (Wash. 2013), the Washington Supreme Court recognized that in a first-party insurance bad faith action, the attorney-client privilege is presumptively inapplicable. *Id.* at 246; *MKB Constructors v. Am. Zurich Ins. Co.*, No. C13-0611JLR, 2014 WL 2526901, at *4 (W.D. Wash. May 27, 2014) (citing *Cedell*, 295 P.3d at 246). An insurer may overcome *Cedell*'s "presumption of discoverability by showing its attorney was not engaged in the quasi-fiduciary tasks of investigation and evaluating or processing the claim, but instead in providing the insurer with counsel as to its own liability: for example, whether or not coverage exists under the law." 295 P.3d at 246.[2]

---

[2] Even if an insurer demonstrates that an attorney was not serving in a quasi-fiduciary role, under *Cedell*, an insured may still be able to pierce the insurer's assertion of attorney-client privilege. *See MKB*, 2014 WL 2526901, at *4. If the insured asserts that the insurer has engaged "in an act of bad faith tantamount to civil fraud" and makes "a showing that a reasonable person would have a reasonable belief that an act of bad faith has occurred" or that an insurer has engaged in a "bad faith in attempt to defeat a meritorious claim," then the insurer will be deemed to have waived the privilege. *See Cedell*, 295 P.3d at 246-47. Here, however, although Mr. Lindquist brings a bad faith claim against Allstate, Mr. Lindquist does not argue that Allstate's?

Despite this presumption, Allstate argues that *Cedell* does not apply to the claims file in this case, and that even if it does, work product doctrine protects the redacted portions of the claims file. The court discusses each argument in turn.

**A.  *Cedell*'s Applicability to Counterclaims**

Allstate argues that *Cedell* does not apply because Mr. Lindquist raises his bad faith claim as a counterclaim to Allstate's claim seeking declaratory judgment. (Mot. at 7-9.)  But nothing in *Cedell* suggests that the presumption of discoverability it establishes is dependent on which party files suit first, nor does Allstate provide any case law supporting this position.  *See generally* 295 P.3d at 239; (Mot.)  Allstate's approach would encourage insurance companies to file declaratory judgment actions solely for the purpose of gaining advantage in discovery.  Absent further guidance from the Washington Supreme Court, the court declines Allstate's invitation to incentivize this behavior.

Allstate also cites *Richardson v. Gov't Emps. Ins. Co.*, 403 P.3d 115 (Wash. Ct. App. 2017), arguing that there, the court of appeals held that allowing discovery by the insured of information generated after litigation began "is not only contrary to the purposes of attorney-client privilege, but it would have a chilling effect on the insurers ability to defend itself against claim disputes." (Mot. at 8 (citing *Richardson*, 403 P.3d 115)).)  But *Richardson* involved a claim brought by an under insured motorist ("UIM").  *See* 403 P.3d. at 118.  *Cedell* explicitly held that UIM cases were an exception to the

---

conduct is tantamount to civil fraud. (*See generally* Compl.)  Thus, this additional layer of *Cedell* review is irrelevant.

presumption of discovery because in those cases, "the UIM insurer steps into the shoes of the tortfeasor and may defend as the tortfeasor would defend." 295 P.3d at 245. No similar rationale exists in this case. Indeed, *Cedell* involved an insurance dispute after a home was destroyed by a fire. *Id.* at 241. Allstate presents no compelling argument why this matter, also stemming from a home destroyed by a fire, is more similar to a UIM dispute. (*See* Mot.) Accordingly, the court finds Allstate's attempts to distinguish *Cedell* unavailing.

**B.     Work Product Doctrine**

The parties agree that, unlike attorney client privilege, work product doctrine is governed by federal law. (Mot. at 11; Resp. at 5); *Lexington Ins. Co. v. Swanson,* 240 F.R.D. 662, 666 (W.D. Wash. 2007). "To qualify for work-product protection, documents must: (1) be prepared in anticipation of litigation or for trial and (2) be prepared by or for another party or by or for that other party's representative." *United States v. Richey*, 632 F.3d 559, 567-68 (9th Cir. 2011) (internal quotation marks omitted). If a document serves a dual purpose and was not prepared exclusively for litigation, the "because of" test applies, and "courts must consider the totality of the circumstances and determine whether the document was created because of anticipated litigation[] and would not have been created in substantially similar form but for the prospect of litigation." *Gamble v. State Farm Mutual Auto. Ins. Co.*, No. C19-5956RJB, 2020 WL 4193217, at *3 (W.D. Wash. July 20, 2020) (citing *Richey*, 632 F.3d at 567-68). "[A]n insurer cannot delegate its obligation to make a coverage determination, which is after all

its business, to an attorney and then claim work product privilege." *Id.* at *3 (internal quotation marks omitted).

Allstate contends that work product protection applies because the redacted materials were created in anticipation of litigation. (Mot. at 12-13.) Mr. Lindquist responds that the information in the claims file is discoverable under the "because of" test even if it was created in anticipation of litigation because the allegedly protected work product would have been created even without the litigation. (Resp. at 5-6.)

In light of the work product protection standards and the court's determination that *Cedell* applies to the claims file, *in camera* review of the claims file is appropriate. Accordingly, Allstate shall provide the claims file to the court for *in camera* review within seven days of the filing of this order.

**C.     Fees**

Mr. Lindquist requests that the court order Allstate to pay his fees and costs associated with this discovery dispute. (Resp. at 6.) The court declines to rule on this issue before it has conducted *in camera* review of the claims file.

### IV.    CONCLUSION

Allstate's motion for a protective order (Dkt. # 59) is DENIED in part. Allstate

//

//

//

//

//

shall provide the court with an unredacted version of the claims file for *in camera* review with seven days of the filing of this order.

Dated this 15th day of July, 2021.

JAMES L. ROBART
United States District Judge