1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9

10

ALLSTATE INDEMNITY
COMPANY,

CASE NO. C20-1508JLR

11

Plaintiff,

ORDER GRANTING MOTION
TO CONTINUE

12

v.

13

RANDY LINDQUIST, et al.,

14

Defendants.

15

## I.     INTRODUCTION

16

17

Before the court is Defendant Randy Lindquist's motion to continue Plaintiff

Allstate Indemnity Company's ("Allstate") motion for partial summary judgment.  (2d

18

Cont. Mot. (Dkt. # 71); *see* Reply (Dkt. # 83).)  Allstate opposes the motion.  (Resp.

19

(Dkt. # 81).)  The court has considered the parties' submissions, the relevant portions of

20

21

//

22

//

1   the record, and the applicable law.  Being fully advised,[1] the court GRANTS Mr.

2   Lindquist's motion to continue.

## II.     BACKGROUND

4        Allstate filed this lawsuit against Mr. Lindquist and JPMorgan Chase Bank, N.A.

5   (collectively, "Defendants") on October 13, 2020.  (*See* Compl. (Dkt. # 1).)  Allstate

6   seeks declaratory relief establishing that Mr. Lindquist's homeowner's insurance policy

7   does not cover harm to his property that was damaged in a fire on December 25, 2019.

8   (*See id*. ¶¶ 6.1-6.3.)  On November 12, 2020, less than a month after initiating the case,

9   Allstate moved for partial summary judgment.  (MSJ (Dkt. # 8).)  Mr. Lindquist moved

10  for a continuance of the summary judgment motion on November 19, 2020.  (Cont. Mot.

11  (Dkt. # 12).)  On December 3, 2020, the court granted a continuance in order to allow Mr.

12  Lindquist a reasonable opportunity to discover facts relevant to Allstate's summary

13  judgment motion, which the court re-noted to February 5, 2021.  (12/3/20 Order (Dkt.

14  # 20) at 5-6.)  After full briefing, the court denied Allstate's summary judgment motion.

15  (3/5/21 Order (Dkt. # 52) at 21.)

16       Thereafter, a dispute arose between the parties regarding which parts of Mr.

17  Lindquist's claim file, if any, must be produced in discovery.  (*See* 8/16/21 Order (Dkt.

18  # 73).)  After receiving briefing, holding a hearing, and conducting *in camera* review of

19  the disputed records (*id.* at 2), the court ordered Allstate to produce certain documents

20

21       ───────────────

   [1] No party has requested oral argument (*see* 2d Cont. Mot. at 1; Resp. at 1), and the court
22  concludes that oral argument would not be helpful to its disposition of the motion, *see* Local
   Rules W.D. Wash. LCR 7(b)(4).

ORDER - 2

1  that had previously been redacted or withheld and to conduct a review of other

2  documents previously withheld in their entirety (*id.* at 11).

3    While that order was pending, Allstate moved again for partial summary judgment

4  on August 12, 2021, arguing that partial summary judgment is appropriate because Mr.

5  Lindquist "misrepresented and concealed material facts to Allstate and that he failed to

6  cooperate in the investigation of the claim by failing to report losses on the property."

7  (2nd MSJ (Dkt. # 71) at 1.)  As before, Mr. Lindquist has moved to continue Allstate's

8  summary judgment motion because he "has not had a reasonable opportunity to

9  investigate or conduct discovery regarding the important issues raised in Allstate's

10  motion."  (2d Cont. Mot. at 2.)

11              **III.    ANALYSIS**

12    Mr. Lindquist argues that the court should defer ruling on Allstate's motion for

13  partial summary judgment because he "has not had a reasonable opportunity to

14  investigate or conduct discovery regarding the important issues raised in Allstate's

15  motion."  (2d Cont. Mot. at 2.)  The court agrees.

16    Under Federal Rule of Civil Procedure 56(d), if the nonmoving party "shows by

17  affidavit or declaration that, for specified reasons, it cannot present facts essential to

18  justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow

19  time to obtain affidavits or declarations or to take discovery; or (3) issue any other

20  appropriate order."  Fed. R. Civ. P. 56(d).  To prevail on a Rule 56(d) motion, the party

21  opposing summary judgment "must make '(a) a timely application which (b) specifically

22  identifies (c) relevant information, (d) where there is some basis for believing that the

information sought actually exists.'" *Emps. Teamsters Loc. Nos. 175 & 505 Pension Tr. Fund v. Clorox Co.*, 353 F.3d 1125, 1129 (9th Cir. 2004) (quoting *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir.1986)).  Moreover, unless the party requesting a continuance "has not diligently pursued discovery of the evidence," their request "should be granted almost as a matter of course." *Burlington N. Santa Fe R.R. Co. v. The Asssiniboine & Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767, 773-74 (9th Cir. 2003) (internal quotation marks and citations omitted).  Mr. Lindquist meets this standard.

