UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY,<br><br>                     Plaintiff,<br><br>    v.<br><br>RANDY LINDQUIST, et al.,<br><br>                     Defendants. | CASE NO. C20-1508JLR<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT RANDY LINDQUIST'S MOTION REGARDING ATTORNEY FEES AND COSTS |

## I. INTRODUCTION

Before the court is Defendant Randy Lindquist's motion regarding attorney fees and costs. (Fee Mot. (Dkt. # 77); Reply (Dkt. # 88).) Allstate Indemnity Company ("Allstate") responds to Mr. Lindquist's motion by seeking a reduction in the amount of Mr. Lindquist's award. (Resp. (Dkt. # 86) at 6.) The court has considered the parties' submissions, the relevant portions of the record, and the applicable law. Being fully

//

ORDER - 1

advised,[1] the court GRANTS in part and DENIES in part Mr. Lindquist's motion and AWARDS him $8,937.50 in attorney fees.

## II. BACKGROUND

Allstate filed this lawsuit against Mr. Lindquist and JPMorgan Chase Bank, N.A. on October 13, 2020. (*See* Compl. (Dkt. # 1).) Allstate seeks declaratory relief establishing that Mr. Lindquist's homeowner's insurance policy does not cover harm to his property that was damaged in a fire on December 25, 2019. (*See id.* ¶¶ 6.1-6.3.) In the course of discovery, a dispute arose between the parties regarding which portions of the claims file should be redacted or withheld by Allstate. (*See* 8/16/21 Order (Dkt. # 73) at 1.) Allstate moved for a protective order that would shield the disputed records from discovery (Mot. for Protective Order (Dkt. # 59)), which Mr. Lindquist opposed (Resp. to Mot. for Protective Order (Dkt. # 63)).

After conducting an *in camera* review of the disputed records, reviewing the parties' briefing, and considering representations made at oral argument, the court ordered Allstate to produce specified portions of the claims file and to review other portions for possible production. (*See* 8/16/21 Order at 6-12.) The court further concluded that "Allstate's failure to produce these materials" in the first instance "was not substantially justified and resulted in unnecessary motion practice." (*Id.* at 13.)

//

//

---

[1] No party has requested oral argument (*see* Fee Mot. at 1; Resp. at 1), and the court concludes that oral argument would not be helpful to its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

Accordingly, the court "invite[d] Mr. Lindquist to file a request for payment of expenses associated with this discovery dispute" by August 30, 2021. (*Id.*)

Mr. Lindquist filed the instant motion on August 26, 2021, and "requests . . . the reasonable attorney fees associated with the" litigation prompted by Allstate's motion for a protective order. (*See* Fee Mot. at 2.) In support, Mr. Lindquist submits declarations from his attorney, Kathryn Knudsen, and itemized billing records for legal services rendered in connection with the dispute. (*See id.* at 2-3; *see also* Knudsen Decl. (Dkt. # 78) at 5-6;[2] Suppl. Knudsen Decl. (Dkt. # 89).) Ms. Knudsen testifies that her colleagues and she expended 20.08 hours in connection with Allstate's motion for a protective order and that "the value of these legal services . . . is $9,853.00." (*See* Knudsen Decl. at 5-6.)

Allstate responds that Mr. Lindquist's fee request should be reduced to $5,136.00 to account for unreasonable time entries, including those that "are duplicative, block billed, vague, and are not supported by any evidence." (*See* Resp. at 6; *see also* O'Neill Decl. (Dkt. # 87) ¶ 9, Ex. F at 5.)

### III.  ANALYSIS

The calculation of an award of reasonable attorney's fees is generally based on the "lodestar" method set forth in *Hensley v. Eckerhart*, 461 U.S. 424 (1983). *See Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). The lodestar is determined by

//

---

[2] Because the sequentially numbered paragraphs in Ms. Knudsen's declaration restart after paragraph 8 on page 4 (*see* Knudsen Decl. at 4-5), the court cites to the Knudsen declaration by page number.

multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley*, 461 U.S. at 433. The resulting figure is presumptively reasonable. *See Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). In calculating the number of hours reasonably expended, the court has discretion to exclude hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. The court has discretion to make small reductions, "no greater than 10 percent," without providing "specific explanation," but must sufficiently explain larger reductions. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

### A. Number of Hours Reasonably Expended

Mr. Lindquist seeks to recover fees for 20.08 hours of work performed by his attorneys and legal assistants. (*See* Fee Mot. at 2-3.) Allstate would reduce Mr. Lindquist's recoverable time to 12.7 hours. (*See* O'Neill Decl. Ex. F at 5; *see also* Resp. at 2-3.) In particular, Allstate argues that Mr. Lindquist seeks credit for an unreasonable number of hours related to his response to Allstate's motion for a protective order. (Resp. at 2-3.) Mr. Lindquist's counsel estimates that researching, outlining, drafting, and revising its 6-page response to Allstate's motion for a protective order took 13.18 hours. (*See* Fee Mot. at 2 (entries on lines 1, 6, 7, 8, 9, and 14).)

