UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>RANDY LINDQUIST, et al.,<br><br>Defendants. | CASE NO. C20-1508JLR<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

## I.   INTRODUCTION

Before the court is Plaintiff Allstate Indemnity Company's ("Allstate") motion for reconsideration of the court's January 31, 2022 order (1/31/222 Order (Dkt. # 128)). (Reconsideration Mot. (Dkt. # 129).) Having considered the motion, the relevant portions of the record, and the applicable law, the court DENIES Allstate's motion.[1] The

---

[1] Allstate does not request oral argument (Reconsideration Mot. at 1), and the court concludes that oral argument would not be helpful to its disposition of this motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

ORDER - 1

court additionally corrects a clerical error in its January 31, 2022 order *sua sponte* pursuant to Federal Rule of Civil Procedure 60(a).  *See infra* at 7.

## II.   ANALYSIS

Allstate asks the court to reconsider its January 31, 2022 order compelling Allstate to produce certain claim file notations to Defendant Randy Lindquist, which Allstate contends erroneously concluded "that Allstate's litigation analysis and strategy related to evaluation and damages after the filing of the instant declaratory relief action[] is not privileged or protected, and is in fact discoverable." (Reconsideration Mot. at 2.) Allstate additionally requests, in the alternative, that the court certify an interlocutory appeal of its January 31, 2022 order so that Allstate may seek review of the court's discovery rulings before the Ninth Circuit.  (*Id.* at 4.)  The court first considers Allstate's motion for reconsideration before turning to address its request for certification of an interlocutory appeal.

**A.   Allstate's Motion for Reconsideration**

Motions for reconsideration are disfavored, and the court will ordinarily deny such motions unless the moving party shows (a) manifest error in the prior ruling, or (b) new facts or legal authority which could not have been brought to the attention of the court earlier and through reasonable diligence.  Local Rules W.D. Wash. LCR 7(h)(1).

Allstate presents no new facts or legal authority in its reconsideration motion that could not have been brought to the court's attention earlier with reasonable diligence. (*See generally* Reconsideration Mot.)  Indeed, Allstate asks the court to reconsider its prior ruling based on the same arguments it has advanced throughout this discovery

1 | dispute including, primarily, its overarching contention "that the commencement of the
2 | filing of the declaratory complaint on 10/13/20[] constitutes the privileged date, and that
3 | anything created thereafter was prepared in anticipation of litigation." (*Id.* at 3.) The
4 | court has previously rejected that argument. (*See* 11/1/21 Order (Dkt. # 107) at 7-10;
5 | 8/16/21 Order (Dkt. # 73) at 11.)

6 |       Allstate's assertion that the court's January 31, 2022 order "is directly contrary" to
7 | *Schreib v. American Family Mutual Insurance Company* also provides no basis for
8 | reconsideration. (*See* Reconsideration Mot. at 2 (citing *Schreib v. Am. Fam. Mut. Ins.*
9 | *Co.*, 304 F.R.D. 282, 286 (W.D. Wash. 2014)).) In *Schreib*, the court concluded that loss
10 | reserve documents created after the insurer had received an Insurance Fair Conduct Act
11 | ("IFCA") notice from the insured "reflect[ed] evaluations of the potentially impending
12 | litigation," and therefore did not need to be produced in discovery. *See Schreib*, 304
13 | F.R.D. at 286. It did so, however, only after the insurer demonstrated that the documents
14 | "included a 'calculation of risk predicated upon the claim being placed into suit.'"
15 | *Schreib*, 304 F.R.D. at 286 (expressly stating that the insurer's receipt of the IFCA notice
16 | "does not end the inquiry" because loss reserves are also prepared in the ordinary course
17 | of business).

18 |       Allstate has never made a comparable attempt to, for example, distinguish
19 | investigative efforts it undertook to support its litigation from those it had to take as part
20 | of its coverage assessment. (*See, e.g.*, Resp. (Dkt. # 97) at 9 (relying on broad assertions
21 | that all documents created after the lawsuit was filed are not "in the same or similar
22 | form" as they would be if litigation had not commenced); *see also* Reconsideration Mot.

at 4.) To the contrary, and notwithstanding Allstate's boilerplate assertions of protection, the court found after reviewing the claim file notations *in camera* that the investigation-related entries likely would have "been created in substantially similar form" in the absence of litigation and are, therefore, not protected work product. *See Gamble v. State Farm Mutual Auto. Ins. Co.*, No. C19-5956RJB, 2020 WL 4193217, at *3 (W.D. Wash. July 20, 2020); (1/31/22 Order at 3).

