UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY, | CASE NO. C20-1508JLR |
| Plaintiff, | AMENDED ORDER |
| v. | |
| RANDY LINDQUIST, et al., | |
| Defendants. | |

## I.   INTRODUCTION

Before the court are portions of the claim file for Defendant Randy Lindquist that Plaintiff Allstate Indemnity Company ("Allstate") withheld or redacted because they were created after Allstate initiated this action on October 13, 2020.  (*See* 11/1/21 Order (Dkt. # 107) at 13-14.)  After briefing by the parties on Mr. Lindquist's motion to compel, the court ordered Allstate to provide the disputed entries to the court for *in camera* review to determine whether they should be produced.  (Mot. (Dkt. # 95); Resp.

1   (Dkt. # 97); Reply (Dkt. # 99); 11/1/21 Order at 13-14.)  The court now addresses the

2   issue of which, if any, of Allstate's withheld or redacted entries should be produced to

3   Mr. Lindquist.  The court has reviewed the portions of the claim file at issue and, based

4   on its *in camera* review and the parties' prior submissions, ORDERS Allstate to produce

5   the claim file entries identified below in the manner described in this order.

6   ## II.   ANALYSIS

7           In conducting its *in camera review*, the court begins with the presumption that

8   "there is no attorney-client privilege relevant between the insured and the insurer in the

9   claims adjusting process, and that the attorney-client and work product privileges are

10  generally not relevant."  *Cedell v. Farmers Insurance Co.*, 295 P.3d 239, 246 (Wash.

11  2013).  *Cedell*'s presumption applies regardless of whether litigation has commenced, or

12  not.  (*See* 11/1/21 Order at 3-4.)  The presumption is overcome where it is clear that the

13  disputed documents do not reflect "the quasi-fiduciary tasks of investigating and

14  evaluating or processing the claim," but rather pertain to the insurer's assessment of "its

15  own potential liability; for example, whether or not coverage exists under the law."

16  *Cedell*, 295 P.3d at 246; *Anderson v. Country Mut. Ins. Co.*, No. C14-0048JLR, 2014 WL

17  4187205, at *3 (W.D. Wash. Aug. 25, 2014) (noting that, "as a general matter, there will

18  likely be no privilege for a lawyer investigating facts to reach a coverage decision, but

19  there likely will be a privilege for a lawyer giving an insurer strictly legal advice about

20  potential liability that could result from a coverage decision or some other course of

21  action").

22  *//*

ORDER - 2

1        *Cedell* does not apply to an insurer's withholding of documents under the work

2   product doctrine in federal court, however.  *See MKB Constructors v. Am. Zurich Ins.*

3   *Co.*, No. C13-0611JLR, 2014 WL 2526901, at *8 (W.D. Wash. May 27, 2014).  Rather,

4   "the work product doctrine is a procedural immunity governed by the Federal Rules of

5   Civil Procedure, specifically Rule 26(b)(3)."  *Id.*  Where a document is withheld on that

6   basis, the court asks whether the document was prepared in anticipation of litigation or

7   for trial.  *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 576 (9th Cir. 1992).

8   If it was, the court considers "the totality of the circumstances" to determine whether the

9   disputed document "was created because of anticipated litigation[] and would not have

10  been created in substantially similar form but for the prospect of litigation."  *Gamble v.*

11  *State Farm Mutual Auto. Ins. Co.*, No. C19-5956RJB, 2020 WL 4193217, at *3 (W.D.

12  Wash. July 20, 2020); *see also Johnson v. Allstate Prop. & Cas. Ins. Co.*, No.

13  C14-5064KLS, 2014 WL 4293967, at *6 (W.D. Wash. Aug. 29, 2014) (noting that "[t]he

14  'because of' standard does not consider whether litigation was a primary or secondary

15  motive behind the creation of a document").

16        Thus, after completing its *in camera* review, the court will order production of

17  communications that show the investigation of facts "to reach a coverage decision,"

18  *Anderson*, 2014 WL 4187205, at *3, and work product that would "have been created in

19  substantially similar form" notwithstanding "the prospect of litigation," *Gamble*, 2020

20  WL 4193217, at *3.  Because Allstate opposes production of the disputed claim file

21  entries, it bears the burden of showing that a privilege or protection applies.  *United*

22  *States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011).

**A.     Redacted and Withheld Documents**

Allstate withheld or redacted the disputed claim file entries only on the basis that an absolute privilege shielded entries created after the commencement of litigation.  (*See* 11/1/21 Order at 12; *see also generally* Resp.; O'Neill Decl. (Dkt. # 98) ¶ 6, Ex. D at 14 (explaining in its privilege log that Allstate 000591-634 were withheld as "[c]laims materials dated post the filing of the instant lawsuit").)  Because Allstate took that view, it declined to offer any document-specific context or arguments that might have informed the court's *in camera* review.  In any event, in the court's estimation, the claim file entries Allstate seeks to keep from Mr. Lindquist can be grouped into three categories of entries:  (1) entries reflecting emails from Allstate's counsel regarding draft pleadings or Allstate's response to Mr. Lindquist's Insurance Fair Conduct Act ("IFCA") letter (*see, e.g.*, Allstate 000591-597, 000621); (2) automatically generated notations alerting Allstate employees to the arrival of new correspondence or reminding them of the periodic need to "[r]eview the claim to determine if [it is] pending appropriately" (*see, e.g.*, Allstate 000598); and (3) entries relating to Allstate's investigation of Mr. Lindquist's property, including invoices submitted by outside investigators it hired for that purpose (*see, e.g.*, Allstate 000601-602, 000623-625).

