UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY,<br><br>                Plaintiff,<br><br>   v.<br><br>RANDY LINDQUIST, et al.,<br><br>                Defendants. | CASE NO. C20-1508JLR<br><br>ORDER |

      This order memorializes the court's March 21, 2022, oral ruling on Defendant JPMorgan Chase Bank, N.A.'s ("Chase") motion for an order protecting it from Plaintiff Allstate Indemnity Company's ("Allstate") Rule 30(b)(6) deposition notice and document requests. (*See* Chase Ltr. Br. (Dkt. # 156); Allstate Ltr. Br. (Dkt. # 157).) The court considered the parties' letter briefs, the relevant portions of the record, and the applicable law. In addition, the court held a hearing on March 21, 2022, at which counsel for Chase and Allstate argued their respective positions. (3/21/22 Min. Entry (Dkt. # 158).)

ORDER - 1

On March 3, 2022, Allstate served Chase with a Rule 30(b)(6) deposition notice and request for production of documents concerning Chase's "duties and obligations to insurers, including Allstate, trainings, policies and procedures regarding change in risk/vacancy"; "payments including premium payments and calculation of payoffs"; and "the halted foreclosure and agreements between [Mr.] Lindquist and Chase." (*See* Allstate Ltr. Br. at 2.) Allstate contends this discovery might reveal that "Chase specifically misrepresented in its Motion for Summary Judgment that it has not [sic] duty to Allstate" to report changes in the vacancy status of Plaintiff Randy Lindquist's house. (*See id.* at 1-2.) Thus, according to Allstate, the discovery will "advise the [c]ourt whether a motion for reconsideration" of the court's January 18, 2022 order granting Chase's motion for summary judgment "would be appropriate." (*Id.* at 2; *see* 1/18/22 Order (Dkt. # 126).)

As stated on the record, the court concludes that Allstate's proposed discovery would not support a reconsideration motion because Allstate has failed to demonstrate that any facts it might discover from Chase could not have been obtained earlier through "reasonable diligence." *See* Local Rules W.D. Wash. LCR 7(h)(1). Additionally, Allstate's desired fact discovery would have no legal effect on the validity of the January 18, 2022 order, which granted summary judgment to Chase based on the meaning of an endorsement in the at-issue insurance policy. (*See* 1/18/22 Order at 15 (holding that a "Lender's Loss Payable Endorsement would provide coverage to Chase even if Chase had intentionally concealed facts about [Mr. Lindquist's] occupancy status to Allstate in breach of some [p]olicy provision").)

For the foregoing reasons, as well as those stated on the record at the hearing, the court GRANTS Chase's motion for a protective order (Dkt. # 156). Chase need not prepare a witness to appear for a Rule 30(b)(6) deposition or respond to Allstate's request for production of records.

Dated this 22nd day of March, 2022.

_____
JAMES L. ROBART
United States District Judge