UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALLSTATE INDEMNITY COMPANY,

Plaintiff,

v.

RANDY LINDQUIST, et al.,

Defendants.

CASE NO. C20-1508JLR

ORDER

## I. INTRODUCTION

Before the court is Defendant Randy Lindquist's motion regarding attorney fees and sanctions. (Mot. (Dkt. # 132); Reply (Dkt. # 145).) Plaintiff Allstate Indemnity Company ("Allstate") opposes the motion. (Resp. (Dkt. # 142).) The court has considered the parties' submissions, the relevant portions of the record, and the

//

//

applicable law. Being fully advised,[1] the court GRANTS in part and DENIES in part Mr. Lindquist's sanctions motion.

## II. BACKGROUND

The pertinent facts of this case and the parties' dispute over Allstate's claim file are well-established at this point. Allstate filed this lawsuit against Mr. Lindquist and JPMorgan Chase Bank, N.A. on October 13, 2020. (*See* Compl. (Dkt. # 1).) Allstate seeks declaratory relief establishing that Mr. Lindquist's homeowner's insurance policy does not cover harm to his property that was damaged in a fire on December 25, 2019. (*See id.* ¶¶ 6.1-6.3.) In the course of discovery, a dispute arose between Allstate and Mr. Lindquist regarding the extent to which Allstate may redact or withhold entries contained in its claim file. (*See* 8/16/21 Order (Dkt. # 73) at 1.)

After conducting an *in camera* review, the court ordered Allstate to produce certain claim file documents and to review for production the more than "300 pages of the claim file" that Allstate had withheld under a claim of absolute privilege "because they were created after June 18, 2020, the date Mr. Lindquist's counsel sent Allstate a letter of representation." (*Id.* at 11.) The court cautioned Allstate that "when the documents were created is not necessarily the operative question to determine whether they are protected." (*Id.*) After further briefing, the court also awarded Mr. Lindquist's

//

//

[1] Neither party requests oral argument (*see* Mot. at 1; Resp. at 1), and the court concludes that oral argument would not be helpful to its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

counsel the fees incurred in securing the release of those claim file materials. (*See* 9/16/21 Order (Dkt. #91).)

Not even a month later, the parties brought a different version of the same dispute before the court. This time, Allstate was insisting that claim file entries created after October 13, 2020, the date it initiated this case, were subject to absolute protection. (*See* 9/20/21 Minute Entry.) Mr. Lindquist moved to compel production of those claim file entries and requested attorney's fees for his troubles, as well as a $50,000 sanction against Allstate. (*See* 11/1/21 Order (Dkt. # 107) at 1.) The court ordered Allstate to produce the disputed post-October 13, 2020 claim file entries for *in camera* review but deferred "judgment on the propriety and amount of sanctions and fees until after" it had reviewed the claim file entries. (*Id.* at 13.)

After completing its review of the post-October 13, 2020 claim file entries, the court found that "Allstate was justified in withholding or redacting some of the claim file entries it refused to produce to Mr. Lindquist," but "also identified many instances in which claim file entries were improperly withheld or redacted." (1/31/22 Order (Dkt. # 128) at 8.) The court concluded that the erroneously withheld or redacted claim file entries were attributable to "Allstate's apparent disregard of the court's August 16, 2021 order," not substantially justified, and resulted in unnecessary motions practice. (*See id.*) Accordingly, the court invited the parties to submit the instant briefing discussing whether it should sanction "Allstate and its counsel in the amount of $50,000, less the expenses Mr. Lindquist's counsel reasonably incurred in the course of this discovery dispute." (*Id.* at 9.)

## III. ANALYSIS

Mr. Lindquist asks the court to order Allstate to pay $50,000, consisting of (1) $10,532.50 in attorney's fees for 21.7 hours of work on this discovery dispute; and (2) $39,467.50 in sanctions for discovery misconduct. (Mot. at 7.) Allstate urges the court to deny the motion because it was "mostly successful" in opposing Mr. Lindquist's motion to compel and was "substantially justified" in withholding the materials the court ultimately ordered it to produce. (Resp. at 7.) Allstate also moves to strike Exhibit B to the declaration of Mr. Lindquist's counsel, Kathryn Knudsen. (*See* Resp. at 5 n.4; *see also* Knudsen Decl. (Dkt. # 133) ¶ 3, Ex. B.) After addressing Allstate's motion to strike, the court turns to consider whether Mr. Lindquist's counsel has sought a reasonable amount of attorney's fees, whether further monetary sanctions against Allstate are warranted, and, if they are, what amount is reasonable to impose.

