UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY,<br><br>     Plaintiff,<br> v.<br><br>RANDY LINDQUIST, et al.,<br><br>     Defendants. | CASE NO. C20-1508JLR<br><br>ORDER |

Before the court is Defendant JPMorgan Chase Bank, N.A.'s ("Chase") motion to enter final judgment on the court's January 18, 2022 summary judgment order. (Mot. (Dkt. # 144); Reply (Dkt. # 155); 1/18/22 Order (Dkt. # 126).) Plaintiff Allstate Indemnity Company ("Allstate") opposes the motion. (Resp. (Dkt. # 151).) The court has considered the parties' submissions, the relevant portions of the record, and the

//

//

ORDER - 1

applicable law. Being fully advised,[1] the court GRANTS Chase's motion for separate judgment.

In actions involving "more than one claim for relief," or multiple parties, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties." Fed. R. Civ. P. 54(b). The Supreme Court has articulated a two-part test to determine whether a court may enter a final judgment pursuant to Rule 54(b). *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7-10 (1980). First, the court must determine that it is dealing with a final judgment. *Id.* at 7. Second, the court must determine whether there is any just reason for delay. *Id.* at 8. In deciding whether there is just reason for delay, the court must consider judicial administrative interests and the equities involved. *Id.* Consideration of judicial administrative interests ensures that application of Rule 54(b) "effectively preserves the historic federal policy against piecemeal appeals." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005) (quoting *Curtiss-Wright*, 446 U.S. at 8) (internal quotation marks omitted). Courts may take into account "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright*, 446 U.S. at 8. Ultimately, "[i]t is left to the sound judicial discretion of the district court to determine the 'appropriate time' when

//

---

[1] The parties have not requested argument (*see* Mot. at 1; Resp. at 1) and the court concludes argument would not aid its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

each final decision in a multiple claims action is ready for appeal." *Id.* (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956)).

Addressing the first prong, the court finds that it has entered a final judgment in favor of Chase on Allstate's declaratory judgment claim, the lone claim asserted against it. (*See* Compl. (Dkt. # 1) at 9.) The court found that the Policy's "Lender's Loss Payable Endorsement affords Chase coverage notwithstanding any alleged concealment of material facts" regarding the occupancy status of Mr. Lindquist's house by Chase or Mr. Lindquist. (1/18/22 Order (Dkt. # 126) at 13.) That holding provides the "ultimate disposition" of "a cognizable claim for relief," which renders it a final judgment under Rule 54(b). *See Curtiss-Wright Corp.*, 446 U.S. at 7.

Allstate's arguments to the contrary are unpersuasive. (*See* Resp. at 4-5.) Allstate first argues that "future," unidentified, "developments in this case" could render an appeal of the judgment in favor of Chase moot. (*Id.* at 4.) That is pure speculation. The court's order granting summary judgment to Chase turned on a legal issue distinct to Chase—*i.e.*, an interpretation of the Lender's Loss Payable Endorsement—that will not be affected by adjudication of the remaining factual or legal issues in this case. Allstate next argues that the court's January 18, 2022 order is not final because it "only addresses whether the Lender's Loss Payable Endorsement provides coverage to Chase," but "does not address whether the loss is in fact a covered loss" under "the vacancy exclusion." (*Id.* at 4-5.) At summary judgment, however, "Allstate [wa]s not asserting that the vacancy itself invalidates the policy but rather" arguing that "the intentional misrepresentation or concealment of Chase about the vacancy is what has invalidated the policy." (*See*

Allstate Resp. (Dkt. # 118) at 12; *see also id.* at 9 ("Notifying Allstate of the vacant status is a condition precedent for coverage."); Allstate MSJ (Dkt. # 100) at 13.)  The court squarely addressed the arguments that Allstate made and concluded that Chase is entitled to coverage under the Lender's Loss Payable Endorsement *even if* Mr. Lindquist's home was vacant and Chase or Mr. Lindquist misrepresented that fact to Allstate.  (*See* 1/18/22 Order at 13.)  Allstate cannot alter the finality of the January 18, 2022 order by asserting new arguments it could have made at summary judgment.

Finally, Allstate argues that the court's January 18, 2022 order is not final because it does not establish "whether Chase is entitled to coverage for an amount certain." (Resp. at 4; *see also id.* at 7 (arguing that separate judgment is inappropriate because "the result at trial could very well result in a set-off against the separate judgment sought by Chase").)  But the amount of coverage Chase is entitled to is not at issue in this action (*see* Compl. at 9) and, thus, is not relevant to the question of whether the court's January 18, 2022 order is a final judgment.  Indeed, the only question implicated by Allstate's declaratory judgment claim against Chase is *whether* coverage is owed (*see id.*), which the court's January 18, 2022 order fully and completely answered in Chase's favor (*see* 1/18/22 Order at 15).  *See Curtiss-Wright*, 446 U.S. at 7 (finding an order to be final under Rule 54(b) where it provides the "ultimate disposition" of a cognizable claim).

The court also determines that "there is no just reason for delay[ing]" the entrance of a final judgment in Chase's favor.  *See* Fed. R. Civ. P. 54(b).  In analyzing this prong, courts consider (1) whether the claims under review are separable from the others remaining to be adjudicated; and (2) whether the nature of the claims determined is such

that no appellate court would have to decide the same issues more than once. *Curtiss-Wright*, 446 U.S. at 7-10. As described above, the court's order granting summary judgment to Chase on Allstate's declaratory judgment coverage claim turned entirely on the legal conclusion that "the Lender's Loss Payable Endorsement affords Chase coverage notwithstanding any alleged concealment of material facts by Chase or Mr. Lindquist." (1/18/22 Order at 13.) Thus, the court's judgment on that claim, which raised a dispositive issue unique to Chase, is entirely separable from the claims that remain between Allstate, Mr. Lindquist, Paul Davis, and Melody Grondahl. Indeed, the court can envision no scenario under which the Ninth Circuit will need to review the court's interpretation of the Lender's Loss Payable Endorsement more than once, even in the event of subsequent appeals. Accordingly, the judicial administrative interests weigh in favor of entering judgment for Chase.

Turning to the equitable considerations, the court finds that none are overwhelming in this case, but collectively support a finding that there is no just reason to delay entering judgment for Chase. *See Curtiss-Wright*, 446 U.S. at 8. Chase notes that it will need to be more actively engaged in this litigation if summary judgment in its favor is not finalized, which may cause it to incur litigation-related expenses it could otherwise avoid by exiting the case. (*See* Mot. at 8.) Its effort to pursue recovery from Allstate will also be delayed the longer it waits for judgment to be entered so that Allstate's anticipated appeal can commence. (*Id.* at 1, 8; Resp. at 8.) Allstate identifies no persuasive equitable considerations that cut in the other direction. (*See id.* at 7-8.)

//

Thus, on balance, the equitable considerations weigh in favor of entering judgment, even if only slightly.

Accordingly, the court concludes that its January 18, 2022 order granting summary judgment to Chase is a final judgment within the meaning of Rule 54(b), and that there is no just reason to delay entering judgment in Chase's favor. *Curtiss-Wright Corp.*, 446 U.S. at 7-8; Fed. R. Civ. P. 54(b). For the foregoing reasons, Chase's motion for final judgment (Dkt. # 144) is GRANTED.

Dated this 6th day of April, 2022.

JAMES L. ROBART
United States District Judge