UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>RANDY LINDQUIST, et al.,<br><br>    Defendants.<br><br>RANDY LINDQUIST,<br><br>  Third-Party Plaintiff,<br><br>v.<br><br>MELODY J. GRONDAHL, et al.,<br><br>  Third-Party Defendants. | CASE NO. C20-1508 JLR<br><br>ORDER ON DEFENDANT RANDY LINDQUIST'S MOTION FOR FEES AND COSTS |

ORDER - 1

## I.   INTRODUCTION

Before the court is Third-Party Plaintiff Randy Lindquist's motion for attorney's fees. (Mot. (Dkt. # 164); Reply (Dkt. # 174).) Third-Party Defendant G&J Restoration d/b/a Paul Davis ("Paul Davis") opposes the motion. (Resp. (Dkt. # 170).) The court has considered the parties' submissions, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court GRANTS in part and DENIES in part Mr. Lindquist's motion for attorney's fees and costs.

## II.   BACKGROUND

The court has previously summarized Paul Davis's involvement in this case, which stems from a fire that burned down Mr. Lindquist's house at 6920 Fisher Road in Edmonds, WA (the "Fisher Road House") on December 25, 2019. (1/24/22 Order (Dkt. # 127) at 2.) The Fisher Road House was subject to an insurance policy issued by Allstate Indemnity Company ("Allstate") to Mr. Lindquist. (*Id.*) After the fire, Allstate hired Paul Davis to clear debris from the property, purportedly to make the property safer for Allstate's cause and origin inspector, EFI Global. (*See id.*) Mr. Lindquist alleges that Paul Davis entered his property without permission and is liable for trespass. (*See id.* at 2-3.)

On January 6, 2022, Mr. Lindquist served Paul Davis with an amended deposition notice under Federal Rule of Civil Procedure 30(b)(6). (*Id.* at 3.) Paul Davis designated

//

---

[1] No party requests oral argument (*see* Mot. at 1; Resp. at 1), and the court concludes that oral argument would not be helpful to its disposition of the motions. *See* Local Rules W.D. Wash. LCR 7(b)(4).

Karl Buettner to testify on its behalf and, after the court entered a protective order narrowing the scope of the deposition, Mr. Buettner was deposed on January 27, 2022. (*See id.* at 3, 5-11; 3/16/22 Order (Dkt. # 154) at 2-3.)  Mr. Lindquist moved to compel Paul Davis's re-deposition based on Mr. Buettner's inability to testify on the noticed deposition topics.  (*See* 3/16/22 Order at 3; MTC (Dkt. # 134); MTC Resp. (Dkt. # 136); MTC Reply (Dkt. # 146).)  The court agreed that Mr. Buettner was not adequately prepared to testify on a number of deposition topics and ordered Paul Davis to redesignate an adequately prepared witness to testify in a new deposition on specified topics.  (*See* 3/16/22 Order at 15.)  The court also concluded that "Paul Davis's failure to prepare its designee . . . was not substantially justified" and, accordingly, granted Mr. Lindquist's request for expenses and directed him to file a motion for payment of expenses, including attorney's fees, associated with (1) the January 27, 2022 deposition of Mr. Buettner; and (2) briefing on his motion to compel.  (*See id.* at 14-15.)

### III.   ANALYSIS

Mr. Lindquist's counsel requests $18,940 in attorney's fees based on 32.7 hours of attorney time related to Mr. Buettner's deposition and subsequent motions practice, and $1,832.05 in costs associated with the January 27, 2022 deposition for a total requested award of $20,772.05.  (*See* Mot. at 2-4; *see also* Knudsen Decl. (Dkt. # 165) at 2-4.)  Paul Davis argues that Mr. Lindquist requests an unreasonable amount of fees in connection with the deposition; requests unnecessary, redundant, duplicative, or insufficiently explained fees in connection with its motion to compel briefing; and provides an inaccurate accounting of the costs incurred in connection with Mr. Buettner's deposition.

(*See* Resp. at 2-5.)  Paul Davis thus argues that only 15.8 hours of attorney time are justified and urges the court to reduce Mr. Lindquist's requested attorney's fee award to $9,430.  (*See* O'Neill Decl. (Dkt. # 171) ¶ 3, Ex. A at 6.)  Paul Davis also asks the court to exclude the costs associated with videotaping Mr. Buettner's deposition and preparing an expedited transcript.  (*See* Resp. at 5.)

