HON. JUDGE JAMES L. ROBART

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

ALLSTATE INDEMNITY COMPANY,

           Plaintiff,

v.

RANDY LINDQUIST, an individual, and
JPMORGAN CHASE BANK, N.A.,

           Defendants.

RANDY LINDQUIST, an individual,

           Third-Party Plaintiff,

v.

MELODY J. GRONDAHL; G & J
RESTORATION, INC., doing business as
PAUL DAVIS OF GREATER SEATTLE,

           Third-Party Defendants.

No. 2:20-cv-01508-JLR

LINDQUIST'S RESPONSE TO
ALLSTATE'S MOTION FOR RELIEF
FROM DEADLINE, TO EXTEND
DISCOVERY, TO COMPEL, AND
FOR SANCTIONS

NOTE ON MOTION CALENDAR:
April 29, 2022

**RUIZ & SMART PLLC**
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

## I.    INTRODUCTION

Allstate Insurance Indemnity hastily brought this discovery motion (1) after the deadline for discovery motions; (2) without conferring on most issues presented herein; and (3) by improperly filing publicly a confidential document in support thereof.[1] Aside from the procedural flaws, on its merits the motion should be denied because (1) Allstate has had knowledge of the witnesses from whom it seeks more information for nearly two years and was not diligent in conducting discovery; (2) Lindquist's trial experts produced their files; and (3) the insurer cannot establish good cause to require Lindquist to appear for a second deposition or to produce a cell phone it never requested in discovery and that cannot be produced anyway. For the same reasons, imposing sanctions against Lindquist would be a gross injustice.

## II.    STATEMENT OF FACTS

### A.    Counsel failed to confer.

All discovery motions were to be filed by March 18, 2022. Dkt. 30. Allstate filed this motion nearly a month late, in violation of the scheduling order. As explained below, Allstate had years to collect information related to this claim and litigation. Good cause does not exist to grant relief from the deadline to file discovery motions and complete discovery.

Moreover, counsel for Allstate did not confer with Lindquist's counsel regarding all the issues presented herein. First, at the depositions of experts Craig Sternberg, Roger Howson, and

---

[1] Lindquist produced the letter relied on, and publicly filed, by Allstate, Dkt. 173-7, confidentially pursuant to the parties' Stipulated Protective Order, Dkt. 69, because it was a document from Lindquist's counsel's file created for settlement discussions with Chase under Fed. R. Evid. 408, as explained by Craig Sternberg and counsel during his deposition. Knudsen Decl. Ex. I at 105–06, 58. The deposition took place ***before*** Allstate field its motion. Allstate did not confer with counsel to discuss confidentiality before publicly filing the document in violation of the protective order. Knudsen Decl. ¶2.

LINDQUIST'S RESPONSE TO ALLSTATE'S
MOTION FOR RELIEF FROM DEADLINE, TO
EXTEND DISCOVERY, TO COMPEL, AND FOR
SANCTIONS
(No. 2:20-cv-01508-JLR) - 1

**RUIZ & SMART PLLC**
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

Tom Lether, it was discussed that additional documents were forthcoming and that Allstate may seek additional deposition testimony following review of the material. Instead of waiting for the files it knew were coming and then conferring according to the Court's rules about any remaining concerns, Allstate engaged in unnecessary motion practice before it even received the material. Knudsen Decl. ¶ 2.

Second, although Allstate's counsel did raise the issue of bringing a motion on the assertion of the attorney-client privilege during Sternberg's deposition, she did not wait for the opportunity to confer after the complete file and privilege log were produced from Sternberg before filing this motion. *Id.* Instead, Allstate hastily asked for a blanket waiver of everything Lindquist and his counsel have ever discussed and every piece of work product in Sternberg's file during their decade-long attorney-client relationship.

Third, Allstate never conferred about its request to depose Lindquist's consulting expert, Scott Roberts. *Id.*

Finally, Allstate asks for the cell phone Lindquist owned at the time of the fire to conduct a forensic analysis (even though its expert agrees the information he has is not inconsistent with Lindquist's testimony about his location and timing, *id.* Ex. K at 55–58, and Allstate knows Lindquist no longer has the phone). Not only did Allstate never ask for this in discovery, *id.* Exs. A, B, it has not conferred about this issue, either, *id.* ¶ 2.

