UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY,<br><br>     Plaintiff,<br><br>v.<br><br>RANDY LINDQUIST, et al.,<br><br>     Defendants. | CASE NO. C20-1508JLR<br><br>ORDER |

## I.  INTRODUCTION

Before the court is Plaintiff Allstate Indemnity Company's ("Allstate") motion to extend the discovery-related motions deadline and discovery cutoff, to compel further discovery, and for sanctions against Mr. Lindquist and his counsel. (Mot. (Dkt. # 172); Reply (Dkt. # 183).) Mr. Lindquist opposes the motion. (Resp. (Dkt. # 190).) The court

//
//

ORDER - 1

has considered the parties' submissions, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court DENIES Allstate's motion.

## II.     BACKGROUND

This case stems from a fire that burned down Mr. Lindquist's house at 6920 Fisher Road in Edmonds, WA (the "Fisher Road House") on December 25, 2019. (Compl. (Dkt. # 1) ¶¶ 3.12.) The Fisher Road House was subject to an insurance policy issued by Allstate to Mr. Lindquist. (*Id.* ¶ 3.1.) The background facts have been summarized in the court's prior orders, so the court focuses below on those facts most relevant to the instant motion. (*See, e.g.*, 3/5/21 Order (Dkt. # 52) at 2-3; 11/24/21 Order (Dkt. # 117) at 2-5.)

The parties exchanged initial disclosures on December 15, 2020. (*See* Sched. Order (Dkt. # 11) at 1; 4/14/22 (Dkt. # 173) ¶ 10, Ex. H ("Initial Disclosures").) Mr. Lindquist disclosed that Craig Sternberg and Roger Howson were "likely to have discoverable information that" would "support his claims and defenses." (Initial Disclosures at 3.) Specifically, he disclosed that Mr. Sternberg had discoverable information related to his prior foreclosure action against JPMorgan Chase Bank, N.A. ("Chase"), and that Mr. Howson had discoverable information related to his proofs of loss and the "[i]ndustry standards that apply to the handling of first-party property claims in Washington." (*See id.*)

//

//

---

[1] The parties do not request oral argument (*see* Mot. at 1; Resp. at 1), and the court concludes that oral argument would not be helpful to its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

On February 16, 2022, Mr. Lindquist timely disclosed to Allstate that he was designating Mr. Sternberg, Mr. Howson, and Thomas Lether as expert witnesses. (*See* Mot. at 2; Am. Sched. Order (Dkt. # 30) at 1.) On March 4, 2022, Allstate served Mr. Sternberg, Mr. Howson, and Mr. Lether with notices of deposition and document subpoenas. (*See* 4/14/22 O'Neill Decl. ¶¶ 3-5, Exs. A-C.) Allstate asked Mr. Sternberg to produce responsive records by April 6, 2022 and to sit for a deposition on April 13, 2022. (*See id.*, Ex. C at 2.[2]) It asked Mr. Howson to produce responsive records by March 22, 2022 and to sit for a deposition on March 29, 2022. (*See* 4/14/22 O'Neill Decl., Ex. A at 2.[3]) And it asked Mr. Lether to produce responsive records by March 29, 2022, and to sit for a deposition on April 5, 2022. (*See id.*, Ex. B at 2.[4])

On April 14, 2022, after the March 18, 2022 deadline for filing discovery-related motions had passed and on the cusp of the April 18, 2022 discovery cutoff date, Allstate filed the instant motion. (*See generally* Mot.; *see also* Am. Sched. Order at 1.)

### III.   ANALYSIS

Allstate requests an extension of the March 18, 2022 deadline for filing discovery-related motions and of the April 18, 2022 discovery cutoff and asks the court to compel (1) Mr. Sternberg to produce his complete files in hardcopy and electronic format and to

//

---

[2] "[D]ue to time constraints," Mr. Sternberg's deposition was "continued without objection." (*See* Mot. at 4.)

[3] Mr. Howson's deposition ultimately took place on March 28, 2022. (*See* 4/29/22 O'Neill Decl. ¶ 3, Ex. 1 at 1.)

