1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

15

ALLSTATE INDEMNITY
COMPANY,

                    Plaintiff,

        v.

RANDY LINDQUIST, et al.,

                    Defendants.

CASE NO. C20-1508JLR

ORDER ON MOTION FOR
RECONSIDERATION

16

17

18

19

20

21

22

Before the court is Plaintiff Allstate Indemnity Company's ("Allstate") motion for

clarification or reconsideration of the court's May 6, 2022 order denying Allstate's

motion to extend the discovery-related deadlines, to compel further discovery, and for

sanctions against Defendant Randy Lindquist and his counsel.  (Mot. (Dkt. # 206); 5/6/22

Order (Dkt. # 194); Extension Mot. (Dkt. # 172).)  Allstate argues that, in denying the

extension motion, the court construed the relief Allstate requested with respect to Mr.

Lindquist and Craig Sternberg—a designated expert witness for Mr. Lindquist—too

ORDER - 1

1    narrowly, and failed to address whether Mr. Lindquist waived attorney-client privilege

2    over communications with Mr. Sternberg by designating him as an expert.  (*See* Mot. at

3    1-2.)  Allstate thus asks the court to "rule on the issue of the waiver of the attorney client

4    privilege," compel Mr. Sternberg to produce additional files and attend a further

5    deposition, and compel Mr. Lindquist to testify at a further deposition without invoking

6    attorney-client privilege over his communications with Mr. Sternberg.  (*See id.* at 2.)

7         "Motions for reconsideration are disfavored," and "the court will ordinarily deny

8    such motions" unless the moving party shows (a) "manifest error in the prior ruling," or

9    (b) "new facts or legal authority which could not have been brought to [the] attention [of

10   the court] earlier with reasonable diligence."  Local Rules W.D. Wash. LCR 7(h)(1).

11   Allstate does not argue that new facts or legal authority require the court to reconsider its

12   prior order.  (*See generally* Mot.)  Rather, it merely "disputes" the court's finding that it

13   failed to show diligence in pursuing discovery against Mr. Sternberg.  (*See id.* at 2.)  That

14   Allstate disagrees with the court's ruling declining to extend the discovery-related

15   motions deadline is not a reason for the court to reconsider its ruling.  Whether discovery

16   deadlines should be extended rests within the sound discretion of the court, not the

17   requesting party.  *See Century 21 Real Est. Corp. v. Sandlin*, 846 F.2d 1175, 1181 (9th

18   Cir. 1988) (noting the court's "broad authority to regulate the conduct of discovery").

19        As the court previously explained, Allstate failed to show sufficient diligence by

20   waiting several weeks after Mr. Sternberg was designated as an expert before serving him

21   with discovery requests and, even then, setting the document production deadline and

22   deposition on dates after the discovery-related motions deadline had passed.  (*See* 5/6/22

ORDER - 2

1   Order at 6.)  That approach foreclosed any possibility that disputes between Allstate and

2   Mr. Sternberg could have been resolved within the time permitted in the court's

3   scheduling order.  (*See id.*)  Accordingly, the court found that good cause did not exist to

4   extend the discovery-related motions deadline.  (*See id.*)  Because the court declined to

5   extend the discovery-related motions deadline, there was no reason for it to consider—let

6   alone decide—the merits of the waiver issue Allstate raised in its untimely motion to

7   compel.  (*See id.* at 11; *see also* Extension Mot. at 9-10 (raising waiver arguments in

8   support of its motion to compel).)

9         For the foregoing reasons, Allstate's motion for reconsideration or clarification of

10  the court's May 6, 2022 order (Dkt. # 206) is DENIED.

11        Dated this 23rd day of May, 2022.

12

13        _____

14        JAMES L. ROBART
          United States District Judge

15

16

17

18

19

20

21

22

ORDER - 3