UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY,<br><br>            Plaintiff,<br><br>    v.<br><br>RANDY LINDQUIST, et al.,<br><br>            Defendants. | CASE NO. C20-1508JLR<br><br>ORDER |

## I.    INTRODUCTION

Before the court is a motion filed by Plaintiff Allstate Indemnity Company ("Allstate"), which asks the court to reconsider, amend, or grant Allstate relief from the court's summary judgment order, separate judgment order, and entry of final judgment to Defendant JPMorgan Chase Bank, N.A. ("Chase"). (Mot. (Dkt. # 195); 1/18/22 Order (Dkt. # 126); 4/6/22 Order (Dkt. # 168); Judgment (Dkt. # 169).) Chase opposes the motion. (Resp. (Dkt. # 209).) The court has considered the parties' submissions, the

ORDER - 1

relevant portions of the record, and the applicable law.  Being fully advised,[1] the court DENIES Allstate's motion.

## II.   BACKGROUND

The court has previously described the factual background in this matter (*see* 11/24/21 Order (Dkt. # 117) at 2-5; 1/18/22 Order at 2-5) and, thus, limits its description here to the facts most relevant to the instant motion.

This case stems from a fire that burned down Mr. Lindquist's house at 6920 Fisher Road in Edmonds, WA (the "Fisher Road House") on December 25, 2019.  (Compl. (Dkt. # 1) ¶¶ 1.3, 3.12.)  Allstate, through its agent Melody Grondahl, sold Defendant Randy Lindquist a homeowner's insurance policy for the Fisher Road House in 2004 and renewed the Policy on an annual basis thereafter.  (*See* 10/21/21 Argiannis Decl. (Dkt. # 101) ¶ 4, Ex. B (the "Policy"); *see also* 11/8/21 Haist Decl. (Dkt. # 109) ¶ 6, Ex. 5 at 121:12-122:11; 11/8/21 Haist Decl. ¶ 5, Ex. 4 at 150:17-21; Skibinski Decl. (Dkt. # 102) ¶ 8.)  The Policy includes a Lender's Loss Payable Endorsement, which—with certain exceptions—protects a lender from having its interests in the insurance coverage "invalidated" or "suspended" by the acts or omissions of the insured.  (*See* 10/21/21 Argiannis Decl. ¶ 4, Ex. B at 39 ¶ 2 ("Lender's Loss Payable Endorsement").)

Chase's involvement stems from a loan Mr. Lindquist took out from Golf Savings Bank in 2007, for which he executed a promissory note that was secured with a deed of

//

---

[1] The parties have not requested oral argument (*see* Mot. at 1; Resp. at 1), and the court concludes that oral argument would not be helpful to its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

trust that encumbered the Fisher Road House. Both the promissory note and deed of trust were subsequently indorsed to Chase. (*See* 10/21/21 Argiannis Decl. ¶ 7, Ex. E at 11-17, 19-39.)

Approximately two months after Mr. Lindquist submitted proofs of loss to Allstate, Allstate filed this lawsuit seeking a declaratory judgment that it owes no coverage to either Mr. Lindquist or Chase. (*See generally* Compl.) Allstate subsequently moved for partial summary judgment against Chase arguing, in part, that Chase could not recover under the Policy because it knew that Mr. Lindquist had vacated the Fisher Road House, had a duty to report occupancy changes to Allstate, and failed to do so. (*See* 1/18/22 Order at 5.) Chase cross-moved on that same issue and argued that it had no duty under the Policy to report occupancy changes at the Fisher Road House to Allstate and, even if it did, it was nevertheless entitled to coverage pursuant to the Lender's Loss Payable Endorsement. (*See id.*) The court agreed that Chase was not obligated to report anything to Allstate under the terms of the Policy and, even if it was, the Lender's Loss Payable Endorsement guaranteed coverage. (*See id.* at 12, 15.) Accordingly, the court granted summary judgment to Chase. (*See id.* at 15.)

