UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> RANDY LINDQUIST, et al., <br><br> Defendants. | CASE NO. C20-1508JLR <br><br> ORDER DENYING MOTION FOR RECONSIDERATION |

Before the court is Plaintiff Allstate Indemnity Company's ("Allstate") motion for reconsideration of the court's May 23, 2022 order, which denied Allstate's motion for clarification or reconsideration of the court's May 6, 2022 order, which denied Allstate's motion to extend discovery-related deadlines, compel further discovery, and for sanctions against Defendant Randy Lindquist and his counsel. (Mot. (Dkt. # 219); 5/23/22 Order (Dkt. # 208); 5/6/22 Order (Dkt. # 194).)

//

ORDER - 1

1    Allstate asks the court to, again, reconsider its decision not to compel Craig
2    Sternberg, Mr. Lindquist's former bankruptcy attorney and current designated expert
3    witness, "to produce additional files and attend a further deposition" without invocation
4    of the attorney-client privilege protection.  (*See* 5/23/22 Order at 1-2; *see also* Mot. at
5    1-2.)  The court declined to reach the merits of that issue in its earlier orders because it
6    was not timely raised.  (*See* 5/6/22 Order at 11 (denying Allstate's motion to compel as
7    untimely because it "failed to show good cause that would justify an extension of the
8    March 18, 2022 motions deadline or April 18, 2022 discovery cutoff"); *see also* 5/23/22
9    Order at 3 ("Because the court declined to extend the discovery-related motions deadline,
10   there was no reason for it to consider—let alone decide—the merits of the waiver issue
11   Allstate raised in its untimely motion to compel.").)
12       "Motions for reconsideration are disfavored," and "the court will ordinarily deny
13   such motions" unless the moving party shows (a) "manifest error in the prior ruling," or
14   (b) "new facts or legal authority which could not have been brought to [the] attention [of
15   the court] earlier with reasonable diligence."  Local Rules W.D. Wash. LCR 7(h)(1).
16   Such motions must "be filed within fourteen days after the order to which it relates is
17   filed."  *Id.* LCR 7(h)(2).  Allstate seems to argue that the court committed manifest error
18   when it declined to reach the merits of Allstate's motion to compel further discovery
19   against Mr. Sternberg because it found that motion to be untimely.  (*See* Mot. at 1-2.)  In
20   a newly fashioned argument, Allstate contends that its motion to compel was not, in fact,
21   subject to the March 18, 2022 discovery-related motions deadline because Allstate sought
22   to compel discovery against an *expert witness*, thereby making its motion to compel

subject to the May 17, 2022 deadline for filing "dispositive motions and motions challenging expert witness testimony." (*See* Sched. Order (Dkt. # 30) at 1; *see also* Mot. at 1-2.)

As an initial matter, Allstate's motion is untimely to the extent it seeks further reconsideration of the court's May 6, 2022 order denying Allstate's motion to extend the discovery-related deadlines, as it plainly attempts to do. (*See generally* Mot.); *see also* Local Rules W.D. Wash. LCR 7(h)(2). Allstate tries to side-step the timing requirement imposed by the local rules by characterizing its motion as seeking reconsideration of the court's May 23, 2022 order denying reconsideration of its May 6, 2022 order. (*See* Mot.) Even if Allstate's third bite at this same, rotten apple is timely—and concluding it is would absurdly allow litigious parties to seek reconsideration of an issue in perpetuity—it nevertheless fails as disingenuously raised and legally incorrect.

Allstate's newly raised argument—that May 17, 2022 was the operative deadline for its motion to compel further discovery against Mr. Sternberg—is disingenuous because Allstate's earlier arguments and requested relief clearly show it understood that relief from the March 18, 2022 discovery-related motions deadline was a necessary predicate to the court reaching the issues raised in its motion to compel. (*See* Extension Mot. (Dkt. # 172) at 6-7 (requesting "relief from the deadline for discovery motions" and arguing that "good cause exists for allowing the . . . Motion to Compel and for Sanctions to Proceed"); Extension Reply (Dkt. # 190) at 4 (seeking relief from the discovery-related motions deadline and arguing that such relief "is necessary to allow this [c]ourt to review" Mr. Sternberg's invocation of attorney-client privilege "and rule on the same").)

ORDER - 3

1 Indeed, the May 17, 2022 deadline is not even raised in Allstate's earlier briefing. (*See*
2 *generally* Extension Mot.; Extension Reply; 5/19/22 Reconsideration Mot. (Dkt. # 206).)
3 Allstate's argument is also legally incorrect because the May 17, 2022 deadline to which
4 Allstate claims its motion to compel was subject governs dispositive motions and those
5 that specifically "challeng[e] expert witness testimony"—i.e., motions to *exclude* expert
6 witness testimony. (*See* Sched. Order at 1); *see also* Local Rules W.D. Wash. LCR
7 16(b)(4) ("Unless otherwise ordered by the court, parties shall file any motion to exclude
8 expert testimony . . . not later than the deadline to file dispositive motions."). That
9 deadline does not apply to motions to compel further discovery, regardless of whether the
10 deponent is a designated expert witness or not. *Compare id.* LCR 16(b)(4), *with id.* LCR
11 16(b)(3) (governing motions to compel discovery).

12 Allstate has now missed its opportunity for the court to compel further discovery
13 against Mr. Sternberg and the court will not revisit that decision, no matter how many
14 times Allstate asks. However, its claim that, absent reconsideration of that closed issue, it
15 "is left without recourse" and that the court will be "unable to determine the admissibility
16 of Mr. Sternberg's testimony for trial" is overstated. (*See* Mot. at 2-3.) The court does
17 not intend to allow the attorney-client privilege or the work product protection to be
18 "used both as a sword and a shield" at trial. *See Turner v. Univ. of WA*, No.
19 C05-1575RSL, 2007 WL 2984685, at *1 (W.D. Wash. Oct. 10, 2007) (quoting *Chevron*
20 *Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992)). To the extent Allstate
21 believes Mr. Lindquist intends to do so, it should raise those concerns through an *in*
22 *limine* motion, which the court will address in due course. *See id.* (noting that courts may

"exclude[] material that was withheld in discovery based on a claim of attorney-client privilege or the work product doctrine"); *see also Angeles Chem. Co. v. McKesson Corp.*, No. CV01RR10532TJHEX, 2009 WL 10673132, at *1 (C.D. Cal. Apr. 30, 2009) (granting *in limine* motion excluding expert testimony that was "based on documents withheld from discovery on the basis of the attorney-client privilege and work product privilege").

This is the fourth time Allstate has asked the court to reconsider an order. (*See* 2/7/22 Reconsideration Mot. (Dkt. # 129); 5/6/22 Reconsideration Mot. (Dkt. # 195); 5/19/22 Reconsideration Mot.; Mot.) Despite these numerous attempts, Allstate has yet to raise a meritorious argument for reconsideration, including—for the reasons given above—with respect to the instant motion. (*See* 2/9/22 Order (Dkt. # 130); 5/10/22 Order (Dkt. # 197); 5/23/22 Order; 6/2/22 Order (Dkt. # 214).) These efforts exceed the requirements of zealous advocacy. Indeed, the only inference the court can draw is that Allstate believes it will gain some strategic advantage by repeatedly filing such motions. The court strongly disfavors such tactics and admonishes Allstate for needlessly burdening the court's docket.

For the foregoing reasons, Allstate's motion for reconsideration (Dkt. # 219) is DENIED.

Dated this 8th day of June, 2022.

JAMES L. ROBART
United States District Judge