To begin, Mr. Lindquist's motion is timely.  He filed the request only seven days after Allstate filed its summary judgment motion (*see* 2d Cont. Mot.; 2d MSJ) and well in advance of the discovery deadline (*see* Sched. Order (Dkt. # 30)).  Mr. Lindquist's motion also identifies specific categories of records that he contends are necessary to resolve the issues presented in Allstate's summary judgment motion.  (*See* 2d Cont. Mot. at 3-4 (citing Knudsen Decl. (Dkt. # 75) Exs. A-F; Reply at 2.)[2]  These include: a complete claim file from Allstate;[3] documents and communications from Allstate Agent

---

[2] Rule 56(d) requires the party requesting a continuance to demonstrate its need through "affidavit or declaration."  *See* Fed. R. Civ. P. 56(d).  Mr. Lindquist asserts that his motion "is based on the Declaration of Kathryn Knudsen and the records and files herein."  (*See* 2d Cont. Mot. at 2.)  The Knudsen Declaration avers that the records attached as exhibits are true and correct copies but includes no other factual statements.  (*See* Knudsen Decl. (Dkt. # 75) ¶¶ 3-7.)  Nevertheless, the court finds that the exhibits attached to the Knudsen Declaration, together with the motion, suffice to meet the requirements of Rule 56(d).  *See Choi v. Reed Inst.*, 822 F. App'x 572, 574 (9th Cir. 2020) (finding that a district court acted within its discretion when it considered "counsel's affirmation [and] the memorandum of law in support of the motion" in ruling on a motion for continuance).

[3] Mr. Lindquist asserts that the parties may soon bring before the court the question of whether "claim documents created after October 13, 2020" are discoverable.  (2d Cont. Mot. at 3.)  The court strongly encourages the parties to resolve this dispute amicably and by reference to

1   and third-party defendant, Melody Grondahl, "related to Mr. Lindquist's Lake Forest

2   Park property"; Ms. Grondahl's agency agreement with Allstate; insurance applications

3   submitted by Mr. Lindquist to Allstate for both his Lake Forest Park and Edmonds

4   properties; and any "insurance policy or coverage documents potentially available to

5   satisfy a judgment against Grondahl." (Reply at 2; *see also* Knudsen Decl. Ex. C at 1.)

6   Mr. Lindquist also seeks to depose Ms. Grondahl. (2d Cont. Mot. at 4; Knudsen Decl.

7   Ex. A at 2 & Ex. C at 1 (documenting efforts by counsel to schedule Ms. Grondahl's

8   deposition).)

9        Mr. Lindquist argues that this information will help answer what Allstate and its

10  agent "knew about [him] and his properties at the time of the loss." (2d Cont. Mot. at 6;

11  Reply at 3.) That inquiry is relevant to Allstate's motion for partial summary judgment,

12  which puts at issue whether Mr. Lindquist misrepresented where he was living and the

13  condition of the Edmonds property (2nd MSJ at 11-12), and whether Allstate had

14  independent knowledge bearing on the alleged misrepresentations (*see id.* at 2 ("Allstate

15  was unaware the Subject Property had been vacated," "was deteriorating," and had

16  experienced "ongoing damages")). Finally, Mr. Lindquist has provided a basis for

17  believing that the information sought exists. (*See, e.g.*, Knudsen Decl. Ex. A at 2

18  (confirming existence of unproduced claim file materials and asserting privilege over that

19  material).) Allstate does not argue otherwise but rather asserts that the current record is

20  sufficient to decide its summary judgment motion. (*See* Resp. at 4.)

21  _____

22  the court's earlier order addressing this issue (*see* 8/16/21 Order). If such resolution is not
    possible, however, the parties should raise it with the court as soon as possible.

ORDER - 5

1    Because Mr. Lindquist has made the requisite showing, *see Emps. Teamsters*, 353

2    F.3d at 1129, the only question is whether he has been diligent in his pursuit of discovery,

3    *Burlington N.*, 323 F.3d at 773-74.  The court finds that he has shown sufficient

4    diligence.  (*See* 8/16/21 Order at 13 (ordering Allstate to produce additional material and

5    inviting Mr. Lindquist to seek fees incurred in that dispute); *see also* Knudsen Decl., Exs.

6    A & C (documenting efforts by Mr. Lindquist to obtain discovery).)

7        Thus, the court grants Mr. Lindquist's motion for a continuance and re-notes

8    Allstate's motion for partial summary judgment to Friday, October 29, 2021.  Mr.

9    Lindquist is entitled to file a new response to Allstate's summary judgment motion in

10   accordance with the local rules.  *See* Local Rules W.D. Wash. LCR 7(d)(3).  Likewise,

11   Allstate may file a reply to Mr. Lindquist's new response.  *See id.*

12                          **IV.    CONCLUSION**

13       For the reasons set forth above, the court GRANTS Mr. Lindquist's motion to

14   continue Allstate's motion for partial summary judgment (Dkt. # 74).  The court also

15   DIRECTS the Clerk to re-note Allstate's motion for partial summary judgment (Dkt.

16   # 71) for October 29, 2021.

17       Dated this 13th day of September, 2021.

18

19

20       _____

21       JAMES L. ROBART
         United States District Judge

22