Although Mr. Lindquist correctly notes that "proper legal writing takes time" (Reply at 2-3), the court finds that 12 hours was a reasonable amount of time in this instance. Accordingly, the court credits Ms. Knudsen with 11 hours, Isaac Ruiz with 0.5 hours, and Chris Jarman with 0.5 hours for their work preparing Mr. Lindquist's response to Allstate's motion for a protective order.

Allstate further asks the court to reduce Mr. Lindquist's award by striking or reducing other time entries as reflecting intrafirm consultations, block billed time, or redundant tasks. (*See* Resp. at 3-6.) The court does not find any of these arguments to have merit. Each argument is addressed briefly below.

1. Intrafirm Consultations

Allstate contends that the court should "disallow the fees arising from [intrafirm] conferences as . . . duplicative and unnecessary." (*Id.* at 4.) However, "collaborating with others and jointly formulating legal theories is an intrinsic part of litigation success," *Campbell v. Cath. Cmty. Servs. of W. Washington*, No. C10-1579-JCC, 2012 WL 13050592, at *6 (W.D. Wash. Aug. 8, 2012), and the court finds that Mr. Lindquist's entries for time spent on intrafirm consultations are reasonable and recoverable in this instance.

2. Block Billing

Allstate characterizes twelve of Mr. Lindquist's attorneys' time entries as "block billed,"[3] and urges the court to reduce those entries by 20-percent. (*See* O'Neill Decl. Ex. F at 1-5.) Courts do not require attorneys to "record in great detail how each minute of their time is spent on a case," but, rather, need only "enough evidence to show that the effort expended during those hours was reasonable." *See McEuen v. Riverview Bancorp, Inc.*, No. C12-5997RJB, 2014 WL 2197851, at *6 (W.D. Wash. May 27, 2014). The

---

[3] "Block billing is 'the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks.'" *Sierra Club v. BNSF Ry. Co.*, 276 F. Supp. 3d 1067, 1073 (W.D. Wash. 2017) (quoting *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945 n.2 (9th Cir. 2007)).

court finds that the time entries in Mr. Lindquist's motion provide enough information to evaluate the reasonableness of the time expended in this case and so it declines to apply a block billing reduction.

### 3. Redundant Billing

Allstate charges that Mr. Lindquist's counsel seek duplicative fees because both Ms. Knudsen and William C. Smart seek fees for time spent preparing for and attending the May 28, 2021 hearing. (Resp. at 5-6.) Multiple lawyers preparing for and attending the same hearing may, in some cases, amount to an unnecessary duplication of effort, but the court is satisfied that was not the case here. (*See* Reply at 5 (explaining the different roles for Ms. Knudsen and Mr. Smart, each of which required their preparation and attendance).) The court thus finds that any duplication of effort was reasonable and recoverable. *See Moreno*, 534 F.3d at 1112 (noting that reduction is inappropriate where duplication of efforts was necessary to the litigation).

### 4. Billing for Clerical Tasks

Finally, Allstate takes issue with Mr. Ruiz's May 20, 2021 entry in which he seeks credit for 0.5 hours for "Edits to Smart declaration; conference regarding discovery issues." (Resp. at 6.) Allstate contends this amounts to time billed for a clerical task. (*Id.*) As Allstate notes, however, that declaration was struck by the court as improperly filed. (*See* Order Striking Mot. to Compel (Dkt. # 56).) Because the time entry does not pertain to Mr. Lindquist's response to Allstate's motion for a protective order, the court will omit it from its fee award calculation and, accordingly, need not address Allstate's argument that it represents time billed for a clerical task.

1    Accounting for the reductions described above, the court finds that Mr. Lindquist
2    reasonably expended 18.4 hours responding to Allstate's motion for a protective order,
3    attributable to the following individuals:  Ms. Jarman: 0.5 hours; Shannon McKeon: 0.4
4    hours; Ms. Knudsen: 15.7 hours; Mr. Ruiz: 0.5 hours; and Mr. Smart: 1.3 hours.