If Allstate believes there are important subtleties in the claim file notations that the court has failed to appreciate, it has missed its opportunity to explain their significance. From its privilege log to its current motion, Allstate has consistently relied on a broad claim of absolute protection based on the date it filed its complaint.[2] (*See* 11/1/21 Order at 12; *see also* O'Neill Decl. (Dkt. # 98) ¶ 6, Ex. D at 14 (explaining in its privilege log that Allstate 000591-634 were withheld as "[c]laims materials dated post the filing of the instant lawsuit"); Reconsideration Mot. at 2.) It has done so despite the court's warning that "when the documents were created is not necessarily the operative question to determine whether they are protected." (8/16/21 Order at 11.) The result is that the court has been left largely to its own devices to discern the significance, or lack thereof, of each claim file notation. (*See* 1/31/22 Order at 4 (lamenting that Allstate "declined to offer any document-specific context or arguments that might have informed the court's *in camera* review").)

//

---

[2] Previously, Allstate urged the court to accept the date Mr. Lindquist retained counsel as the date its claim file notations became absolutely protected from discovery. (*See* 8/16/21 Order at 11.)

ORDER - 4

1    Additionally, the court is unpersuaded by Allstate's assertion that the January 31,
2    2022 order will allow Mr. Lindquist to continue supplementing his discovery requests
3    "up through trial." (Reconsideration Mot. at 2.) The January 31, 2022 order is narrow
4    and applies solely to the disputed claim file entries submitted for the court's *in camera*
5    review. (*See* 1/31/22 Order at 1, 6-7.) It does nothing to disturb the scheduling order in
6    this matter, which requires discovery to be completed by April 18, 2022. (*See* Sched.
7    Order (Dkt. # 30).) The court expects the parties to comply with that deadline, which—
8    absent good cause—will not be extended. *See* Local Rules W.D. Wash. 16(b). "Mere
9    failure to complete discovery within the time allowed [will] not constitute good cause for
10    an extension or continuance." *Id.*

11    Accordingly, Allstate's motion for reconsideration is DENIED.

12  **B.    Certification for Interlocutory Appeal**

13    In the alternative, Allstate asks the court to certify an interlocutory appeal of the
14    January 31, 2022 order. (Reconsideration Mot. at 4.) Under 28 U.S.C. § 1292(b), a
15    district court may certify for appeal "an order not otherwise appealable" in a civil action
16    where it finds "that such order involves a controlling question of law as to which there is
17    substantial ground for difference of opinion and that an immediate appeal from the order
18    may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).
19    Interlocutory appeals are to be certified "only in exceptional situations" where
20    certification will help "avoid protracted and expensive litigation." *In re Cement Antitrust*
21    *Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1982); *Trident Seafoods Corp. v.*
22    //

1   *Commonwealth Ins. Co.*, No. C10-0214RAJ, 2012 WL 13028551, at *2 (W.D. Wash.
2   Mar. 23, 2012).

3       Allstate does not identify the discrete question of law it wishes to appeal but rather
4   seeks review of the court's application of well-established discovery standards to the
5   documents it reviewed *in camera*. (*See* Reconsideration Mot. at 4; *see also id.* at 1
6   (characterizing the court's holding).) Regardless of whether the court's January 31, 2022
7   order "could materially affect the outcome of litigation," *In re Cement Antitrust Litig.*,
8   673 F.2d at 1026, that order represents "an application of law to a particular set of facts"
9   and thus does not qualify for interlocutory appeal under 28 U.S.C. § 1292(b), which
10   requires "a pure question of law," *Bluetooth SIG, Inc. v. FCA US LLC*, No. C18-
11   1493RAJ, 2021 WL 1922975, at *1 (W.D. Wash. May 13, 2021); *Drummond Co., Inc. v.
12   Conrad & Scherer, LLP*, 885 F.3d 1324, 1336 (11th Cir. 2018); *Ahrenholz v. Bd. of
13   Trustees of Univ. of Ill.*, 219 F.3d 674, 677 (7th Cir. 2000). Moreover, certifying an
14   appeal of that issue would likely increase—not avoid—the extent and expense of this
15   litigation. *See In re Cement Antitrust Litig.*, 673 F.2d at 1026.

16       Accordingly, Allstate's request for certification of an interlocutory appeal under
17   28 U.S.C. § 1292(b) is DENIED.

### III. CONCLUSION

19       For the reasons given above, the court DENIES Allstate's motion for
20   reconsideration and DENIES its request for certification of an interlocutory appeal (Dkt.
21   # 129).

22   //

Additionally, the court corrects a clerical error in its January 31, 2022 order (Dkt. # 128) *sua sponte* pursuant to Federal Rule of Civil Procedure 60(a). On page 6, line 17 the court indicated that Allstate should produce all entries dated 11/16/20. (1/31/22 Order at 6.) This was a clerical error. In keeping with the court's reasoning in that order (*id.* at 5), the court intended to instruct Allstate to produce the 11/16/20 entries at 4:01pm, 6:20pm, and 6:21pm on Allstate 000612-613. The court did not intend to instruct Allstate to produce the 11/16/20 entry at 3:53pm on Allstate 000612. The court will issue an amended order remedying this error.

Dated this 9th day of February, 2022.

JAMES L. ROBART
United States District Judge