None of the disputed entries containing communications from Allstate's counsel in this matter appear to depict quasi-fiduciary activities or contain work product that would have been created in the absence of the litigation.  Accordingly, the court finds that Allstate appropriately withheld or redacted those entries and does not compel their disclosure.  *See Cedell*, 295 P.3d at 246; *Gamble*, 2020 WL 4193217, at *3; *Hopkins v.*

1    *State Farm Mut. Auto. Ins. Co.*, No. C15-2014JCC, 2016 WL 7103505, at *3 (W.D.

2    Wash. Dec. 6, 2016) (finding that attorney-client communications regarding a response to

3    an IFCA letter were not quasi-fiduciary tasks and were protected).  Conversely, none of

4    the withheld or redacted entries containing automatically generated notations appear to

5    have anything at all to do with privileged communications or work product created to

6    support the litigation.  Rather, they appear to have been "created in the ordinary course of

7    business and therefore are not protected by the work product doctrine."  *Westridge*

8    *Townhomes Owners Ass'n v. Great Am. Assurance Co.*, No. C16-1011RSM, 2018 WL

9    993962, at *1 (W.D. Wash. Feb. 21, 2018).

10           The final category, which contains entries related to Allstate's investigation of law

11    enforcement reports documenting vandalism and trespass-related damage on Mr.

12    Lindquist's property, presents the closest call.  On the one hand, Allstate has used the

13    findings from these investigations to support its arguments in this litigation.  (*See, e.g.*,

14    Allstate MSJ (Dkt. # 71) at 4-5 (citing law enforcement reports documenting damage to

15    Mr. Lindquist's property).)  On the other hand, the extent to which Mr. Lindquist's

16    property was damaged by vandals and trespassers prior to the December 2019 fire is a

17    question that goes directly to whether coverage applies.  To answer that question, Allstate

18    might have tasked investigators to generate the reports reflected in these claim file entries

19    irrespective of litigation—that is, in the "in the ordinary course of business."  *See*

20    *Westridge Townhomes Owners Ass'n*, 2018 WL 993962, at *1; *see also Bagley v.*

21    *Travelers Home & Marine Ins. Co.*, No. C16-0706JCC, 2016 WL 4494463, at *2 (W.D.

22    Wash. Aug. 25, 2016) (finding it "easy to imagine many scenarios in which an insurance

company continues to adjust a claim after suit is filed").  Accordingly, taking into

account "the totality of the circumstances," the court finds that the investigation-related

claim file entries likely would have "been created in substantially similar form"

notwithstanding this litigation and are, therefore, not protected work product.  *See*

*Gamble*, 2020 WL 4193217, at *3.

Based on the foregoing legal standards, the parties' submissions, and the court's *in*

*camera* review, the court ORDERS Allstate to produce to Mr. Lindquist the following

documents in the manner indicated.  Allstate shall do so within seven (7) days of the

filing of this order.[1]

| Document ID | Alteration(s) |
|---|---|
| Allstate 001263 | Remove redactions for 4/13/2021 entries. |
| Allstate 001304 | No revisions needed.  Allstate may leave redactions in place for Allstate 001304. |
| Allstate 000591-634 | Produce entries bearing the following date stamps without redaction: <br> 10/16/2020 (Allstate 000598); <br> 10/26/2020 at 5:56pm (Allstate 000601-602); <br> 10/29/2020 at 4:04pm (Allstate 000604); <br> 11/4/2020 at 12:39pm, 12:51pm, 2:31pm, 2:54pm, and 4:59pm (Allstate 000607-608); <br> 11/16/2020 4:01pm, 6:20pm, 6:21pm (Allstate 000612-613);[2] <br> 12/2/2020 (Allstate 000623-625); |

---

[1] Where the court has indicated a date but not a time stamp, Allstate shall produce all entries for that date.  Where a time stamp applies to multiple entries, Allstate shall produce all applicable entries.