### A. Allstate's Motion to Strike

Allstate moves to strike Exhibit B to Ms. Knudsen's declaration, which contains "a list of cases pending for [Allstate's counsel], Rory Leid, in the Western District of Washington" (Knudsen Decl. ¶ 3). (*See* Resp. at 5 n.4.) Allstate argues that this exhibit "essentially asks this [c]ourt to draw a negative inference based upon Counsel's law practice," which it contends "is improper." (*Id.*) Because the court has not considered the contents of Exhibit B to Ms. Knudsen's declaration in deciding the instant motion, Allstate's motion to strike is DENIED as moot. *See Convoyant LLC v. DeepThink, LLC*, No. C21-0310JLR, 2021 WL 5810638, at *3 (W.D. Wash. Dec. 7, 2021) (denying

//

motion to strike a declaration as moot where the court did "not consider" the contents of the declaration in ruling on the motion the declaration supported).[2]

**B. Mr. Lindquist's Request for Attorney's Fees**

Mr. Lindquist requests an award of $10,532.50 in attorney's fees based on the 21.7 hours his counsel spent working on his motion to compel (MTC (Dkt. # 95)), reply thereto (MTC Reply (Dkt. # 99)), and in the preparation of the instant motion. (Mot. at 6-7.) Allstate does not specifically address the reasonableness of the hourly rate or overall fee award requested by Mr. Lindquist's counsel but rather argues that sanctions of any sort are unwarranted based on its discovery conduct. (*See generally* Resp.)

Under Rule 37, if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless "the opposing party's nondisclosure, response, or objection was substantially justified." Fed. R. Civ. P. 37(a)(5).

Courts calculate reasonable attorney's fees by finding the "lodestar," which is calculated by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Fischer v.*

---

[2] Mr. Lindquist also dedicates considerable space to document Allstate's purported "playbook of obstruction" and highlighting Allstate's litigious reputation. (*See* Mot. at 4-6; Reply at 4-5.) Although evidence showing a broad pattern of abusive conduct in discovery might be relevant to a court's consideration of whether a particular sanction will have a desired deterrent effect, the court has based its analysis below on Allstate's adherence to the court's discovery orders in this litigation and not on any broader pattern of abusive conduct.

*SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). The resulting figure is presumptively reasonable. *See Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). The court has discretion to exclude hours that are "excessive, redundant, or otherwise unnecessary," *Hensley*, 461 U.S. at 434, and may make small reductions without providing "specific explanation," *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). Reductions that exceed ten percent must be sufficiently explained, however. *See id.* The court calculates the reasonable hourly rate by looking to the rate prevailing in the Western District of Washington "for similar work performed by attorneys of comparable skill, experience, and reputation." *See Chalmers v. City of L.A.*, 796 F.2d 1205, 1210-11 (9th Cir. 1986); *see also Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (holding relevant community is "the forum where the district court sits").

The court previously found that "Allstate was justified in withholding or redacting some of the claim file entries it refused to produce to Mr. Lindquist," but that the entries it erroneously withheld or redacted were not substantially justified because they were attributable to "Allstate's apparent disregard of the court's August 16, 2021 order." (2/9/22 Am. Order (Dkt. # 131) at 9.[3]) The court has also previously concluded that the hourly rates requested by Mr. Lindquist's counsel are reasonable and concludes that they remain so for purposes of this motion. (*See* 9/16/21 Order at 8 (approving a $475.00

//

---

[3] Put in quantifiable terms, Allstate was compelled to produce an additional 71 claim file entries of the 180 post-October 13, 2020 entries that the court reviewed *in camera* (*see* 2/9/22 Am. Order at 6-7) or, in Allstate's preferred units, 20 of 49 pages of materials (*see* Resp. at 9).

hourly rate for Kathryn Knudsen and a $700.00 hourly rate for William C. Smart).)

Finally, after reviewing the time entries for which Mr. Lindquist's counsel request attorney's fees, the court concludes that Ms. Knudsen reasonably expended 11.2 hours and Mr. Smart reasonably expended 0.5 hours in the preparation of Mr. Lindquist's motion to compel and reply brief. (*See* Knudsen Decl. at 2-3.) Although the court concludes that Mr. Lindquist's counsel reasonably spent 10 hours on the instant sanctions motion (*see* Knudsen Decl. at 3), the court does not credit that time for purposes of the fee award because that work falls outside the scope of the court's invitation for Mr. Lindquist to seek attorney's fees. (*See* 2/9/22 Am. Order at 9-10 (ordering Mr. Lindquist to file "a motion for expenses and sanctions . . . reasonably incurred in preparing his motion to compel (Dkt. # 95) and reply thereto (Dkt. # 99)").)

Thus, the court credits Ms. Knudsen with 11.2 hours at her hourly rate of $475.00 and Mr. Smart with 0.5 hours at his hourly rate of $700, which produces a presumptively reasonable fee award of $5,670.00. *See Hensley*, 461 U.S. at 433.