After describing the applicable legal standard, the court discusses each of Paul Davis's arguments below.

**A.     Legal Standard**

Under Rule 37, if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless "the opposing party's nondisclosure, response, or objection was substantially justified." Fed. R. Civ. P. 37(a)(5).  Courts calculate reasonable attorney's fees by finding the "lodestar," which is calculated by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000).  The resulting figure is presumptively reasonable.  *See Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996).

The court finds "the number of hours reasonable expended" by exercising its discretion to exclude hours that are "excessive, redundant, or otherwise unnecessary" from the total requested by the movant.  *Hensley*, 461 U.S. at 434.  The court can make

small reductions without providing "specific explanation," but must provide a "clear" explanation for larger deductions. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). The court calculates the reasonable hourly rate by looking to the rate prevailing in the Western District of Washington "for similar work performed by attorneys of comparable skill, experience, and reputation." *See Chalmers v. City of L.A.*, 796 F.2d 1205, 1210-11 (9th Cir. 1986); *see also Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (holding relevant community is "the forum where the district court sits").

**B.     Mr. Lindquist's Request for Fees and Costs**

The court has previously found that "Paul Davis's failure to prepare its designee . . . was not substantially justified" (*see* 3/16/22 Order at 14) and that the hourly rates requested by Mr. Lindquist's counsel, which remain the same, are reasonable (*see* 3/23/22 Order (Dkt. # 161) at 6-7 (citing 9/16/21 Order (Dkt. # 91) at 8 (approving a $475.00 hourly rate for Kathryn Knudsen and a $700.00 hourly rate for William C. Smart)).) The court reaffirms both findings for purposes of this order and, thus, focuses its analysis on whether Mr. Lindquist's counsel have requested a reasonable amount of fees and costs.

As an initial matter, the court will apply a 10 percent "haircut" to Mr. Lindquist's $18,940 fee request—reducing that figure to $17,046—to reflect the fact that Mr. Buettner was able to adequately testify about three topics. *See Moreno*, 534 F.3d at 1112; (*see* also 3/16/22 Order at 8). A greater reduction based on Paul Davis's limited compliance with Rule 30(b)(6) is not justified, however, as the topics on which Mr.

Buettner was prepared to offer testimony sought only general company background and high level information. (*See id.*) Thus, Mr. Buettner's responsive answers did not indicate any special preparation and only minimally mitigate Paul Davis's overall lack of compliance.

The court next considers whether the further reductions Paul Davis seeks are appropriate.

    1.    <u>Fees Associated with Preparing for and Conducting Mr. Buettner's Deposition</u>

Paul Davis challenges the amount of time Mr. Lindquist's counsel "took to prepare for the 30(b)(6) deposition of Paul Davis" as unreasonable for an attorney of Mr. Smart's experience and caliber given the relatively few documents Paul Davis produced in discovery. (Resp. at 3.) As Mr. Lindquist persuasively responds, however, it was necessary to review records produced by other parties to adequately prepare to depose Paul Davis's corporate designee. (*See* Reply at 2.) Moreover, the fact that Mr. Buettner's deposition lasted only 2.5 hours hardly suggests that Mr. Smart spent an unnecessary amount of time preparing for it (*see* Resp. at 1); the deposition ended when it did because Paul Davis's witness was unprepared to testify about the noticed topics, making further examination futile (*see* 3/16/22 Order at 15). The court will thus defer to Mr. Smart's judgment on how much time was necessary to prepare to depose Mr. Buettner. *See Moreno*, 534 F.3d at 1112 ("By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case.").

However, the court does not credit Ms. Knudsen for the 2.5 hours she spent attending Mr. Buettner's deposition, for which she seeks $1,125. (Knudsen Decl. at 2.) The court does not doubt the importance of Ms. Knudsen remaining aware of case developments (*see* Reply at 3), but that task can be accomplished through less time-intensive means than personal attendance of the deposition.

2. Reasonableness of Fees Incurred in Briefing Mr. Lindquist's Motion to Compel

Paul Davis objects to the fees Mr. Lindquist's counsel requests in connection with briefing on the motion to compel as (1) inappropriately block-billed, (2) seeking credit for administrative tasks, or (2) containing redundant or duplicative billing entries. (*See* Resp. at 3-4.)