**B.     Allstate had years to seek the discovery for which it now requests a continuance to conduct.**

**1.     Allstate has known since January 2020 of Sternberg's role in Lindquist's bankruptcy.**

Allstate knew Sternberg represented Lindquist during his bankruptcy and foreclosure case within nine days of the fire. Knudsen Decl. Ex. C. The insurer's claim file includes a

LINDQUIST'S RESPONSE TO ALLSTATE'S
MOTION FOR RELIEF FROM DEADLINE, TO
EXTEND DISCOVERY, TO COMPEL, AND FOR
SANCTIONS
(No. 2:20-cv-01508-JLR) - 2

**RUIZ & SMART PLLC**
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

reference dated January 3, 2020, to the bankruptcy proceeding and Sternberg's representation. *Id.* Lindquist further notes Sternberg's involvement in his initial disclosures provided on December 15, 2020. Dkt. 173-8. Allstate has had over two years to contact Sternberg as part of its insurance investigation and has had the ability to take his deposition or subpoena his file since discovery began in this matter in the fall of 2020. It never did so until last month.

Allstate's contention that Sternberg's file reflects "it was the landowner's opinion that the Fisher Road Property condition was so poor that it needed to be demolished" is incorrect. Dkt. 172 at 4. Allstate relies on a confidential settlement communication from Sternberg to Chase for this assertion, omitting that Sternberg explained during his deposition that he did not have personal knowledge about the condition of the property when he wrote the settlement discussion letter and that he was referring to what he thought Chase, not Lindquist, might do if it obtained the property in a settlement agreement. Knudsen Decl. Ex. I at 109, 113. A settlement agreement was never reached in any event.

> **2.    Allstate knew since July 2020 that Lindquist was working with a fire consultant and its own expert has known Roberts was that consultant since that year.**

Allstate has also been on notice that Lindquist was working with a fire consultant expert since July 2020. Lindquist asked Allstate for evidence from its fire cause and origin investigation in July 2020, requesting that it "be immediately made available to our own cause-and-origin consultant." *Id.* Ex. D. Allstate refused to do so, alleging work product (even though by this point the property had been destroyed by Allstate and Paul Davis). *Id.* Ex. E.

In March of 2022, Allstate's investigator also testified that Roberts asked him about potentially setting up a site visit in March of 2020, but Roberts never did so. *Id.* Ex. F, Crowley

LINDQUIST'S RESPONSE TO ALLSTATE'S
MOTION FOR RELIEF FROM DEADLINE, TO
EXTEND DISCOVERY, TO COMPEL, AND FOR
SANCTIONS
(No. 2:20-cv-01508-JLR) - 3

RUIZ & SMART PLLC
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

Dep. at 90–91. That "was the limit of that interaction." *Id.*

After Allstate tried to subpoena his file and deposition, the insurer was properly informed that Roberts was hired as a consultant only. *Id.* Ex. G. He did not perform an investigation or site visit, did not prepare any reports, and is not testifying in this matter. Roberts Decl. ¶ 4.

**C.      Lindquist's trial experts have produced their files.**

Allstate subpoenaed all Lindquist's expert's files, and each have responded.[2]

First, expert Tom Lether has produced his entire file. Lether Decl. ¶¶ 8, 9. He tried to produce his file the day before the deposition but did not get a response from Allstate's counsel. *Id.* Ex. B. He again offered to provide it the day of the deposition, and so did Lindquist's counsel. *Id.* ¶6. Allstate elected to continue with the deposition without it. It has since been produced according to disclosure requirements (drafts and work product withheld).

Second, expert Roger Howson produced his file. Howson Decl. ¶ 3. Following his deposition, Allstate's counsel asked for additional material. Additional emails have been provided. Knudsen Decl. ¶ 12. Counsel confirmed the requested "handwritten notes" didn't exist and asked if Allstate sought anything more. *Id.* Ex. H. Allstate did not respond. *Id.* ¶ 12.