[4] Mr. Lether's deposition was rescheduled to April 13, 2022. (*See* Lether Decl. (Dkt. # 188) ¶ 4, Ex. A (March 21, 2022 deposition notice).)

sit for a further deposition; (2) Mr. Howson to produce supplemental files; (3) Mr. Roberts to produce responsive records and to sit for a deposition; (4) Mr. Lindquist to sit for a further deposition and to provide his phone for examination; and (5) Mr. Lether to produce his complete file. (Mot. at 1.) Allstate further asks the court to strike Mr. Lether's declaration, and to sanction Mr. Lindquist and his counsel for their purported discovery violations. (*See* Reply at 2 n.9; Mot. at 12.)

The court first considers whether Mr. Lether's declaration should be stricken and then turns to consider whether Allstate has shown good cause for the court to extend the discovery-related motions deadline and discovery cutoff.

**A.     Allstate's Motion to Strike Mr. Lether's Declaration**

Allstate asks the court to strike Mr. Lether's declaration because "it is false and inflammatory." (*See* Reply at 2 n.9.) Allstate does not specify which portion of Mr. Lether's declaration contains false or inflammatory statements, but presumably objects to Mr. Lether's contention that Allstate failed to pay his expert fees and costs, that such failure is an established habit of Allstate's counsel, and that Allstate's counsel acted out of personal animosity toward Mr. Lether during his deposition. (*See* Lether Decl. ¶¶ 3, 10.) The court does not rely on the portion of Mr. Lether's declaration to which Allstate appears to object. Accordingly, Allstate's motion to strike is DENIED.

**B.     Allstate's Request to Extend the Discovery-Related Motions Deadline and Discovery Cutoff**

Allstate asks the court to extend the March 18, 2022 deadline for discovery-related motions and April 18, 2022 discovery cutoff so that the court may compel Mr. Lindquist

to provide further discovery and award sanctions against Mr. Lindquist and his counsel. (Mot. at 1.) Specifically, Allstate seeks additional discovery against five individuals: (1) Mr. Sternberg; (2) Mr. Howson; (3) Mr. Roberts; (4) Mr. Lindquist; and (5) Mr. Lether. (*See id.*) It contends that good cause exists to extend the discovery-related deadlines because, through the discovery it has taken into Mr. Lindquist's designated expert witnesses, Allstate identified "**significant** discovery deficiencies" on Mr. Lindquist's part, which necessitate further discovery that could not have completed within the time provided by the amended scheduling order. (*See id.* at 6 (emphasis in original).)

"A motion for relief from a deadline should, whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline." Local Rules W.D. Wash. LCR 7(j). The court may grant relief from fixed deadlines, including those set by its scheduling order, only "for good cause." *See* Fed. R. Civ. P. 6(b); (*see also* Am. Sched. Order at 2.) A party's "failure to complete discovery within the time allowed is not recognized as good cause." (Am. Sched. Order at 2.) "This standard 'primarily considers the diligence of the party seeking the amendment.'" *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (quoting *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992)).

As discussed below, Allstate had ample opportunity to pursue the discovery it now seeks an extension to complete. Its failure to complete discovery and raise disputes before the court in a timely manner reflects a lack of diligence on Allstate's part, which undercuts its claim that good cause exists to extend the expired discovery deadlines.

//

### 1. Mr. Sternberg

Allstate seeks to compel Mr. Sternberg to produce his complete file and to sit for a re-deposition. (Mot. at 11.) It contends that Mr. Sternberg's production was untimely and incomplete, which "deprived Allstate of the opportunity to prepare for Mr. Sternberg's deposition." (*Id.*) However, Allstate was aware that Mr. Sternberg had information relevant to Mr. Lindquist's claims and defenses, at the absolute latest, by the December 15, 2020 initial disclosure date. (*See* Initial Disclosures at 3; *see also* 11/30/20 Sternberg Decl. (Dkt. # 17).) It could have taken his deposition and requested his files related to Mr. Lindquist and the Fisher Road House at any point thereafter, yet it waited until March 4, 2022, to serve its subpoena, and set the document production deadline and deposition on dates after the discovery motions deadline had passed. (*See* 4/14/22 O'Neill Decl., Ex. C at 2 (requesting Mr. Sternberg produce records by April 6, 2022 and sit for an April 13, 2022 deposition).) Allstate contends that "there was no way for [it] to anticipate the new facts that the expert file production would bring to light." (Mot. at 6.) That misses the point. If Allstate had exercised greater diligence and sought discovery against Mr. Sternberg sooner, it could have reviewed his productions, used them in deposition, and litigated any disputes within the time allotted by the amended scheduling order.