Chase subsequently asked the court to enter separate, final judgment in its favor pursuant to Federal Rule of Civil Procedure 54(b). (*See* 4/6/22 Order at 1.) While that motion was pending, Allstate propounded discovery on Chase, arguing that the discovery would reveal that Chase misrepresented its understanding of its reporting obligations under the Policy and support reconsideration of the court's order granting summary judgment to Chase. (*See* 3/22/22 Order (Dkt. # 160) at 2.) The court concluded that

1  "Allstate's desired fact discovery would have no legal effect on the validity of the
2  January 18, 2022 order" and, accordingly, entered an order protecting Chase from
3  Allstate's discovery request.  (*See id.* at 2-3.)  Thereafter, the court granted Chase's
4  motion for separate judgment and entered final judgment in Chase's favor.  (*See* 4/6/22
5  Order at 6; Judgment.)

## III.  ANALYSIS

7  Allstate moves under Federal Rules of Civil Procedure 59(e) and 60(b)(2)-(3), as
8  well as Local Civil Rule 7(h), and asks the court to reconsider, amend, or grant Allstate
9  relief from the court's summary judgment order, separate judgment order, and entry of
10  final judgment.  (*See generally* Mot.)  The court previously denied as untimely the
11  portion of Allstate's motion seeking reconsideration pursuant to Local Civil Rule 7(h).
12  (*See* 5/10/22 Order (Dkt. # 197) at 2); *see also* Local Rules W.D. Wash. LCR 7(h).  Thus,
13  it considers below only Allstate's arguments for relief under Federal Rules of Civil
14  Procedure 59(e) and 60(b)(2)-(3).  Allstate argues that the court should grant relief under
15  those rules in light of "newly discovered evidence" showing that "Chase has
16  affirmatively been aware that Mr. Lindquist vacated the Fisher Road [House] in 2011."
17  (*See* Mot. at 2.)

18  Specifically, Allstate argues that it is entitled to relief under Rule 60(b)(2) because
19  it was only recently able to obtain:  (1) a 2013 appraisal of the Fisher Road House (5/6/22
20  O'Neill Decl. (Dkt. # 196) ¶ 4, Ex. 2 ("2013 Appraisal") at 4-33); (2) a 2018 appraisal of
21  the Fisher Road House (5/6/22 O'Neill Decl. ¶ 6, Ex. 4 ("2018 Appraisal") at 5-52); (3) a
22  July 12, 2019 letter sent by Mr. Lindquist's counsel, Craig Sternberg, to Chase's counsel

stating that, if turned over to Chase, the Fisher Road House would likely "be demolished" (*see* 4/14/22 O'Neill Decl. (Dkt. # 173) ¶ 9, Ex. G ("Sternberg Letter")); and (4) a transcript of Mr. Lindquist's testimony at his bankruptcy confirmation proceeding in 2013 (5/4/22 O'Neill Decl. (Dkt. # 193) ¶ 3, Ex. 1 ("Confirmation Hearing Transcript")). (*See* Mot. at 8.[2]) Allstate further contends that it is entitled to relief under Rule 60(b)(3) because this information "was improperly withheld . . . in discovery" and misrepresented to the court, thereby denying Allstate the chance to "fully and fairly present[] its case" and permitting Chase to prevail on summary judgment. (*See* Mot. at 7-8.)

After describing the applicable legal standards, the court turns to consider whether Allstate is entitled to relief under Rules 59(e) or 60(b)(2)-(3).

**A.   Legal Standards**

Pursuant to Rule 59(e), a district court may reconsider and amend a previous order and judgment, provided the motion is "filed no later than 28 days after the entry of the judgment." *See* Fed. R. Civ. P. 59(e).  Under Rule 60(b)(2) and (3), the court may also grant relief "from a final judgment, order, or proceeding" upon a showing of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," Fed. R. Civ. P. 60(b)(2), or "fraud

//

---

[2] Allstate also mentions a January 19, 2020 letter sent by Chase to Allstate disclosing a change in risk at the Fisher Road House, but does not argue that this letter is part of the newly discovered evidence that supports its motion. (*See id.* at 7-8; *see also* Allstate Ltr. Br. (Dkt. # 157), Ex. B (attaching the January 19, 2020 letter).)  To the extent Allstate intended to make that argument, the court rejects it as foreclosed by the court's prior finding that Allstate could have obtained the letter earlier with reasonable diligence and that it would not have any legal effect on the court's order granting summary judgment to Chase. (*See* 3/22/22 Order at 2.)

(whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party," Fed. R. Civ. P. 60(b)(3).  Where relief is sought on the basis of newly discovered evidence under Rule 60(b)(2), the evidence "must be of 'such magnitude that production of it earlier would have been likely to change the disposition of the case.'" *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003) (quoting *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 211 (9th Cir. 1987)).  Where relief is sought under Rule 60(b)(3) on the basis of the opposing party's fraud, misrepresentation, or misconduct, "'the moving party must prove by clear and convincing evidence that . . . the conduct complained of prevented the losing party from fully and fairly presenting the defense.'"  *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) (quoting *De Saracho v. Custom Food Machinery, Inc.*, 206 F.3d 874, 880 (9th Cir. 2000)).

**B.  Relief Under Rule 59(e)**

Allstate's motion for relief under Rule 59(e) is untimely.  As stated above, motions made under that rule must be filed "no later than 28 days after the entry of the judgment," *see* Fed. R. Civ. P. 59(e), with "no possibility of an extension" of that deadline, *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020); Fed. R. Civ. P. 6(b)(2) (prohibiting courts from extending Rule 59(e)'s deadline).  The court entered judgment for Chase on April 6, 2022.  (*See* 4/6/22 Order; Judgment.)  Accordingly, Allstate's motion, filed on May 6, 2022, was filed two days too late.

//

//

**C.      Relief Under Rule 60(b)(2)-(3)**

Allstate's motion is timely under Rule 60(b)(2)-(3), *see* Fed. R. Civ. P. 60(c) (requiring motions made under Rule 60(b)(2) and (3) to be brought within a year of the order or judgment at issue), but fails on its merits.

      1.      Relief Under Rule 60(b)(2)

Allstate's motion fails under Rule 60(b)(2) because, even if the evidence on which it relies could not have been located earlier with reasonable diligence, it "would not have propelled [Allstate] over the hurdle of summary judgment" or otherwise "change[d] the disposition of the case." *See Coastal Transfer Co.*, 833 F.2d at 212. By Allstate's own account, its new evidence "establishes Chase knew about the vacancy" at the Fisher Road House "in 2013." (*See* Mot. at 7.) That would do nothing, however, to disturb the court's grant of summary judgment to Chase, which was based on its determination that the Policy imposes no "reporting obligation on Chase" and that "the Lender's Loss Payable Endorsement would provide coverage to Chase even if Chase had intentionally concealed facts about the Fisher Road House's occupancy status to Allstate in breach of some Policy provision." (*See* 1/18/22 Order at 12, 15.) Nor would it disturb the court's order granting separate and final judgment to Chase, which was based on the court's conclusion that its summary judgment order was final because it "turned on a legal issue distinct to Chase—*i.e.*, an interpretation of the Lender's Loss Payable Endorsement—that will not be affected by adjudication of the remaining factual or legal issues in this case." (*See* 4/6/22 Order at 3; *see also* 3/22/22 Order at 2 (entering protective order and holding that "Allstate's desired fact discovery would have no legal effect on the validity of the

ORDER - 7

January 18, 2022 order, which granted summary judgment to Chase based on the meaning of an endorsement in the at-issue insurance policy").) Because the new evidence Allstate identifies would not have been "'likely to change the disposition of the case,'" Allstate's claim fails under Rule 60(b)(2). *See Feature Realty, Inc.*, 331 F.3d at 1093 (quoting *Coastal Transfer Co.*, 833 F.2d at 211); Fed. R. Civ. P. 60(b)(2).

### 2. Relief Under Rule 60(b)(3)

Allstate also argues that it is entitled to relief under Rule 60(b)(3) because Chase intentionally concealed the 2013 and 2018 Appraisals, Confirmation Hearing Transcript, and Sternberg Letter in discovery; misrepresented to the court what those documents purportedly show; and obtained a judgment in its favor on that fraudulent basis. (*See* Mot. at 8.) Chase argues in response that relief under Rule 60(b)(3) is not warranted because the information Allstate points to was neither wrongfully concealed by Chase nor diligently pursued by Allstate, did not prevent Allstate from arguing its position at summary judgment, and would not have changed the summary or separate judgment result. (*See* Resp. at 7-12.)