**B.  Hourly Rates**

Having determined the number of hours for which Mr. Lindquist may recover attorney fees, the court must next determine the hourly rate that will apply.  The established standard when determining a reasonable hourly rate is the "rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of L.A.*, 796 F.2d 1205, 1210-11 (9th Cir. 1986).  For purposes of determining a reasonable hourly rate, the relevant community is the Western District of Washington.  *See Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (holding relevant community is "the forum where the district court sits").  Declarations from attorneys regarding prevailing fees and rate determinations in other cases can provide evidence of the prevailing market rate.  *See United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).  The court may also rely on its own knowledge and experience in determining what rates are reasonable.  *See Salyer v. Hotels.com GP, LLC*, No. C13-1966RSL, 2015 WL 3893079, at *2 (W.D. Wash. June 23, 2015) (citing *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011)).

Mr. Lindquist requests that the court apply an hourly rate of $700.00 for Mr. Smart, $600.00 for Mr. Ruiz, $475.00 for Ms. Knudsen, and $350.00 for legal assistants Ms. McKeon and Ms. Jarman.  (*See* Fee Mot. at 2-3; Knudsen Decl. at 3; Suppl. Knudsen

1 | Decl. ¶ 4.)  Ms. Knudsen testifies that these rates "are reasonable based on the complexity
2 | of this matter and the experience and reputation of Mr. Lindquist's counsel."  (*See*
3 | Knudsen Decl. at 5.)  Allstate challenges only the rates used by Mr. Smart and Ruiz &
4 | Smart PLLC legal assistants as unreasonable.  (*See* Resp. at 6.)

5 |      The court finds that the rates requested by Mr. Smart, Mr. Ruiz, and Ms. Knudsen
6 | are reasonable attorney rates.  *See Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322,
7 | 1326–27 (W.D. Wash. 2009) (finding "$475 to $760 per hour" to be a reasonable rate for
8 | attorneys located in Seattle); (*see also* Knudsen Decl. ¶ 8(c), Ex. C (Am. Mem. of
9 | Decision at 10 n.7, *Nikfard v. State farm Fire and Casualty Co.*, C19-6001RSL (W.D.
10 | Wash. Aug. 16, 2021) (Dkt. # 122) (finding rates used by Mr. Ruiz and Ms. Knudsen
11 | reasonable)); Suppl. Knudsen Decl. ¶ 3, Ex. B ¶ 1 (attaching King County Superior Court
12 | order finding Mr. Smart's hourly rate reasonable).)  With respect to time expended by
13 | legal assistants Ms. McKeon and Ms. Jarman, however, the court will apply a rate of
14 | $300.00 per hour, and not the $350.00 per hour rate requested by Mr. Lindquist.  (*See*
15 | Knudsen Decl. ¶ 3, Ex. D ¶ 15 (describing $300.00 as "on the higher end of the paralegal
16 | rates . . . in Seattle").)

17 |     **C.  Attorney Fees Calculation**

18 |      Mr. Lindquist requests attorney fees for 20.08 hours of work in the amount of
19 | $9,853.00.  (Knudsen Decl. at 5-6.)  As explained above, the court reduces that time
20 | estimate to 18.4 hours, attributable to the following timekeepers:  Ms. Jarman: 0.5 hours;
21 | Ms. McKeon: 0.4 hours; Ms. Knudsen: 15.7 hours; Mr. Ruiz: 0.5 hours; and Mr. Smart:
22 | 1.3 hours.  *See supra* at 7.  The court will also reduce the hourly rate for Ms. Jarman and

Ms. McKeon to $300.00 per hour. *See supra* at 8. Using the lodestar method, the court finds that Mr. Lindquist's counsel are entitled to the following fees:

- Ms. Jarman: $300.00 hourly rate * 0.5 hours = $150.00
- Ms. McKeon: $300.00 hourly rate * 0.4 hours = $120.00
- Ms. Knudsen: $475.00 hourly rate * 15.7 hours = $7,457.50
- Mr. Ruiz: $600.00 * 0.5 hours = $300.00
- Mr. Smart: $700.00 * 1.3 hours = $910.00
- Total = $8,937.50.

**D. COSTS**

Mr. Lindquist titled his motion as a "Motion Regarding Attorney Fees and Costs" (Fee Mot. at 1), but he does not request reimbursement for any costs (*see generally id.*). The court therefore DENIES this request as moot.

### IV. CONCLUSION

For the foregoing reasons, the court GRANTS in part and DENIES in part Mr. Lindquist's motion (Dkt. # 77). Specifically, the court (1) GRANTS Mr. Lindquist's request for attorney fees and AWARDS $8,937.50 and (2) DENIES Mr. Lindquist's request for costs as moot.

Dated this 16th day of September, 2021.

JAMES L. ROBART
United States District Judge