[2] The court amends its previous  order (*see* 1/31/22 Order (Dkt. # 128)) to clarify that Allstate may withhold the 11/16/2020 3:53pm entry on Allstate 000612.

| | 12/3/2020 (Allstate 000625); |
|---|---|
| | 12/4/2020 at 10:15am (Allstate 000626); |
| | 12/7/2020 (Allstate 000626); |
| | 12/8/2020 at 9:49am, 11:11am, 12:08pm, 2:43pm, 3:01pm, 4:32pm, 4:36pm, 4:44pm, 4:45pm, 5:04pm, and 8:51pm (Allstate 00626-628); |
| | 12/9/2020 at 12:06pm, 12:07pm, 12:34pm, and 12:36pm (Allstate 00628); |
| | 12/10/20 at 3:43pm, 3:49pm, 3:50pm, 3:51pm, 3:54pm, and 8:48pm (Allstate 00628-629); |
| | 12/11/20 (Allstate 00629); |
| | 12/14/2020 at 2:48pm, and 3:43pm (Allstate 000631-632); and |
| | 12/15/2020 (Allstate 000634). |
| Allstate 001264-1266 | Produce entries bearing the following date stamps without redaction: |
| | 4/13/2021 at 11:41am, 11:42am, 11:43am, and 11:44am (Allstate 001264). |

## B.     Mr. Lindquist's Request for Sanctions

The court now turns to address Mr. Lindquist's request for the court to sanction Allstate by awarding his counsel fees for discovery-related work from July 15, 2021, to present and ordering Allstate to pay sanctions in the amount of $50,000.  (Mot. at 11.) Under Federal Rule of Civil Procedure 37, if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless "the opposing party's nondisclosure, response, or objection was substantially justified."  Fed. R. Civ. P. 37(a).

1    "[S]ubject to certain limitations," the court may also "impose a wide range of

2    sanctions" including monetary fines, "if a party fails to comply with a discovery order."

3    *United States v. Nat'l Med. Enterprises, Inc.*, 792 F.2d 906, 910 (9th Cir. 1986)

4    (affirming $3,000 sanction); Fed. R. Civ. P. 37(b)(2)(C).  In particular, the sanction

5    imposed for non-compliance with a discovery order must be just and "specifically

6    relate[d] to the particular claim at issue in the order."  *Nat'l Med. Enterprises, Inc.*, 792

7    F.2d at 910.  The court's "determination that an order was not complied with is entitled to

8    considerable weight because the [court] is best equipped to assess the circumstances of

9    the noncompliance."  *Id.* at 911.

10          This order, as well as the order and motions practice preceding it, is the result of

11   Allstate's insistence that claim file entries created after the commencement of litigation

12   enjoy absolute protection from disclosure.  (*See* Resp. at 3; *see also* 11/1/21 Order at 10.)

13   Because Allstate took that view, it seemingly took no steps to review claim file entries

14   created after October 13, 2020, despite having been ordered "to review the portions of the

15   claim file created after June 18, 2020," and to do so bearing in mind that "when the

16   documents were created is not necessarily the operative question to determine whether

17   they are protected."  (8/16/21 Order (Dkt. # 73) at 11-13; 11/1/21 Order at 12-13.)

18          Although the court finds that Allstate was justified in withholding or redacting

19   some of the claim file entries it refused to produce to Mr. Lindquist, the court has also

20   identified many instances in which claim file entries were improperly withheld or

21   redacted.  *See supra* at 6-7.  Given the role Allstate's apparent disregard of the court's

22   August 16, 2021 order played in its erroneous production decision, the court concludes

1    that Allstate's failure to produce the disputed claim file entries was not substantially

2    justified and resulted in unnecessary motions practice.  The court therefore invites Mr.

3    Lindquist to file a request for payment of the expenses reasonably incurred by his counsel

4    in preparing the motion to compel (Dkt. # 95) and reply thereto (Dkt. # 99).

5          The court has previously ordered Allstate to pay the expenses incurred by Mr.

6    Lindquist's counsel in connection with Allstate's failure to disclose claim file material.

7    (*See* 9/16/21 Order (Dkt. # 91).)  Thus, it appears that, in addition to payment of Mr.

8    Lindquist's attorney's fees, a more potent sanction is necessary to encourage Allstate and

9    its counsel to meet their discovery obligations and to deter them from ignoring the court's

10   orders.  Accordingly, the court will, after further briefing by the parties, consider

11   imposing sanctions against Allstate and its counsel in the amount of $50,000, less the

12   expenses Mr. Lindquist's counsel reasonably incurred in the course of this discovery

13   dispute.

14                        **III.   CONCLUSION**

15         Based on the foregoing, Allstate is ORDERED to produce the portions of the

16   claim file identified above to Mr. Lindquist within seven (7) days of the filing of this

17   order.  Additionally, Mr. Lindquist is ORDERED to submit within ten (10) days of the

18   filing of this order a motion for expenses and sanctions that includes:  (1) an accounting

19   of all expenses his counsel reasonably incurred in preparing his motion to compel (Dkt.

20   # 95) and reply thereto (Dkt. # 99); and (2) arguments that he has, if any, justifying

21   sanctions against Allstate and its counsel in the amount of $50,000, less the expenses

22   //

1   reasonably incurred by Mr. Lindquist's counsel in connection with his motion to compel.

2   Mr. Lindquist's motion shall be noted in accordance with the Local Rules.

3           Dated this 9th day of February, 2022.

4

5   _____

6   JAMES L. ROBART
    United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 10