**C. Mr. Lindquist's Request for Imposition of Sanctions Against Allstate**

Mr. Lindquist additionally requests that the court sanction Allstate and its counsel in the amount of $50,000, less the reasonable attorney's fees awarded. (Mot. at 7.) Because the court awards Mr. Lindquist's counsel $5,670.00 in attorney's fees, it now considers whether Allstate and its counsel should be additionally sanctioned $44,330.00 for discovery misconduct. (*See id.*; 2/9/22 Am. Order at 9-10.)

Subject to certain limitations, Rule 37 empowers the court to "impose a wide range of sanctions," including monetary fines, "if a party fails to comply with a discovery

order." *United States v. Nat'l Med. Enters., Inc.*, 792 F.2d 906, 910 (9th Cir. 1986) (affirming $3,000 sanction); Fed. R. Civ. P. 37(b)(2)(C). Sanctions imposed for non-compliance with a discovery order must be just and "specifically relate[d] to the particular claim at issue in the order." *Nat'l Med. Enters., Inc.*, 792 F.2d at 910. The court's "determination that an order was not complied with is entitled to considerable weight because the [court] is best equipped to assess the circumstances of the noncompliance." *Id.* at 911. Indeed, courts are encouraged to apply sanctions under Rule 37 "diligently both 'to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.'" *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 763-64 (1980) (quoting *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976)).

The discovery misfeasance that brings the parties to this point began with Allstate's response to the court's July 15, 2021 order. (7/15/21 Order (Dkt. # 65).) There, the court ordered Allstate to provide it with a complete, "unredacted version of the claims file for *in camera* review." (*Id.*) Allstate failed to do so and intentionally omitted from its *in camera* production "over 300 pages of the claim file, Allstate 000332-634, because they were created after June 18, 2020, the date Mr. Lindquist's counsel sent Allstate a letter of representation." (8/16/21 Order at 11; *see* 9/30/21 Knudsen Decl. (Dkt. # 96) ¶ 5, Ex. D at 1-2 (Ms. O'Neill noting in an August 12, 2021 email to Ms. Knudsen that "[Allstate] did not produce anything from the claims file after the 10/13/2020 filing of the instant lawsuit for the *in camera* review, as that is absolutely privileged").) Accordingly, the court ordered Allstate to review claim file entries created

after June 18, 2020 for production to Mr. Lindquist, mindful of the fact that "when the documents were created is not necessarily the operative question to determine whether they are protected." (*See* 8/16/21 Order at 11-12.) Although Allstate followed the court's order with respect to documents created between June 18, 2020 and October 13, 2020, it "seemingly took no similar steps for documents created after October 13, 2020 (Allstate 000591-634) but instead continued to insist that those documents are 'absolutely privileged' on the basis of the date on which they were created." (11/1/21 Order at 12; *see* 2/22/22 O'Neill Decl. (Dkt. # 143) ¶ 4, Ex. 2.)

Allstate now asserts that, in conjunction with its counsel, it reviewed "the remaining materials both post the June 18, 2020 date (retention of counsel), as well as the post October 13, 2020 date (commencement of suit), to determine based on the [c]ourt's analysis what materials, if any, had been improperly withheld." (Resp. at 4 (citing 2/22/22 O'Neill Decl. ¶¶ 7-9.) If that is true, Allstate failed to show its work in any of the representations it made to Mr. Lindquist, in which it continued to justify its withholding of post-October 13, 2020 claim file entries only through the assertion of a categorial, date-based objection. (*See* 9/30/21 Knudsen Decl. ¶ 4, Ex. C at 2 (asserting "General Objections"); *see also id.* at 4-8 (containing no mention of, or specific justification for, redacting or withholding post-October 13, 2020 claim file entries).) Indeed, in the cover letter that accompanied Allstate's court ordered-August 30, 2021 production of claim file entries to Mr. Lindquist, Allstate described the relevant universe of documents as those "created after June 18, 2020, up through the date litigation commenced in this matter, October 13, 2020." (*See* 2/22/22 O'Neill Decl. ¶ 4, Ex. 2.)

Thus, there is no credible indication that Allstate conducted the kind of careful, entry-specific analysis the court's August 16, 2021 order obligated it to undertake with respect to the post-October 13, 2020 claim file entries. (*See* 8/16/21 Order at 11 (instructing Allstate to focus its analysis "on the nature of the work counsel was performing and whether substantially similar documents would have been created absent the prospect of litigation").) Even if Allstate and its counsel did privately review the post-October 13, 2020 entries, their continued insistence to Mr. Lindquist and the court that the date of creation, and not anything else, absolutely protected those entries from discovery still violated the court's August 16, 2021 order and caused unnecessary motions practice. (*See id.*)

Nevertheless, Allstate contends that sanctions are inappropriate given that its erroneous withholding was limited to "20 pages (consisting of automatically generated notations and information relating to Allstate's investigation of law enforcement reports)." (Resp. at 9.) Allstate argues that, based on the size and content of its error, its conduct was "substantially justified" or, at least, "harmless" and non-prejudicial to Mr. Lindquist. (*Id.* (noting that the post-October 13, 2020 claim file entries it was compelled to produce "are not smoking gun materials").) The court would certainly find Allstate's conduct more blameworthy if it had withheld critical evidence from Mr. Lindquist, but the fact that it withheld seemingly benign claim file entries hardly exonerates Allstate or exempts it from complying with the court's discovery orders.