Courts do not require attorneys to "record in great detail how each minute of their time is spent on a case." *McEuen v. Riverview Bancorp, Inc.*, No. C12-5997RJB, 2014 WL 2197851, at *6 (W.D. Wash. May 27, 2014). Rather, the court needs only "enough evidence to show that the effort expended during those hours was reasonable." *Id.* The court finds that the time entries in Mr. Lindquist's motion and Ms. Knudsen's declaration provide enough information for the court to evaluate their reasonableness. (*See* Mot. at 2-4; Knudsen Decl. at 2-4.) Accordingly, the court does not find deductions warranted on the grounds that entries are block-billed.

With limited exception, the court finds Paul Davis's other objections to entries it argues reflect work that is administrative in nature, excessive, redundant, or duplicative similarly unavailing. (*See* O'Neill Decl. at 2-6.) The court will, however, reduce Mr.

ORDER - 7

Lindquist's fee request by the $225 Ms. Knudsen incurred listening in on the 30 minute discovery conference with Paul Davis's counsel on February 3, 2022. (*See id.* at 3; Knudsen Decl. at 3.) Mr. Smart led that call and could have either filled Ms. Knudsen in on the pertinent details or, more efficiently, drafted the portions of the motion to compel that described the call. (*See* Knudsen Decl. at 3; *see also* Reply at 3-4.) The court further declines to award Mr. Lindquist's counsel the $1,035 in fees incurred preparing the instant motion for fees and costs because that work falls outside the scope of the court's invitation. (*See* 3/16/22 at 15 (directing Mr. Lindquist to seek costs and fees related to (1) the January 27, 2022 deposition and (2) briefing on his motion to compel).)

All told, the court finds that an award of $14,661 in attorney's fees reasonably accounts for Mr. Lindquist's work preparing for and conducting the January 27, 2022 deposition of Mr. Buettner and subsequent briefing on Mr. Lindquist's motion to compel.

3.    <u>Deposition Costs</u>

Mr. Lindquist also seeks to recover $1,832.05 in costs associated with the January 27, 2022 deposition of Paul Davis, comprised of $1,427.05 for an expedited transcript of Mr. Buettner's deposition and $405 in videotaping fees. (*See* Mot. at 7; Knudsen Decl. at 4, Ex. A (deposition-related invoices).)

Paul Davis contends that the surcharge for an expedited transcript was unnecessary because Mr. Lindquist only introduced selected excerpts through an affidavit prepared by Mr. Smart in support of his motion, which the court did not consider. (*See*

//

//

Resp. at 5.[2]) Mr. Smart's affidavit purported to quote from the transcript, even if it did not include a true and correct copy, and, moreover, the court plainly relied on the deposition transcript in its order. (*See* 3/16/22 Order at 4 (declining to strike Mr. Smart's affidavit and noting that it would rely on the transcript copy filed by Paul Davis).) In any event, given the motions and discovery deadlines that were soon approaching as Mr. Lindquist sought an order compelling Paul Davis's re-deposition (*see* Sched. Order (Dkt. # 30)), it was not unreasonable for Mr. Lindquist's counsel to request a copy of the transcript on an expedited basis. Nor was it unreasonable for Mr. Lindquist's counsel to spend $405 to have Mr. Buettner's deposition videotaped. (*See* Knudsen Decl., Ex. A at 3 (itemizing $405 relating to "Videographer Hourly Appearance" and "Original Digital Stock").) That service would have been arranged in advance of the deposition and, thus, does not relate to "a cost . . . which Mr. Lindquist has not actually incurred." (Resp. at 5.) Had Paul Davis prepared its witness to testify, the videotaped deposition might have captured compelling testimony that one or both of the parties could have made use of at trial.

Accordingly, the court finds Mr. Lindquist's request for $1,832.05 in costs related to the January 27, 2022 deposition of Mr. Buettner to be reasonable.

//

//

//

---

[2] Although Paul Davis objects to "the $225 expedited transcript fee" (*id.*), that appears to be the "Attendance Fee" (*see* Knudsen Decl., Ex. A at 1). The "Expedited Transcript Fee" was $589.05. (*See id.*)

## IV.   CONCLUSION

For the foregoing reasons, Mr. Lindquist's motion for fees and costs (Dkt. # 164) is GRANTED in part and DENIED in part. The court AWARDS Mr. Lindquist's counsel $14,661 in attorney's fees and $1,832.05 in costs for a total award of $16,493.05. Paul Davis shall remit payment to Mr. Lindquist's counsel in that amount within thirty (30) days of the date of this order.

Dated this 20th day of April, 2022.

JAMES L. ROBART
United States District Judge