Third, Sternberg has produced his file, properly withholding material subject to work product and attorney-client privilege protection. Sternberg Decl. ¶¶ 3–5. Given the years Sternberg has represented Lindquist, his file contained thousands and thousands of pages. Lindquist's counsel helped bates number the material and prepare the privilege log. Knudsen Decl. ¶ 3. The hard copy file alone was about 4,000 pages and was produced prior to

---

[2] Lindquist's counsel accepted service for his experts.

LINDQUIST'S RESPONSE TO ALLSTATE'S
MOTION FOR RELIEF FROM DEADLINE, TO
EXTEND DISCOVERY, TO COMPEL, AND FOR
SANCTIONS
(No. 2:20-cv-01508-JLR) - 4

**RUIZ & SMART PLLC**
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

Sternberg's deposition. *Id.* Counsel discussed that Lindquist's counsel's staff was working on preparing the electronic file for production as fast as possible along with the privilege log. There was not time to review it all and prepare a privilege log before his deposition.[3] The electronic file was so large it could not be Bates stamped and was produced in its native format. *Id.* The entire file has since been produced, along with a privilege log. Sternberg Decl. ¶¶ 3–5.

**D.    Allstate did not request Lindquist's phone in discovery. Regardless, he does not have the phone he had at the time of the fire.**

During discovery, Allstate propounded two sets of interrogatories and requests for production on Lindquist. Knudsen Decl. Exs. A, B. Neither set of discovery asked Lindquist to produce his phone for inspection or forensic analysis. *Id.* Regardless, Lindquist has had to replace his phone twice since the fire. Lindquist Decl. The phone he had at the time of the fire broke, and he has searched for, but been unable to locate, the broken phone. *Id*. ¶¶ 2–5.

## III.    ISSUES

1.  Should the Court refuse to consider Allstate's motion because it is untimely and Allstate failed to confer on most issues raised therein? **Yes.**

2.  Should the Court refuse to order additional discovery where the information Allstate has requested has either been produced already; is subject to attorney-client, work product, or consulting-expert protections; or was never requested during discovery in the first place? **Yes.**

3.  Should the Court decline to order sanctions against Lindquist where he has properly

---

[3] Lindquist disagrees with Allstate's contention that Sternberg's deposition was terminated "due to time constraints." Because Sternberg's entire file could not be produced prior to his deposition, the parties discussed that he would unlikely object to a continued deposition following Allstate's receipt of those documents if the insurer had a good-faith basis to question him about the additional documents.

LINDQUIST'S RESPONSE TO ALLSTATE'S
MOTION FOR RELIEF FROM DEADLINE, TO
EXTEND DISCOVERY, TO COMPEL, AND FOR
SANCTIONS
(No. 2:20-cv-01508-JLR) - 5

**Ruiz & Smart PLLC**
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

complied with his discovery obligations? **Yes.**

## IV.    ANALYSIS

**A.    Allstate has not conferred on most of the issues presented in its motion.**

Under LCR 37,

> Any motion for an order compelling disclosure or discovery must include a certification, in the motion or in a declaration or affidavit, that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action. **The certification must list the date, manner, and participants to the conference. If the movant fails to include such a certification, the court may deny the motion without addressing the merits of the dispute**.

(emphasis added). Allstate's motion fails to satisfy these requirements because it did not confer with Lindquist's counsel about each of the issues raised in its motion under Fed. R. Civ. P. 37 and LCR 37. *Supra,* §II(A). The only issue on which Allstate properly conferred was whether Lindquist properly invoked and withheld information from Sternberg under the attorney-client privilege and work product rule. For the reasons stated below, the Court should deny Allstate's blanket request to disregard these protections.

**B.    Allstate's motion is untimely.**

Allstate had to file discovery-related motions no later than March 18, 2022, and discovery had to be completed by April 18, 2022. Dkt. 30. "The parties are bound by the dates specified in the scheduling order. A schedule may be modified only for good cause and with the judge's consent. **Mere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance**." LCR 16(b)(6) (emphasis added). Allstate agrees it must prove "the exercise of due diligence" in obtaining discovery before the Court will consider modifying the case schedule. Dkt. 172 at 7:16–17.