### 2. Mr. Howson

Allstate also asks the court to extend the discovery-related motions deadline and discovery cutoff and to compel Mr. Howson's "complete file," including handwritten notes Mr. Lindquist provided to him. (*See* Mot. at 12.) As with Mr. Sternberg, Allstate

set the deadline for Mr. Howson to produce records after the motions deadline had expired, thereby foreclosing the possibility that disputes could have been litigated in a timely manner. (*See* 4/14/22 O'Neill Decl., Ex. A at 2 (requesting that Mr. Howson produce responsive records by March 22, 2022).) Allstate's failure to do so, when it has been aware of Mr. Howson's involvement with this matter since at least November 2020, illustrates its lack of diligence in seeking discovery against Mr. Howson. (*See* Initial Disclosures at 3; *see also* 11/30/20 Howson Decl. (Dkt. # 18).) Accordingly, Allstate has not shown that good cause exists to extend the motions deadline or discovery cutoff to permit further discovery against Mr. Howson.

Furthermore, it is not clear what additional files Allstate seeks from Mr. Howson. Mr. Howson contends that he provided his files to Allstate in advance of his deposition and, shortly thereafter, provided email correspondence to Allstate and also "confirmed there were no handwritten notes related to this matter." (*See* 4/25/22 Howson Decl. (Dkt. # 186) ¶ 3; *see also* 4/29/22 O'Neill Decl. ¶ 5, Ex. 3 at 1; *id*. ¶ 4, Ex. 2.) Allstate complains that Mr. Howson produced email records after his deposition and the discovery cutoff, but does not contend that it is entitled to further records or to depose Mr. Howson on his emails. (*See generally* Reply.; *see also* Mot. at 1.) Accordingly, there is no reason to extend the motions deadline or discovery cutoff so that Allstate can compel further discovery against Mr. Howson.

3. <u>Mr. Roberts</u>

Allstate also asks the court to compel Mr. Lindquist to make Mr. Roberts available for a deposition as a fact witness, and argues that Mr. Lindquist has wrongly prevented

ORDER - 7

that discovery by erroneously designating Mr. Roberts as a consulting expert.  (*See* Mot. at 7-10.)  It asserts that it learned that Mr. Lindquist retained Mr. Roberts as a fire investigator through "newly discovered evidence" obtained from Mr. Howson, and argues that an extension of the motions deadline and discovery cutoff is justified on that basis.  (*See* Mot. at 3 (citing 4/14/22 O'Neill Decl. ¶ 12, Ex. J at 1 (Mr. Howson's activity log showing that he was in touch with Mr. Roberts in June 2020); *id.* at 6-7.)  Because the court concludes that Allstate's decision to wait until April 2022 to depose Mr. Howson reflects a lack of diligence (*see supra* at 6-7), Allstate cannot show good cause to extend the discovery deadlines by arguing that it must have an opportunity to depose Mr. Roberts with evidence it could have obtained at an earlier date.

But even if Allstate was diligent in pursuing discovery against Mr. Howson and in obtaining the activity log showing his contact with Mr. Roberts, that hardly makes Mr. Roberts's involvement with Mr. Lindquist a newly discovered fact to Allstate.  Indeed, Allstate's own fire investigator, Mark Crowley, testified that Mr. Roberts contacted him in March 2020 to make sure Mr. Crowley had no "object[ion] to [Mr. Roberts] going up and looking at the fire scene" at the Fisher Road House.  (*See* 4/14/22 O'Neill Decl. ¶ 11, Ex. I at 90:21-25; 91:1-12; *see also* Roberts Decl. (Dkt. # 187) ¶ 4 (recalling that he "reached out to Mark Crowley from EFI-Global a single time for the sole purpose of asking if he had any objection to the possibility of visiting the site").)  Furthermore, Mr. Lindquist's counsel wrote to Allstate's counsel on July 8, 2020 to ask that cause-and-origin-related evidence gathered by Allstate "be immediately made available to [Mr. Lindquist's] own cause-and-origin consultant."  (*See* 4/25/22 Knudsen Decl. (Dkt. # 184)

¶ 8, Ex. D at 1.)  Thus, Allstate had ample notice that Mr. Lindquist had, at least tentatively, hired a fire investigator, and even had notice that the fire investigator under consideration was Mr. Roberts.  And yet, Allstate failed to seek discovery against Mr. Roberts until March 30, 2022.  (*See* 4/14/22 O'Neill Decl. ¶ 13, Ex. K at 2, 4.)  That reflects a lack of diligence on Allstate's part.