"'Failure to disclose or produce materials requested in discovery can constitute 'misconduct' within the purview of [Rule 60(b)(3)].'" *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 879 (9th Cir. 1990) (quoting *Anderson v. Cryovac, Inc.*, 862 F.2d 910 (1st Cir. 1988)). Further, "'when the case involves the withholding of information called for by discovery, the [moving] party need not establish that the result in the case would be altered.'" *Id.* (quoting *Bunch v. United States*, 680 F.2d 1271, 1283 (9th Cir. 1982)). However, the moving party must still demonstrate by clear and convincing evidence "that

the alleged discovery misconduct '*substantially* . . . interfered' with the 'aggrieved party's ability fully and fairly to prepare for and proceed at trial.'" *Hausman v. Holland Am. Line-U.S.A.*, No. CV13-0937BJR, 2016 WL 51273, at *3 (W.D. Wash. Jan. 5, 2016) (emphasis in original) (quoting *West v. Bell Helicopter Textron, Inc.*, 803 F.3d 56, 67 (1st Cir. 2015)); *see also Casey*, 362 F.3d at 1260 (quoting *De Saracho*, 206 F.3d at 880). To do that, the moving party can either "establish that the discovery misconduct 'precluded inquiry into a plausible theory of liability, denied it access to evidence that could well have been probative on an important issue, or closed off a potentially fruitful avenue of direct or cross examination.'" *See Hausman*, 2016 WL 51273, at *3; *see also Jones*, 921 F.2d at 879. Alternatively, the movant can show that discovery material was intentionally withheld, in which case it will benefit from a presumption of substantial interference. *See Hausman*, 2016 WL 51273, at *3; *see also Jones*, 921 F.2d at 879.

Despite asserting that "Chase intentionally concealed the occupancy status of the Fisher Road [House]," Allstate fails to specify the particular discovery requests to which Chase allegedly failed to respond. (*See* Mot. at 8-9 (capitalization omitted).[3]) And, while Allstate notes that neither the 2013 and 2018 Appraisals nor the names of expert witnesses Chase used in Mr. Lindquist's bankruptcy proceeding were disclosed, it fails to establish that Chase intended to use those records or witnesses in this matter and was, therefore, obligated to disclose that information. (*See id.* at 6-7); *see also* Fed. R. Civ. P. 26(a)(1)(A) (requiring disclosure of information the disclosing party might "use to

---

[3] The court previously found that the Sternberg Letter was not encompassed by Allstate's discovery requests to Chase. (*See* 5/20/22 (Dkt. # 207) at 6.)

support its claims or defenses"); *see also* Fed. R. Civ. P. 26(a)(2)(A) (requiring disclosure of any expert witness that may be used at trial). The information on which Allstate focuses seems to support its own claims and defenses, not Chase's, and the court will not, absent a persuasive argument from Allstate, assume Chase violated its Rule 26 disclosure obligations. *See Ramirez v. Zimmerman*, No. 17-CV-1230-BAS-AHG, 2020 WL 905603, at *7 (S.D. Cal. Feb. 25, 2020) (finding plaintiffs failed to show a disclosure violation where they failed to explain why they believed the defendant might have used an undisclosed document to support a claim or defense). Thus, Allstate fails to establish by clear and convincing evidence that Chase wrongfully concealed anything in discovery, let alone that it did so intentionally.

Nor does Allstate establish that Chase misrepresented its awareness of the Fisher Road House's vacancy status to the court. (*See* Mot. at 9 (citing Allstate MSJ Resp. (Dkt. # 108) at 18:22-27, 19:1-12).) Chase opposed Allstate's summary judgment motion by arguing that Allstate's evidence was insufficient to prevail on its motion. (*See* Allstate MSJ Resp. at 18:22-27, 19:1-12.[4]) That does not constitute a misrepresentation to the court, especially since Chase also presented evidence showing that an inspector it retained reported that the Fisher Road House was occupied as late as August 11, 2019, which led the court to find that a genuine factual dispute existed. (*See* 1/18/22 Order at 10-11.)