In any event, the court has already concluded that Allstate's conduct was not substantially justified, "[g]iven the role [its] apparent disregard of the court's August 16,

2021 order played in its erroneous production decision," and "resulted in unnecessary motions practice." (*See* 2/9/22 Am. Order at 8.) Indeed, the failure to comply with the court's July 15, 2021 and August 16, 2021 orders caused clear prejudice to the court and Mr. Lindquist. (*See* 11/1/21 Order at 12.) Had Allstate provided the full claim file for the court's *in camera review* initially, the court could have rendered specific decisions on the entire universe of the disputed entries in its August 16, 2021 order and saved Mr. Lindquist the trouble of moving to compel production of what ultimately amounted to an additional 20 pages of claim file entries he should have received on August 30, 2021. Likewise, further motions practice could have been avoided had Allstate taken seriously the court's August 16, 2021 order to review the post-October 13, 2020 claim file entries without only considering when they were created. (*See* 2/9/22 Am. Order at 8-9; 11/1/21 Order at 11-12; *see also* 8/16/21 Order at 11-12.)

Allstate is correct, of course, that "even insurance companies[] are entitled to zealous representation" and to assert, in good faith, that certain documents are shielded from discovery by established privileges and protections. (Resp. at 12.) Neither its counsel's zealous representation nor any good faith assertions of privilege have drawn the court's ire, however. Rather, Allstate finds itself subject to sanction because it continued to broadly claim that a (shifting) date certain created absolute protection for its claim file entries, despite the court's specific instruction that it must focus on the content of disputed entries when justifying its redaction and withholding decisions. (*See* 8/16/21 Order at 11-12.) Allstate's failure to do so resulted in further motions practice and a

//

second round of *in camera* review for the court. Allstate's conduct was, on the whole, unjustified in a manner that warrants some measure of sanctions against Allstate and its counsel.

The court is mindful, however, that any sanction must be just and tailored to the violation at hand. *See Nat'l Med. Enters., Inc.*, 792 F.2d at 910. Here, the cost to Mr. Lindquist has been the additional time and attention his counsel has expended pursuing complete discovery against Allstate through serial motions to compel, as opposed some sort of significant tactical disadvantage in the litigation. Accordingly, the court finds that monetary sanctions are appropriate to penalize Allstate for creating needless difficulty in the discovery process and in the hope of deterring it from engaging in similar conduct in the future. *See Roadway Exp., Inc.*, 447 U.S. at 763-64. However, a $44,330.00 sanction would be neither just nor tailored to Allstate's transgression. *See Nat'l Med. Enters., Inc.*, 792 F.2d at 910. Instead, the court will sanction Allstate in an amount that compensates Mr. Lindquist's counsel for the time it spent pursuing this sanctions motion, which the court did not credit as part of its fee award. *See supra* at 7.

Thus, as sanction for Allstate's failure to comply with the court's orders of July 15, 2021 and August 16, 2021, the court credits Ms. Knudsen with 9.5 hours and Mr. Smart with 0.5 hours for their work on the instant sanctions motion. (*See* Knudsen Decl. at 2-3.) Applying their respective hourly rates produces a monetary sanction against Allstate in the amount of $4,862.50. (*See id.*) The court finds that a $4,862.50 sanction will penalize Allstate in a manner that directly relates to the time Mr. Lindquist's counsel needlessly expended prying free 20 pages of claim file entries "consisting of

automatically generated notations and information relating to Allstate's investigation of law enforcement reports" (*see* Resp. at 9). (*See* Knudsen Decl. at 3.) The court hopes it will also serve to deter Allstate from the sort of foot-dragging discovery obstruction it has displayed in this case.

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS in part and DENIES in part Mr. Lindquist's motion for sanctions (Dkt. # 132). The court also DENIES Allstate's motion to strike (Dkt. # 142 at 5 n.4). Allstate and its counsel are ORDERED to pay Mr. Lindquist's counsel $10,532.50 consisting of: (1) attorney's fees in the amount of $5,670.00 and (2) monetary sanctions in the amount of $4,862.50. Allstate and its counsel shall remit payment to Mr. Lindquist's counsel within fourteen (14) days of the date of this order.

Dated this 23rd day of March, 2022.

JAMES L. ROBART
United States District Judge