LINDQUIST'S RESPONSE TO ALLSTATE'S
MOTION FOR RELIEF FROM DEADLINE, TO
EXTEND DISCOVERY, TO COMPEL, AND FOR
SANCTIONS
(No. 2:20-cv-01508-JLR) - 6

**Ruiz & Smart PLLC**
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

Case 2:20-cv-01508-JLR    Document 183    Filed 04/25/22    Page 8 of 14

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Good cause does not exist here to modify the discovery deadline or the discovery motion deadline: the purported "newly discovered evidence" could have been sought more than a year ago. Allstate has known about Sternberg's role as counsel for Lindquist in his bankruptcy for over two years, Knudsen Decl. Ex. C; it has known his methods and opinions about personal property valuation in bankruptcy proceedings since November 30, 2020, when he submitted a declaration in response to Allstate's motion (which his expert report nearly replicates), Dkt. 17; and it has known Sternberg may be called as a witness since Lindquist's initial disclosures of December 15, 2020, Dkt. 173-8. Yet Allstate did not request his file or deposition until March 2022. Sternberg Decl. Ex. A.

Moreover, Roberts is not testifying as either a fact or expert witness, as discussed below. Allstate's efforts to conduct this discovery was dilatory, not diligent.

## C.    The Court should not compel further discovery from Lindquist's testifying experts.

### 1.    Lether and Howson produced their files.

Allstate's motion to compel production of Lether's and Howson's files was unnecessary because they agreed to and have produced their entire files according to expert disclosure requirements. *See* Lether Decl. ¶¶ 8,9; Howson Decl. ¶3.

### 2.    Sternberg also produced his files according to expert disclosure obligations subject to proper attorney-client privilege and work product protections.

Sternberg's testimony at trial will only be necessary if Lindquist's personal property valuation in his bankruptcy is an issue at trial.[4] This issue is the extent of his expert opinions. *See* Dkt. 17. Allstate nevertheless seeks Sternberg's entire, unredacted file pertaining to

---

[4] Lindquist anticipates this issue being resolved in a motion in limine.

LINDQUIST'S RESPONSE TO ALLSTATE'S
MOTION FOR RELIEF FROM DEADLINE, TO
EXTEND DISCOVERY, TO COMPEL, AND FOR
SANCTIONS
(No. 2:20-cv-01508-JLR) - 7

RUIZ & SMART PLLC
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

Lindquist during his entire representation, purporting that all work product and every attorney-client communication is discoverable. Allstate goes so far as to claim the content of Lindquist's conversation with his lawyer on the day of the fire is not protected attorney-client privileged. The Court should not grant this request.

First, Lindquist did not waive the attorney-client privilege by designating Sternberg as an expert to testify about personal property valuations in bankruptcy proceedings. Even if the Court found that Lindquist waived his right to assert privilege as to the personal property valuation issue, any waiver would be limited to that issue alone. *See Hernandez v. Tanninnen,* 604 F3d 1095, 1100 (9th Cir. 2010).

Waivers of the attorney-client privilege are not broad in scope. If Lindquist waived the privilege, it would only be for the particular communications or documents on the "same subject matter" under Fed. R. Evid. 502. Any waiver would extend only so far as "to communications about the matter actually disclosed." *Chevron Corp. v. Pennzoil Co.,* 974 F.2d 1156, 1162 (9th Cir.1992) (quoting *Weil v. Inv./Indicators, Research & Mgmt., Inc.,* 647 F.2d 18, 25 (9th Cir.1981)). The Ninth Circuit has cautioned against finding a complete waiver of the attorney-client privilege by noting that "[t]he breadth of the waiver finding, untethered to the subject-matter disclosed, constitutes a particularly injurious privilege ruling." *Hernandez,* 604 F.3d 1095 at1101. Thus, while the waiver here may extend to aspects of the personal property valuation in Lindquist's bankruptcy proceeding for which Sternberg was identified as an expert, Sternberg has produced all documents related to this subject matter and answered questions about the same during his deposition. During the deposition, Lindquist's counsel urged Allstate's counsel to ask factual-based questions of Mr. Sternberg. Knudsen Decl. Ex. I at 62 ("If you want to ask him about the factual information in his report, that seems like a fair thing

to do") and 64 ("again, feel free to ask him factual-based questions"). Sternberg discussed his

knowledge of personal property he saw there during his only site visit in 2012. *Id.* at 41. And he

addressed throughout the deposition how he valued the personal property. *Id.* at 73–74, 84–86.