        4.      Mr. Lindquist

Allstate also fails to establish that good cause exists to extend the motions deadline and discovery cutoff to compel additional discovery against Mr. Lindquist. Allstate seeks an opportunity to re-depose Mr. Lindquist with the benefit of records it has obtained, or hopes to obtain through this motion to compel, from Mr. Sternberg and Mr. Roberts.  (*See* Mot. at 11.)  But Allstate was not diligent in pursuing discovery against Mr. Sternberg or Mr. Roberts (*see supra* at 6-9), so it cannot show good cause by arguing that it needs more time to re-depose Mr. Lindquist with evidence it failed to diligently pursue prior to his deposition.

Allstate's argument that Mr. Lindquist concealed evidence of a settlement agreement with Chase does not change this result.  (*See id.* at 12.)  Allstate relies on a letter produced by Mr. Sternberg, which shows that, on behalf of Mr. Lindquist, Mr. Sternberg and Chase discussed a settlement agreement regarding the Fisher Road House. (*See* 4/14/22 O'Neill Decl. ¶ 9, Ex. G.)  As Mr. Sternberg confirms, however, no deal was ultimately reached.  (*See* 4/25/22 Knudsen Decl. ¶ 13, Ex. I at 57:14-58:14).  Thus, Mr. Lindquist did not need to disclose the settlement effort with Chase in response to

//

Allstate's interrogatory, which asked whether he had "entered into any agreements with JPMorgan Chase." (*See* 4/14/22 O'Neill Decl. ¶ 26, Ex. X at 1.)

Allstate fares no better in its request to extend the motions deadline and discovery cutoff to examine the cell phone Mr. Lindquist had at the time of the fire. (*See* Mot. at 4.) As Allstate notes, "Mr. Lindquist testified he still ha[d] the phone" during his examination under oath, which took place on August 13, 2020. (*See id.* (citing Leid Decl. (Dkt. # 9) ¶ 5, Ex. C at 69:4-15.) Allstate does not explain why it waited until February 15, 2022 to request Mr. Lindquist's phone, or why it waited another two months to seek an order compelling production of that evidence. (*See* 4/14/22 O'Neill Decl. ¶ 24, Ex. V (February 15, 2022 spoliation notice regarding Mr. Lindquist's phone).)

Because Allstate failed to diligently pursue the evidence it wishes to use in re-deposing Mr. Lindquist, good cause does not exist to extend the motions deadline or discovery cutoff.

5.   Mr. Lether

Finally, Allstate asks the court to extend the motions deadline and discovery cutoff in order to compel Mr. Lether to produce his complete file. (*See* Mot. at 1, 12.) As with the other expert witnesses, Allstate set the deadline for Mr. Lether to produce records on a date after the motions deadline had expired, thereby foreclosing the possibility of resolving disputes in a timely manner. (*See* 4/14/22 O'Neill Decl., Ex. B at 2 (initially requesting that Mr. Lether produce responsive records by March 29, 2022).) In any event, Mr. Lether appears to have produced the entirety of his file, so it is not clear what Allstate would gain from additional time to conduct discovery against him. (*See* Lether

Decl. ¶ 8, Ex. C (providing non-privileged materials electronically to Allstate's counsel on April 22, 2022).) Although Allstate complains that these records were produced after the discovery cutoff, it does not argue that anything is missing from Mr. Lether's production or that these recently produced records warrant further discovery. (*See* Reply at 2.) Accordingly, there is no reason to extend the motions deadline or discovery cutoff based on Mr. Lether's conduct in discovery.

**C.    Allstate's Motion to Compel Further Discovery and for Sanctions**

Allstate has failed to show good cause that would justify an extension of the March 18, 2022 motions deadline or April 18, 2022 discovery cutoff. Accordingly, its motion to compel further discovery and for sanctions against Mr. Lindquist and his counsel, which was filed on April 14, 2022, is DENIED as untimely. (*See* Mot.; *see also* Am. Sched. Order at 1.)

## IV.    CONCLUSION

For the foregoing reasons, Allstate's motion for relief from the discovery-related motions deadline and discovery cutoff, to compel further discovery, and for sanctions against Mr. Lindquist and his counsel (Dkt. # 172) is DENIED.

Dated this 6th day of May, 2022.

JAMES L. ROBART
United States District Judge

ORDER - 11