//

---

[4] To mirror Allstate's brief, the court cites to Chase's summary judgment response brief using the CM/ECF page numbers.

1    In any event, Allstate's Rule 60(b)(3) claim would still fail, even if it could
2    establish Chase's discovery misconduct, because it has not shown that the allegedly
3    wrongfully withheld information caused "substantial interference" with its ability to
4    present its case. *See Jones*, 921 F.2d at 879 (stating that, if discovery misconduct is
5    established, "the district court must make a fresh determination whether [the movant] has
6    demonstrated 'substantial interference'").[5]  Allstate might have made that showing by
7    explaining "'the material's likely worth as trial evidence,' or 'by elucidating its value as
8    a tool for obtaining meaningful discovery.'" *See id.* (quoting *Anderson*, 862 F.2d at 926);
9    *see also Hausman*, 2016 WL 51273, at *3 (finding that "substantial interference" could
10   be shown where undisclosed information "'precluded inquiry into a plausible theory of
11   liability, denied [the moving party] access to evidence that could well have been
12   probative on an important issue, or closed off a potentially fruitful avenue of direct or
13   cross examination'" (quoting *West*, 803 F.3d at 67).)  Allstate makes no arguments in that
14   regard, but merely concludes that it was "prevented . . . from fully and fairly presenting
15   its case," seemingly because the allegedly withheld information would have
16   "establish[ed] Chase knew the occupancy status of the [Fisher Road House], and that the
17   [Fisher Road House] was in fact vacant." (*See* Mot. at 8.)

   Allstate plainly suffered no "substantial interference" in its ability to argue that
19   Chase knew about the Fisher Road House's vacancy and failed to inform Allstate of that
20   //

---

[5] Because the court concludes that Allstate failed to show that Chase intentionally concealed discovery material from it, it is not entitled to "a presumption of substantial interference." *See id.*

ORDER - 11

fact. Indeed, Allstate vigorously argued that point, first, in support of its own motion for summary judgment, and then, in opposition to Chase's cross-motion. (*See, e.g.*, Allstate MSJ (Dkt. # 100) at 9-10; Chase X-MSJ Resp. (Dkt. # 116) at 3; Allstate MSJ Reply (Dkt. # 118) at 3.) That full throated effort was unavailing, however, because the court concluded, as a matter of law, that "the Lender's Loss Payable Endorsement would provide coverage to Chase even if Chase had intentionally concealed facts about the Fisher Road House's occupancy status to Allstate in breach of some Policy provision." (*See* 1/18/22 Order at 15; *see also* 4/6/22 Order at 3.) Allstate cannot show "substantial interference" based on its purported inability to supplement a proposition the court assumed was true but legally irrelevant to its decision to grant judgment in Chase's favor.[6] *See De Saracho*, 206 F.3d at 880 ("Rule 60(b)(3) 'is aimed at judgments which were unfairly obtained, not at those which are factually incorrect.'") (quoting *In re M/V Peacock,* 809 F.2d 1403, 1405 (9th Cir. 1987)).

## IV.     CONCLUSION

For the foregoing reasons, Allstate's motion asking the court to reconsider, amend, or grant Allstate relief from the court's summary judgment order, separate judgment order, and entry of final judgment to Chase (Dkt. # 195) is DENIED.

---

[6] Allstate's motion would fail for the same reason if it had established that Chase *intentionally* concealed information from it in discovery. Such a conclusion would merely entitle Allstate to a presumption of "substantial interference," *see Jones*, 921 F.2d at 879, which could be rebutted with "'clear and convincing evidence demonstrating that the withheld material was in fact inconsequential,'" *Hausman*, 2016 WL 51273, at *3 (quoting *West*, 803 F.3d at 68). As stated above, the undisclosed information Allstate focuses on was of no consequence to the court's orders granting summary and final judgment to Chase. (*See* 1/18/22 Order at 12, 15; 4/6/22 Order at 3.)

Dated this 2nd day of June, 2022.

_____
JAMES L. ROBART
United States District Judge