No further discovery on this topic is necessary or warranted.

###        3.        The Court should not compel discovery from Lindquist's consulting expert.

Allstate seeks to compel the deposition of, and document production from, Scott

Roberts, a consulting expert retained by Lindquist. Fed. R. Civ. P. 26 makes a clear distinction

between consulting and testifying experts. Roberts is the former and, consequently, "facts

known or opinions held" by him are not discoverable. Fed. R. Civ. P. 26(b)(4)(D).

The applicable rule provides:

> Ordinarily, a party may not, by interrogatories or deposition, discover facts
> known or opinions held by an expert who has been retained or specially
> employed by another party in anticipation of litigation or to prepare for trial and
> who is not expected to be called as a witness at trial. But a party may do so only:
>
> (i) as provided in Rule 35(b); or
>
> (ii) on showing exceptional circumstances under which it is impracticable for the
> party to obtain facts or opinions on the same subject by other means.

*Id. See also Mothershead v. Adams,* 32 Wn App. 325, 647 P.2d 545 (1982). Consistent with this

rule, Courts generally hold that even a consulting expert's *identity* is protected. *See Channel*

*Constr., Inc. v. Northland Servs., Inc.*, C14-1231-JCC, 2015 WL 12559898, at *6 (W.D. Wash.

Oct. 23, 2015) (only after showing of exceptional circumstances may the names of specially

retained consultants be discovered); *Detwiler v. Gall, Landau & Young Const. Co.*, 42 Wn. App.

567, 572, 712 P.2d 316 (1986). Here, Lindquist worked with Roberts only as a consultant in

anticipation of litigation. Roberts played no role in the fire loss or investigation. He never

visited the loss site and never wrote a report. Unlike the case relied on by Allstate, *Peters v.*

*Ballard,* 58 Wn. App. 921, 795 P.2d 1158 (1990), Roberts has no personal knowledge related to Lindquist's claims to warrant his involvement as a fact witness. Roberts Decl. He is the textbook definition of a consulting expert, and the Court should deny Allstate's request to compel production of his file and deposition.

### 4.    The Court should not compel additional discovery from Lindquist.

Allstate also requests additional discovery from Lindquist, asking the Court to compel Lindquist to (1) produce the phone he had at the time of the fire; and (2) depose him about documents received from his experts' files. Neither should be permitted.

First, Allstate never requested Lindquist's phone in discovery. Knudsen Decl. Exs. A, B. The request could have been made at any point since discovery began in this litigation, but Allstate waited until after all deadlines have passed to address this request.

Even if Allstate had properly requested the phone, it has been informed that its request to perform a forensic analysis of the phone Lindquist owned at the time of the fire is a futile one because Lindquist broke that phone and has searched for, but been unable to locate, the broken phone. Lindquist Decl. ¶¶ 4–5. Moreover, Allstate's expert confirms the information it has derived from Lindquist's cell phone records does not contradict Lindquist's series of events anyway, Knudsen Decl. Ex. J, Chase Dep. at 55–58 (agreeing phone records indicate Lindquist could very well be where he said he was and the expert has "no way of knowing where he was during that time period"), which reflects this is just another instance of Allstate failing to consider information it has to support coverage and, instead, attempting to search for information to double down on its refusal to pay Lindquist's insurance benefits.

Second, although Allstate has now obtained testimony under oath from Lindquist

LINDQUIST'S RESPONSE TO ALLSTATE'S
MOTION FOR RELIEF FROM DEADLINE, TO
EXTEND DISCOVERY, TO COMPEL, AND FOR
SANCTIONS
(No. 2:20-cv-01508-JLR) - 10

RUIZ & SMART PLLC
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

twice—once at his EUO in August 2020 and again at his March 21, 2022 deposition—it seeks to do it a third time. Fed. R. Civ. P. 30(d)(1) provides that "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours." However, "[t]he court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." *Id.* "The party seeking a court order to extend the examination [beyond the presumptive time], or otherwise alter the limitations, is expected to show good cause to justify such an order." Fed. R. Civ. P. 30, Adv. Comm. Notes to 2000 amend. Allstate cannot show good cause here.

Allstate has had years to collect information from Lindquist during its claim investigation and, after it filed suit against Lindquist, formally during the discovery period. That it sought and obtained additional material from Lindquist's experts *after* taking Lindquist' EUO and *after* his deposition testimony does not entitle Allstate for a third go-around of pre-trial sworn testimony. Moreover, Allstate has already exceeded its ten-deposition allowance under Fed. R. Civ. P. 30. *See* Knudsen Decl. ¶ 17 (listing 11 depositions already taken by Allstate).

### 5.    The Court should not award fees to Allstate.

Lindquist has in no way abused the discovery process or violated the Court's rules. The records shows the opposite—Allstate's repeated inability to comply with the discovery rules. This motion is just another example. It was filed after applicable deadlines passed, included a confidential document, addresses issues about which it never conferred, and seeks information it never even requested in discovery.

Allstate faults Lindquist's counsel for not obtaining Sternberg's files related to his representation of Lindquist "earlier" and that this is "absolutely sanctionable conduct." Dkt. 172

LINDQUIST'S RESPONSE TO ALLSTATE'S
MOTION FOR RELIEF FROM DEADLINE, TO
EXTEND DISCOVERY, TO COMPEL, AND FOR
SANCTIONS
(No. 2:20-cv-01508-JLR) - 11

**RUIZ & SMART PLLC**
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

at13:11–12. The Court should disagree. Allstate didn't request any information from Sternberg after it learned of his role in the bankruptcy proceeding right after the fire in January 2020, Knudsen Decl. Ex. C or when it learned how he valued the personal property in Lindquist's 2013 bankruptcy proceeding in November 2020, Dkt. 17. Allstate speculates that Lindquist is hiding a settlement agreement, because Sternberg's file reflects Lindquist *discussed* a draft settlement with Chase regarding the Fisher Road home. But no settlement exists, and Allstate already knows this. Knudsen Decl. Exs. K (Chase's Discovery Responses); Ex. I, Sternberg Dep. at 57–58. Allstate knows Lindquist and Chase remain in a separate foreclosure litigation. *See e.g.,* Dkt. 157 (Allstate citing to foreclosure matter in prior attempt to obtain discovery based on what it falsely claimed was "newly discovered evidence."), Dkt. 9-1 at 109 (Lindquist testifying in August 2020 about ongoing litigation with Chase); and Knudsen Decl. Ex. L, Lindquist Dep. at 78 (Lindquist testifying in March 2022 that case with chase in going and he has not received any settlement money from Chase). Allstate is also well-aware of Lindquist's earlier 2013 insurance claim with Allstate (for which he was never paid benefits). This information has not been concealed.

Under these facts, the Court should deny Allstate's request for sanctions and, instead, award Lindquist his fees and costs for having to respond this procedurally improper and meritless motion.

## V.    CONCLUSION

For the reasons stated herein, Lindquist ask the Court to deny Allstate's motion and award him fees and costs for his time spent drafting this response.

LINDQUIST'S RESPONSE TO ALLSTATE'S
MOTION FOR RELIEF FROM DEADLINE, TO
EXTEND DISCOVERY, TO COMPEL, AND FOR
SANCTIONS
(No. 2:20-cv-01508-JLR) - 12

**RUIZ & SMART PLLC**
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

1

2     RESPECTFULLY SUBMITTED April 25, 2022.

3                                        **RUIZ & SMART PLLC**

4

5                                        By: /s/ *Kathryn Knudsen*
                                         William C. Smart, WSBA #8192
6                                        wsmart@ruizandsmart.com
                                         Isaac Ruiz, WSBA #35237
7                                        iruiz@ruizandsmart.com
                                         Kathryn Knudsen, WSBA #41075
8                                        kknudsen@ruizandsmart.com

9                                        *Counsel for Randy Lindquist*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

LINDQUIST'S RESPONSE TO ALLSTATE'S                    **RUIZ & SMART PLLC**
MOTION FOR RELIEF FROM DEADLINE, TO                   1200 Fifth Ave., Ste. 1220
EXTEND DISCOVERY, TO COMPEL, AND FOR                  Seattle, WA 98101
SANCTIONS                                             Tel. 206-203-9100 Fax 206-785-1702
(No. 2:20-cv-01508-JLR) - 13