Honorable James L. Robart
Trial Date: August 16, 2022

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>RANDY LINDQUIST, an individual, and<br>JPMORGAN CHASE BANK, N.A.,<br><br>　　Defendants.<br><br>RANDY LINDQUIST, an individual,<br><br>　　Third-Party Plaintiff,<br><br>　　v.<br><br>MELODY J. GRONDAHL; G&J<br>RESTORATION, INC., doing business as<br>PAUL DAVIS OF GREATER SEATTLE,<br><br>　　Third-Party Defendants.<br>　　Defendants. | No. 2:20-cv-01508-JLR<br><br>**JOINT PRETRIAL ORDER** |

The parties preliminarily conferred regarding the Pretrial Order and trial exhibits. After the submission of this Pretrial Order, the parties anticipate conferring further in an effort to streamline the trial and may submit a proposed Amended Pretrial Order either before or after the Pretrial Conference.

## 1.　　**JURISDICTION**

No. 2:20-cv-01508-JLR
**JOINT PRETRIAL ORDER - 1**

WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WASHINGTON 98109
(206) 622-0494/Fax (206) 587-2476

The Complaint in this matter was originally filed in the United States District Court Western District of Washington pursuant to 28 U.S.C. § 1441.  This Court has proper (original) jurisdiction over this case pursuant to 28 U.S.C. § 1332 because Defendant Lindquist is a Washington resident, Allstate is a foreign corporation, and the amount in controversy exceeds $75,000.

Personal jurisdiction and venue are proper in this District pursuant to 28 U.S.C. § 1391(a), and (c), and Federal Rules of Civil Procedure 4(k)(1) and 4(k)(2).

## 2.     CLAIMS AND DEFENSES

### Plaintiff Allstate's Claims for Relief

Plaintiff Allstate alleges and claims relief as follows:

1.      There is an actual and justiciable controversy as to Allstate's obligations under the policy.

2.      The issue to be determined in this declaratory judgment action is whether Defendant Randy Lindquist is entitled to coverage pursuant to the terms and conditions of the Policy.

3.      It is the position of Allstate that there is no coverage for the December 25, 2019, fire because Mr. Lindquist allegedly violated multiple provisions of the Subject Policy. Moreover, it is Allstate's position that the Subject Property had suffered continuous vandalism damage from 2013 up through the fire loss in December of 2019. Allstate also claims that:

      a.      Mr. Lindquist misrepresented and concealed facts regarding the nature and extent of the damage to his dwelling and personal property;

      b.      Mr. Lindquist misrepresented and concealed facts regarding his actions on the date of loss;

      c.      Mr. Lindquist misrepresented and concealed facts regarding how he allegedly maintained the Fisher Road Property;

No. 2:20-cv-01508-JLR
**JOINT PRETRIAL ORDER - 2**

WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WASHINGTON  98109
(206) 622-0494/FAX (206) 587-2476

d.      Mr. Lindquist misrepresented and concealed facts regarding his claims for damage;

e.      Mr. Lindquist misrepresented and concealed facts regarding his bankruptcy;

f.      Mr. Lindquist misrepresented and concealed facts regarding his 2013 insurance claim to Allstate;

4.      Allstate alleges the relevant coverage exclusions in Allstate's policy are set forth as follows:

**Insuring Agreement**
In reliance on the information **you** have given **us**, **Allstate** agrees to provide the coverages indicated on the Policy Declarations, in return, **you** must pay the premium when due and comply with the Policy terms and conditions, and inform **us** of any change in title, use or occupancy of the **residence premises**.

. . . .

pg. 4.

. . .

**Misrepresentation, Fraud or Concealment**
**We** may void this policy if it was obtained by **you** or someone on **your** behalf and **you** or someone on **your** behalf intentionally concealed, engaged in fraud or misrepresented any material fact or circumstance that exists at the time of a loss relating to this insurance policy. If **we** determine that this policy is void, all premiums paid will be returned to **you** since there has been no coverage under this policy.

**We** do not cover any loss or occurrence in which any **insured person** has concealed or misrepresented any material fact or circumstance that exists at the time of the loss or occurrence.

. . . .

pg. 6

. . .

WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WASHINGTON  98109
(206) 622-0494/Fax (206) 587-2476

**Losses We Do Not Cover Under Coverages A and B:**

. . .

7. The failure by any **insured person** to take all reasonable steps to preserve property when the property is endangered by a cause of loss **we** cover.

8. Any substantial change or increase in hazard, if changed or increased by any means within the control or knowledge of an **insured person**.

9. Intentional or criminal acts of or at the direction of any **insured person**, if the loss that occurs: a) may be reasonably expected to result from such acts; or b) Is the intended result of such acts.

. . . .

pg. 8

. . .

20. Vandalism or Malicious Mischief if **your dwelling** is vacant or unoccupied for more than 30 consecutive days immediately prior to the vandalism or malicious mischief. A **dwelling** under construction is not considered vacant

pg. 9

. . .

***Section I – Conditions***
3. **What You Must Do After a Loss**

In the event of a loss to any property that may be covered by this policy, **you** must:

a) promptly give **us** or **our** agent notice. Report any theft to the police as soon as possible. If the loss involves a credit card, charge plate or bank fund transfer card, give written notice to the company or bank that issued the card or plate.

b) protect the property from further loss. Make any reasonable repairs necessary to protect it. Keep an accurate record of any repair expenses.

c) separate damaged from undamaged personal proper. Give **us** a detailed list of the damaged, destroyed or stolen property, showing the quantity, cost, actual cash value and the amount of loss claimed.

WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WASHINGTON 98109
(206) 622-0494/FAX (206) 587-2476

d) give **us** all accounting records, bills, invoices and other vouchers, or certified copies, which **we** may reasonably request to examine and permit **us** to make copies.

. . .

f) as often as **we** reasonably require:

      1) show **us** the damaged property.

      2) at **our** request submit to examinations under oath, separately and apart from any other person defined as **you** or **insured person** and sign a transcript of the same.

      . . . .

pg. 19

. . .

8. **Abandoned Property.**
**We** are not obligated to accept any property or responsibility for any property abandoned by an **insured person**.

pg. 22.

5.      Allstate further claims Mr. Lindquist misrepresented and concealed material facts in this matter, including, but not limited to the following:

     a.      The number of vandalisms to the Subject Property;

     b.      That the property was vacant from 2013 until the fire loss;

     c.      That he was still in the process of a remodel when the fire loss took place;

     d.      The nature and extent of the damages to the Subject Property over the years;

     e.      The nature and extent and value of his personal property on the Subject Property at the time of the fire;

     f.      Information regarding his bankruptcy;

     g.      The number of times he was at the Subject Property;

     h.      His actions to allegedly safeguard the Subject Property;

No. 2:20-cv-01508-JLR
**JOINT PRETRIAL ORDER - 5**
WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WASHINGTON 98109
(206) 622-0494/Fax (206) 587-2476

i.     The reason he had $100,000 or more in his personal bank accounts in 2018 and 2019;

6.     Allstate claims Mr. Lindquist failed to cooperate in this matter as required by the terms and conditions of the Allstate policy and as required under Washington state law, including, but not limited to the following:

a.     Allstate alleges Mr. Lindquist never alerted Allstate pertaining to the increased risk that was created when Lindquist abandoned the Subject Property and when the property experienced multiple acts of vandalism.

b.     Allstate alleges that Mr. Lindquist's refusal to cooperate for more than six months delayed Allstate's investigation into the loss and caused prejudice to Allstate's investigation.

c.     Allstate alleges that had Mr. Lindquist reported the prior losses/vandalisms to Allstate, Allstate would not have renewed the policy.

Allstate claims that, despite the existence of the duty to investigate, Mr. Lindquist did not assist Allstate in investigating the damage for nearly six months following the fire.

Allstate claims, pursuant to the doctrine of judicial estoppel, that Mr. Lindquist cannot allege damages for personal property exceeding the $5,000 claimed in Mr. Lindquist's personal bankruptcy case.

Allstate claims that Mr. Lindquist had a motive and opportunity to set the fire.

Allstate reserves the right to identify additional provisions of the policy of insurance that may affect its rights and obligations as it relates to the subject claim.

Allstate, Paul Davis, and Melody Grondahl deny the claims asserted by Mr. Lindquist. Allstate, Paul Davis, and Melody Grondahl further deny liability for any and all damages being asserted by Mr. Lindquist.

WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WASHINGTON  98109
(206) 622-0494/FAX (206) 587-2476

**<u>Mr. Lindquist's Claims and Defenses</u>**

Lindquist denies the claims asserted by Allstate that it does not have to provide coverage and payment of benefits arising from the fire.

Lindquist is a policyholder on a homeowners' insurance policy issued by Allstate. He brings this action for both contractual benefits and extracontractual damages caused by Allstate's handling of his insurance claim.

Lindquist will seek a judgment that Allstate breached the insurance contract; failed to act in good faith; negligently handled his insurance claim; violated the Consumer Protection Act (CPA), RCW 19.86.090; and violated the Insurance Fair Conduct Act (IFCA), RCW 48.30.015. Lindquist will also seek a declaratory judgment relating to his entitlement to benefits under the contract.

Lindquist will seek recovery of compensatory damages under each of these theories; punitive damages under the CPA and IFCA; and attorney fees and costs.

Lindquist also asserts third-party claims against Melody Grondahl for negligence and against Paul Davis for trespass.

Lindquist further asserts that many of Allstate's claims are precluded from trial either because it is too late to amend the pleadings or because of the Court's summary judgment rulings, Dkt. 207, including the following alleged misrepresentations regarding:

a.   The number of vandalisms to the Subject Property;

b.    That the property was vacant from 2013 until the fire loss;

c.   That he was still in the process of a remodel when the fire loss took place;

d.   Information regarding his bankruptcy;

e.   His actions to allegedly safeguard the Subject Property;

No. 2:20-cv-01508-JLR
**JOINT PRETRIAL ORDER - 7**

WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WASHINGTON 98109
(206) 622-0494/FAX (206) 587-2476

f.     The reason he had $100,000 or more in his personal bank accounts in 2018 and 2019;

## 3. __ADMITTED FACTS__

1. Randy Lindquist owns the home and property located at 6920 Fisher Rd. in Edmonds, Washington ("Fisher Road Property").

2. On December 25, 2019, a fire burned down Mr. Lindquist's Fisher Rd. house.

3. At the time of the fire, the home was insured by Allstate, policy no. 91717991 ("the policy"). Allstate originated a homeowners' insurance policy in 2004 and renewed the policy on an annual basis.

4. The policy was issued in the State of Washington.

5. Mr. Lindquist's policy provides dwelling protection up to $3,311,872.00; other structures protections up to $331,188.00; and personal property protection up to $2,483,904.00. The policy also provides building structure reimbursement extended limits endorsement benefits, pursuant to the terms and conditions of the policy.

6. Mr. Lindquist reported the fire loss to Allstate through his Allstate insurance agent, Melody Grondahl.

7. Mr. Lindquist is a first-party claimant under the policy.[1]

8. On August 12, 2020, Mr. Lindquist submitted proofs of loss to Allstate for the damage to both the structure of his home as well as the contents from the December 25, 2019 fire.

9. On October 13, 2020, Allstate filed its Complaint for Declaratory Relief against Randy Lindquist in this matter.

---

[1] Allstate admits this fact but objects to admissibility.

WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WASHINGTON 98109
(206) 622-0494/FAX (206) 587-2476

10. On November 12, 2020, Mr. Lindquist's attorney sent a 20-day Insurance Fair Conduct Act (IFCA) violation notice to Allstate and the Washington State Office of the Insurance Commissioner.[2]

11. Allstate denied coverage and has not paid any insurance benefits to Lindquist.[3]

## 4.   ISSUES OF LAW

### Allstate's Statement

1. Whether Lindquist is entitled to coverage?

2. Whether Lindquist misrepresented any of the following:

   a. The condition of the Fisher Road Property at the time of the fire?

   b. The nature and extent and value of the personal property at the Fisher Road Property at the time of the fire?

   c. The number of times Lindquist visited or was at the Fisher Road Property?

3. Whether Lindquist failed to cooperate as required by the policy by:

   a. Never alerting Allstate to the increased risk that was created when Lindquist abandoned the Subject Property and when the property experienced multiple acts of vandalism.

   b. Refusing to cooperate with Allstate's investigation for more than six months, delaying Allstate's investigation into the loss and causing prejudice to Allstate's investigation.

4. Whether the vandalism exclusion applies?

5. Whether Allstate knew about the occupancy status of the Fisher Road Property?

---

[2] Allstate admits this fact but objects to admissibility.

[3] Allstate admits this fact but objects to admissibility.

No. 2:20-cv-01508-JLR
**JOINT PRETRIAL ORDER - 9**

6. Whether Lindquist intentionally caused the fire?

7. Whether Allstate had a duty to investigate the loss?

8. Whether Melody Grondahl owed Mr. Lindquist only the duties of a general agent?

**Mr. Lindquist's Statement**

1. Did Allstate breach the terms of the insurance policy?

2. Did Allstate violate the duty of good faith as a matter of law?

3. Did Allstate negligently handle Lindquist's claim as a matter of law?

4.  Did Allstate violate claims-handling regulations found at WAC 284-30-330 as a matter of law?

5. Did Allstate violate the CPA as a matter of law?

6. Did Allstate violate IFCA as a matter of law?

7. Did Grondahl negligently perform her duties as Lindquist's insurance agent?

8. Did Paul Davis commit trespass as a matter of law?

## 5.  WITNESSES

**A.  Fact Witnesses**

### 1.  Allstate's Fact Witnesses:

As further detailed below, Allstate intends to have all its trial witnesses testify live, either in-person or by virtual means subject to this Court's approval.  To that end, Allstate intends to file a Motion to Permit Virtual Trial Testimony Under FRCP 45(c) for the following fact witnesses: **John Voves** and **Chad Oates**.  Further, Defendant Lindquist has listed an Allstate employee, **Craig Nemecek**, as one if his witnesses.  Based on information and belief, Mr. Nemecek lives in Arizona.  As such, Allstate also intends to request this Court's permit Mr, Nemeck be permitted to testify virtually.

No. 2:20-cv-01508-JLR
**JOINT PRETRIAL ORDER - 10**

WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WASHINGTON  98109
(206) 622-0494/FAX (206) 587-2476

| Individual | Information/Relevant Knowledge |
|---|---|
| 1.  Randy Lindquist<br>c/o Plaintiff Litigation Group PLLC<br>Isaac Ruiz, WSBA #35237<br>Kathryn Knudsen, WSBA #41075<br>1200 Fifth Ave., Suite 1220<br>Seattle, WA 98101<br>P: (206) 203-9100 | Mr. Lindquist will testify relating to the home, the insurance claim, and his damages. |
| 2.  Austin Benjamin Lindquist<br>3.  Brandon Lindquist<br>4.  Kiana Lindquist<br>5.  Zachary Lindquist<br><br>17436 - 47th Avenue Lake View Lane<br>Lake Forest Park, 98155<br><br>or<br><br>5536 Northeast 182nd Street<br>Kenmore, WA 98028 | The Lindquist children may have firsthand knowledge regarding the property and how its condition may have changed over time. |
| 6.  Bret Follett<br>7.  Ryan Jensen<br>Allstate Indemnity Company<br>c/o Wathen | Leid | Hall | Rider, P.C.<br>Rory W. Leid, III<br>222 Etruria St.<br>Seattle, WA 98109<br>(206) 622-0494 | Brett Follett & Ryan Jensen are Allstate employees who will testify as to facts and information which they have knowledge including but not limited to information regarding the policy of insurance issued to Defendant Lindquist (policy no.: 91717991), as well as related coverage and adjustment issues, claims investigation, claims decisions, and claims analysis. |
| 8.  David Ganschow<br>Paul Davis<br>c/o Wathen | Leid | Hall | Rider, P.C.<br>Rory W. Leid, III<br>222 Etruria St.<br>Seattle, WA 98109<br>(206) 622-0494 | David Ganschow is an employee of Paul Davis, which was retained by EFI Global and Allstate to assist with securing the site and making the property safe for the fire investigators to access the site and conduct their investigation into the C&O of the fire. Mr. Ganschow is expected to testify as to all claims which he has information and knowledge. |

WATHEN | LEID | HALL | RIDER, P.C.<br>222 ETRURIA STREET<br>SEATTLE, WASHINGTON  98109<br>(206) 622-0494/Fax (206) 587-2476

| Individual | Information/Relevant Knowledge |
|---|---|
| 9.  Melody J. Grondahl<br>c/o Wathen \| Leid \| Hall \| Rider, P.C.<br>Rory W. Leid, III<br>222 Etruria St.<br>Seattle, WA 98109<br>(206) 622-0494 | Melody J. Grondahl is the independent insurance sales agent who sold Defendant Lindquist the Allstate homeowner's insurance policy no.: 91717991.  Ms. Grondahl is expected to testify as to all claims which she has information and knowledge. |
| 10. Jesse Taylor<br>Premium Appraisal LLC<br>12006 98th Ave NE, Ste. 101<br>Kirkland, WA 98034<br>(425) 821-747 | Mr. Taylor conducted an appraisal of the property.  His report has been disclosed.  Mr. Taylor is expected to testify as to his knowledge and/or information regarding his valuation of the property. |
| 11. Arsalan Khazeni<br>A K Appraisals<br>14218 73rd Ave NE Unit B202<br>Kirkland, WA 98034<br>(425) 351-0932 | Arsalan Khazeni appraised and/or evaluated the Fisher Road property in 2018 and has knowledge of the condition of the property.  His report has been disclosed Mr. Khazeni is expected to testify as to his knowledge and/or information regarding his valuation of the property. |
| 12. John Voves<br>1420 Northwest Gilman Boulevard #2105<br>Issaquah, WA 98027<br>(Mailing Address)<br><br>13 Palmetto, Roatan, Honduras<br>(Physical Address) | John Voves appraised and/or evaluated the Fisher Road property in late 2013 and has knowledge of the condition of the property.  His report has been disclosed. Mr. Voves is expected to testify as to his knowledge and/or information regarding his valuation of the property.<br><br>Based on information and belief, Mr. Voves currently resides in Honduras. Allstate intends to file a motion requesting Mr. Voves be permitted to testify virtually pursuant to FRCP 45(c). |
| 13. Tami Salts<br>The Grondahl Agency<br>7024 Evergreen Way, Ste B<br>Everett, WA 98203 | Ms. Salts is an employee of the Grondahl Agency and may have knowledge or information regarding the subject property, discussions with Mr. Lindquist, and the subject loss. Ms. Salts is expected to testify as to all topics and claims which she has information and knowledge. |

| Individual | Information/Relevant Knowledge |
|---|---|
| 14. Chad Oates<br>(425) 244-2697 | Mr. Oates was at the Fisher Road property in approximately 2015, and may have knowledge about the subject property, including but not limited to the condition of the property. Mr. Oates is expected to testify as to all topics and claims which he has information and knowledge.<br><br>Based on information and belief, Mr. Oates currently resides in Illinois. Allstate intends to file a motion requesting Mr. Oates be permitted to testify virtually pursuant to FRCP 45(c). |
| 15. Tony Robinson<br>Snohomish County Fire Department | Mr. Robinson was at the Fisher Road property in December 2019 with a Snohomish County Sheriff's deputy who was responding to a suspicious activity call. Mr. Robinson was able to see the condition of the property shortly before the fire. Mr. Robinson is expected to testify as to all topics and claims which he has information and knowledge. |
| 16. Edwin E. Hardesty<br>Deputy Fire Marshall<br>Snohomish County Fire Marshall's Office<br>3000 Rockefeller Ave, M/S 604<br>Everett, WA 98201 | Ed Hardesty was the fire marshal and lead investigator at the December 25, 2019, fire at the Subject Property. Mr. Hardesty is expected to testify as to all topics and claims which he has information and knowledge. |
| 17. Winfield Lamont Beckner<br>6723 Fisher Rd<br>Edmonds, WA | The above-listed persons were or are neighbors near the Subject Property. They stated that the Subject Property had been vacant for nearly a decade before the December 25, 2019, fire. During that time, the Subject Property became a magnet for vandalism and theft. Some of these neighbors provided comments regarding the condition of the property and the facts and circumstances surrounding the fire. Mr. Beckner is expected to testify as to all topics and claims which he has information and knowledge. |

WATHEN | LEID | HALL | RIDER, P.C.<br>222 ETRURIA STREET<br>SEATTLE, WASHINGTON  98109<br>(206) 622-0494/FAX (206) 587-2476

2.    **Mr. Lindquist's Fact Witnesses:**

| Individual | Information/Relevant Knowledge |
|---|---|
| 1.  Randy Lindquist<br>     c/o Undersigned Counsel | Mr. Lindquist will testify relating to the home, the insurance claim, trespass to his property, and his damages. |
| Employees and representatives of Allstate:<br><br>2.  Bret Follett<br>3.  Nicole Diedrich<br>4.  Ryan Jensen<br>5.  Craig Nemecek<br>6.  Chris Watson<br><br>c/o Counsel of Record | These witnesses will testify relating to Allstate's practices, knowledge relating to Mr. Lindquist and the home, and the handling of the insurance claim. |
| Employees and representatives of Paul Davis:<br><br>7.  Former employee Greg Thode<br><br>8.  Karl Buettner<br><br>9.  David Granschow<br><br>c/o Counsel of Record[4] | These witnesses will testify relating to the company's actions and omissions at the home and its relationship and communications with Allstate. |
| 10. Melody J. Grondahl<br><br>11. Tami Salts<br><br>c/o Counsel of Record | These witnesses will testify relating to the relationship with Mr. Lindquist; knowledge relating to Mr. Lindquist and the home; and the claim. |
| 12. Mark Crowley<br>     EFI Global | Mr. Crowley is the fire investigator hired by Allstate. He will testify on that subject as well as on standards that apply to fire |

---

[4] Counsel for Paul Davis has advised Lindquist's counsel that they are unable to accept service on behalf of Mr. Greg Thode or Mr. Karl Buettner since they are no longer employed by Paul Davis.

No. 2:20-cv-01508-JLR
**JOINT PRETRIAL ORDER - 14**

WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WASHINGTON  98109
(206) 622-0494/FAX (206) 587-2476

| Individual | Information/Relevant Knowledge |
|---|---|
| c/o Counsel for Allstate | investigations. |
| 13.  Nichole Rosling<br>    (253) 394-8605 | Ms. Rosling will testify relating to the home, the events of December 25, and the impact of this claim on Mr. Lindquist. |
| 14.  Brandon Lindquist<br>15.  Austin Lindquist<br>16.  Zach Lindquist<br>17.  Kiana Lindquist<br><br>c/o Lindquist's counsel | These witnesses are Mr. Lindquist's children. They may testify relating to the home and the impact of the claim on Mr. Lindquist. |
| 18.  Scott Lindquist<br>(206) 372-6197 | Scott Lindquist may testify relating to the home. He is Randy Lindquist's brother. |
| 19.  Becky Eilert<br>(206) 920-7689 | Neighbor of Mr. Lindquist.<br><br>She may testify about how often Mr. Lindquist was at the home and her communications with Mr. Lindquist |

**B.**   **Expert Witnesses**

    **1.**   **Allstate's Expert Witnesses:**

       Allstate intends to have all of its trial witnesses testify live, either in-person or by virtual means subject to this Court's approval.  To that end, Allstate intends to file a Motion to Permit Virtual Trial Testimony Under FRCP 45(c) for the following expert witnesses: **Brian Chase** and **Colby Burnett**.

| Individual | Subject of Testimony |
|---|---|
| 1. Danette Leonhardi<br>Puget Sound Claim Consulting<br>3635 Fremont North, #407<br>Seattle, WA 98103<br>dleonhardi@pugetsoundclaimconsulting.com<br>(206) 251-2598 | Ms. Leonhardi is an expert regarding insurance claims handling and has performed a review of relevant disclosures and documents in this matter.  Ms. Leonhardi may be called to testify regarding her review of the available evidence in this matter, and her opinions and conclusions regarding the same, based on her education, training, and experience. |
| 2. Brian M. Chase, Esq.<br>ArcherHall<br>115 W. Washington St.<br>Tucson, AZ 85701<br>bchase@archerhall.com<br>(855) 839-9084 | Mr. Chase is a Managing Director of Digital Forensics and eDiscovery at ArcherHall and has performed a review of relevant disclosures and documents in this matter. Mr. Case may be called to testify regarding his review of the available evidence in this matter, and his opinions and conclusions regarding the same, based on his education, training, and experience.<br><br>Based on information and belief, Mr. Chase currently resides in Arizona. Allstate intends to file a motion requesting Mr. Chase be permitted to testify virtually pursuant to FRCP 45(c). |
| 3. Mark A. Crowley<br>EFI Global<br>9316 Lakeview Avenue, Building 21-C<br>PO Box 98887<br>Lakewood, WA 98496<br>mark.crowley@efiglobal.com<br>(253) 588-2730 | Mr. Crowley is the District Manager for the Northwest District, at EFI Global, was retained as a cause and origin expert, and has performed a review of relevant disclosures and documents in this matter. Mr. Crowley may be called to testify regarding his review of the available evidence in this matter, and his opinions and conclusions regarding the same, based on his education, training, experience. |

WATHEN | LEID | HALL | RIDER, P.C.<br>222 ETRURIA STREET<br>SEATTLE, WASHINGTON  98109<br>(206) 622-0494/FAX (206) 587-2476

| Individual | Subject of Testimony |
|---|---|
| 4. Colby Burnett<br>1197 Stirup Drive<br>Spring Branch, Texas 78070<br><br>PO Box 1411<br>Stevenson, WA 98648<br>503-707-6740<br>colby@onpointpropertydamage.com | Mr. Burnett is the president of OnPoint Property Damage Specialists and has performed a review of relevant disclosures and documents in this matter.  Mr. Burnett may be called to testify regarding his review of the available evidence in this matter, and his opinions and conclusions regarding the same, based on his education, training, and experience.<br><br>Based on information and belief, Mr. Burnett currently resides in Texas. Allstate intends to file a motion requesting Mr. Burnett be permitted to testify virtually pursuant to FRCP 45(c). |

## 2.     Mr. Lindquist's Expert Witnesses

| Individual | Subject of testimony |
|---|---|
| 1. Craig Sternberg<br>Sternberg Thomson Okrent & Scher<br>2033 Sixth Avenue, Suite. 251<br>Seattle, WA 98121-2526 | Mr. Sternberg may (pending motion in limine regarding 2013 bankruptcy) testify consistent with his expert report. He represented Mr. Lindquist in the bankruptcy. |
| 2. Roger Howson, President, ICDR, Inc: Claims Dispute Resolution<br>1455 NW Leary Way, Ste. 400<br>Seattle, WA 98107<br>(206) 489-5240 | Mr. Howson will testify consistent with his expert report. He assisted Mr. Lindquist in preparing proofs of loss. |
| 3. Terry Eggert, D2 Construction Consulting, LLC<br>6607 Whitman NE<br>Tacoma, WA 98422<br>(425) 330-1114 | Mr. Eggert will testify consistent with his expert report. He assisted Mr. Lindquist in preparing proofs of loss. |

WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WASHINGTON  98109
(206) 622-0494/FAX (206) 587-2476

| 4. Steven Casteele, MAI<br>Kidder Mathews<br>601 Union Street, Suite 4720<br>Seattle, WA 98101<br>(206) 205-0200 | Mr. Casteele will testify consistent with his expert report. He is an expert appraiser who assisted Lindquist in preparing an appraisal for property. |
|---|---|
| 5. Paul Pederson<br>Pederson and Associates<br>PO Box 1588<br>Orting, WA 98360<br>(206) 861-3700 | Mr. Pederson will testify consistent with his expert report. He is an accountant who helped Lindquist calculate interest on his property. |
| 6. Larry Randall Karstetter<br>30605 164th Ave SE<br>Auburn, WA 98092<br>(253) 246-8948 | Mr. Karstetter may (pending motion in limine regarding cell phone evidence) testify consistent with his expert report. He is an expert in cell phone forensics. |
| 7. Thomas Lether<br>1848 Westlake Ave. N #100<br>Seattle, WA 98109 | Mr. Lether will testify consistent with his expert report. He is an expert in insurance claims handling standards. |

The Parties reserve the right to object to and move to exclude any of the other party's respective witness(es).

## 6.   **EXHIBITS**

The Parties' Objection Code:

| E | Exhibit is objectionable because it constitutes attempted excerpt testimony from a person who was not designated as an expert (Fed. R. Civ. P. 26) |
|---|---|
| F | Lack of Foundation |
| MIL | Subject of Motion in Limine |
| Dkt#69 | Confidential & subject to the protective order [Dkt#69], entered 07.29.21. Allstate anticipates filing a motion for protective order to maintain confidentiality of documents. |

No. 2:20-cv-01508-JLR
**JOINT PRETRIAL ORDER - 18**

WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WASHINGTON 98109
(206) 622-0494/FAX (206) 587-2476

| Dkt#73 | Allstate produced a number of privileged, protected documents and materials in compliance with the Court's 8.16.21discovery order [Dkt73]. Trial admissibility remains. |
|---|---|

**Allstate's Exhibits**

| Ex. No. | Date | Description | Authenticity | Admissibility | Objection | Admitted |
|---|---|---|---|---|---|---|
| 1 | Various | Allstate Log Notes (Allstate 000001 – 000634) | Stipulated | Disputed | FRE 401–03; hearsay; foundation; exhibit consists of a multitude of pages of information, much of which is hearsay and much of which is just copied text from other documents; it is likely to lead to undue confusion for the jury | |
| 2 | 9/3/2013 | 2013 Appraisal from JKM Appraisals | Stipulated | Disputed | Hearsay; foundation | |
| 3 | 12/17/2018 | 2018 Appraisal from AK Appraisals | Stipulated | Disputed | Hearsay; foundation | |
| 4 | Various | Photographs from before Dec 2019 Police reports | Stipulated | Disputed | FRE 403; certain photos are cumulative and prejudicial, including for example multiple photos of a firearm | |

WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WASHINGTON  98109
(206) 622-0494/FAX (206) 587-2476

| Ex. No. | Date | Description | Authenticity | Admissibility | Objection | Admitted |
|---------|------|-------------|--------------|---------------|-----------|----------|
| 5 | Various | Lindquist Email Production (Lindquist_915 – 1257) | Stipulated | Disputed | FRE 401–03; hearsay; foundation; exhibit consists of a multitude of documents and the relevance of all of them has not been established; many of the documents are form emails with no relation to this case and therefore are likely to confuse the jury | |
| 6 | Various | Allstate/ WLHR Letters (Allstate003352 – 003388; Allstate Allstate004372 – 004546; Allstate004951 – 005095) | Stipulated | Disputed | FRE 401–03; Hearsay; exhibit contains a multitude of documents including duplicates; this exhibit as currently constituted will confuse the jury | |
| 7 | 1/10/2020 | Allstate Photos (Allstate 003477 – 003532) | Stipulated | Stipulated | | |

WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WASHINGTON  98109
(206) 622-0494/FAX (206) 587-2476

| Ex. No. | Date | Description | Authenticity | Admissibility | Objection | Admitted |
|---|---|---|---|---|---|---|
| 8 | Various | Dimont Documents (Allstate 004547 – 004883) | Stipulated | Disputed | FRE 401–403; Hearsay; in addition, this exhibit consists of multiple documents, for which the admissibility of each must be shown | |
| 9 | Various | Police Reports (ECF 72-1 & 205-2) | Stipulated | Disputed | FRE 401–403; hearsay | |
| 10 | Various | Paul Davis Documents (PD000133 - PD000200; PD000329 - PD000351) | Stipulated | Stipulated | | |
| 11 | Various | Grondahl Documents (Grondahl 000001 – 289) | Stipulated | Stipulated | | |
| 12 | Various | Crowley Photos | Stipulated | Disputed | Reserved | |
| 13 | 9/11/13 | Lindquist Bankruptcy Confirmation Hearing Transcript | Stipulated | Disputed | FRE 401–03; Hearsay; Foundation | |
| 14 | 4/3/19 | Memo re Edmonds Property Sternberg_434-435 | Stipulated | Disputed | FRE 401–03, 408; Foundation | |

WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WASHINGTON  98109
(206) 622-0494/FAX (206) 587-2476

| Ex. No. | Date | Description | Authenticity | Admissibility | Objection | Admitted |
|---------|------|-------------|--------------|---------------|-----------|----------|
| 15 | 7/12/19 | Letter to Kaplowitz re Edmonds Property Sternberg_442-443 | Stipulated | Disputed | FRE 401–03, 408; Foundation | |
| 16 | 3/16/22 | Variance Report | Stipulated | Disputed | Hearsay; foundation | |
| 17 | 2/12/22 | Valuation Report | Stipulated | Disputed | Hearsay; foundation | |
| 18 | 3/16/22 | Adjusted Value Report | Stipulated | Disputed | Hearsay; foundation | |
| 19 | 2/16/22 | Puget Sound Claim Consulting Report | Stipulated | Disputed | Hearsay; foundation; see court's ruling on this report | |
| 20 | 3/16/22 | Puget Sound Claim Consulting Rebuttal Report | Stipulated | Disputed | Hearsay; foundation; see court's ruling on this report | |
| 21 | 2/16/22 | Forensic Analysis – Initial Findings | Stipulated | Disputed | Hearsay; foundation; MIL | |
| 22 | 4/18/22 | Forensic Analysis – Supplemental Report | Stipulated | Disputed | Hearsay; foundation; MIL | |
| 23 | | Fire Origin and Cause Report | Stipulated | Stipulated as to Pages 1-32; Disputed as to remainder | FRE 401–03; Hearsay | |
| 24 | Various | Records from T-Mobile/Sprint | Stipulated | Disputed | FRE 401–403; Hearsay; MIL | |

WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WASHINGTON  98109
(206) 622-0494/FAX (206) 587-2476

| Ex. No. | Date | Description | Authenticity | Admissibility | Objection | Admitted |
|---------|------|-------------|--------------|---------------|-----------|----------|
| 25 | Various Dates | Bankruptcy Filings from *In re Randy Alan Lindquist*, Cause No. 12-17027-MLB, including Dkt. #s:  2, 15, 16, 24, 25, 26, 34, 42, 70, 84-1, 97, 99, 99-2, 108, 120, 120 – 2, 120 -3, 122, 145, 159, 172, 172 -2, 172 – 3, 172 – 4, 176 – 2, 207 -2, 215, 240, 241 | Stipulated | Disputed | FRE 401–403; MIL | |
| 26 | Various Dates | Animal Control Reports | Stipulated | Disputed | FRE 401–403; Hearsay | |
| 27 | December 26, 2019 | Drone Footage of Property Post-Fire | Disputed | Disputed | | |
| 28 | December 25, 2019 | Video Footage of Fire [333] | | | | |
| 29 | Various Dates | Foreclosure filings from *Chase Bank vs. Randy Lindquist, et. al.*, Snohomish County Superior Court, Case #18-2-039999-31, including Dkt #s: 2, 21. | | | FRE 401–403; Hearsay | |
| 30 | September 16, 2020 | Email from Allstate to Lindquist's Counsel. | | | | |

WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WASHINGTON  98109
(206) 622-0494/FAX (206) 587-2476

| Ex. No. | Date | Description | Authenticity | Admissibility | Objection | Admitted |
|---|---|---|---|---|---|---|
| 31 | [Reserved] | | | | | |
| 32 | [Reserved] | | | | | |

**Mr. Lindquist's Exhibits**

| Ex. No. | Date | Description | Authenticity | Admissibility | Objection | Admitted |
|---|---|---|---|---|---|---|
| A -1 | | Lindquist's Insurance Policy, Bates No. ALLSTATE003298–003351 | Stipulated | Disputed | MIL; FRE 401-403 | |
| A-2 | | Lindquist's Proofs of Loss, Bates No. A-02 000001–35 | Stipulated | Stipulated | N/A | |
| A-3 | | Excerpts from Allstate Claim File Notes, Bates No. ALLSTATE000003–8, 11–15, 18, 20, 22– 27, 33–36, 39–41, 47, 59, 60, 65, 78, 96, 102, 110, 117, 141, 142, 149, 154, 155, 173, 174, 186, 214, 246, 257, 258, 290, 295, 306, 336, 381, 379–381, 414, 452, 455, 482, 498, 499, 503, 505, 509, 510, 517 | Stipulated | Disputed | Reserved | |

WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WASHINGTON  98109
(206) 622-0494/FAX (206) 587-2476

| Ex. No. | Date | Description | Authenticity | Admissibility | Objection | Admitted |
|---|---|---|---|---|---|---|
| A-4 | | Allstate's Cause and Origin Report, Bates No. ALLSTATE000639–000646 | Stipulated | Stipulated | N/A[5] | |
| A-5 | | Allstate Underwriting File Note Re 2013 Claim, Bates No. ALLSTATE001221 | Stipulated | Disputed | FRE 401-403 | |
| A-6 | | Allstate Underwriting File Notes, Bates No. Allstate002715-002719 | Stipulated | Stipulated | N/A | |
| A-7 | 2/07/2014 | Email Exchange between Jason Jepson and Melody Grondahl, Bates No. Grondahl000076 | Stipulated | Stipulated | N/A | |
| A-8 | 2/10/2014 | Claim note from J. Jepson, Bates No. ALLSTATE001301 | Stipulated | Stipulated | N/A | |
| A-9 | 12/25/2019 | Grondahl Agency Note Re Call with Lindquist Re Fire, Bates No. Grondahl000013 | Stipulated (subject to edit of date. Per note, date is 12/26/19). | Stipulated | N/A, *subject to editing of date.* | |

[5] Allstate Comment: Duplicate; see Allstate Ex#23.

No. 2:20-cv-01508-JLR
**JOINT PRETRIAL ORDER - 25**

WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WASHINGTON 98109
(206) 622-0494/FAX (206) 587-2476

| Ex. No. | Date | Description | Authenticity | Admissibility | Objection | Admitted |
|---------|------|-------------|--------------|---------------|-----------|----------|
| A-10 | 12/31/2019 | Policy and Claim Summary, Bates No. ALLSTATE003569 | Stipulated | Stipulated | N/A | |
| A-11 | 12/31/2019 | First Notice of Loss Snapshot, Bates No. ALLSTATE003533–003536 | Stipulated | Stipulated | N/A | |
| A-12 | 1/10/2020 | Allstate Pre-Suit Referral, Bates No. 003465–003466 | Stipulated | Disputed | Dkt#73 & Dkt#98.5 (*Privilege Log Pursuant to ECF 73 Order on In-Camera Review*), Attorney-Client Privilege, Work-Product Privilege, & Anticipation of Litigation; FRE 501-502 | |
| A-13 | 1/10/2020 | Letter from Allstate to Lindquist, Bates No. ALLSTATE003258 | Stipulated | Stipulated | N/A | |

WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WASHINGTON 98109
(206) 622-0494/Fax (206) 587-2476

| Ex. No. | Date | Description | Authenticity | Admissibility | Objection | Admitted |
|---|---|---|---|---|---|---|
| A-14 | 6/30/2020 | Letter to Leid from Ruiz, EX A-014 PG 000001–2 | Stipulated | Disputed | E; FRE 401-403, FRE 801-803 | |
| A-15 | 7/7/2020 | Letter from R&S to Leid, Bates No. EX A-014 PG 000001–2 | Stipulated | Disputed | E; FRE 401-403, FRE 801-803 | |
| A-16 | 11/12/2020 | IFCA Violation Notice to Allstate, Bates No.Ex.A-016 PG. 000001–4 | Stipulated | Disputed | E; FRE 401-403, FRE 801-803 | |
| A-17 | 11/25/2020 | Allstate's Response to IFCA Notice, Bates No. Ex. A-017-000001–2 | Stipulated | Disputed | FRE 401-403, FRE 501-502, FRE 801-803 | |
| A-18 | 9/4/2013 | Photographs of the home from Voves Appraisal, Bates No. EX, A-018 PG 000001–7. | Stipulated | Stipulated | N/A[6] | |
| A-19 | | Renderings of interior of house provided by Allstate, Bates No. Ex. A-019 PG 000001–10 | Stipulated | Disputed | E; FRE 401-403, FRE 801-803 | |
| A-20 | 12/17/2018 | Photographs of the home from Khazani Appraisal, Bates No. EX. A-020 PG000001–18 | Stipulated | Stipulated | N/A[7] | |

[6] Allstate Comment: Duplicate; see Allstate Ex#2.

[7] Allstate Comment: Duplicate; see Allstate Ex#3.

No. 2:20-cv-01508-JLR
**JOINT PRETRIAL ORDER - 27**

WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WASHINGTON 98109
(206) 622-0494/FAX (206) 587-2476

| Ex. No. | Date | Description | Authenticity | Admissibility | Objection | Admitted |
|---|---|---|---|---|---|---|
| A-21 | 1/10/2020 | Photographs of the house after the fire, Bates No. ALLSTATE003486–003504, 003507–003532 | Stipulated | Stipulated | N/A | |
| A-22 | | Photos of inside of house from Kiana Lindquist, Bates No. Kiana_Lindquist000001–000005 | Stipulated (subject to editing of date; per testimony of K. Lindquist, date is either 10/31/2010 or 11/15/2010 | Disputed, *Subject to editing of date; per testimony of K. Lindquist, date is either 10/31/2010 or 11/15/2010.* | N/A, *subject to editing of date.* | |
| A-23 | 2/11/2020-2/28/2020 | Paul Davis claim notes, Bates No. PD000165–000169 | Stipulated | Stipulated | N/A | |
| A-24 | 2/7-11/2020 | Email correspondence between Mark Crowley and Greg Thode, Bates No. PD000133–000137 | Stipulated | Disputed | FRE 801-803 | |
| A-25 | 2/11/2020-2/20/2020 | Email Correspondence between Mark Crowley, Bret Follett and Greg Thode, Bates No. PD000139–000143 | Stipulated | Disputed | FRE 801-803 | |
| A-26 | 2/7/2020 | Paul Davis Estimate, Bates No. Allstate002835–002841 | Stipulated | Stipulated | N/A | |

WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WASHINGTON 98109
(206) 622-0494/FAX (206) 587-2476

| Ex. No. | Date | Description | Authenticity | Admissibility | Objection | Admitted |
|---|---|---|---|---|---|---|
| A-27 | | Instructions from Sheryl Cade, Allstate to EFI Global Re Fire Investigation, Bates No. Allstate002514 | Stipulated | Stipulated | N/A | |
| A-28 | | EFI Global Activity Log, Bates No. EX. A-028 PG 00001–4. | Stipulated | Disputed | E; FRE 401-403 | |
| A-29 | | Paul Davis Photo – Signs on Gate, Bates No. EX. A-019 PG 000001. | Stipulated | Stipulated | N/A | |
| A-30 | | Paul Davis Photos of Demolition, Bates No. EX A-30 PG 000001–6 | Stipulated | Stipulated | N/A | |
| A-31 | | Paul Davis Photos of Demolition with Backhoe, Bates No. EX A-031 PG 000001–5. | Stipulated | Stipulated | N/A | |
| A-32 | 2/1/1999 | Allstate R3001A Exclusive Agency Agreement – Grondahl, Bates No. Grondahl Confidential000001 –000014 | Stipulated | Disputed | FRE 401-403; there is no dispute as to the agency relations hip as between Allstate and Melody Grondah, FRE 901(a) | |

WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WASHINGTON  98109
(206) 622-0494/FAX (206) 587-2476

| Ex. No. | Date | Description | Authenticity | Admissibility | Objection | Admitted |
|---|---|---|---|---|---|---|
| A-33 | 4/1/2021 | Independent Contractor Manual Revision Notice, Exclusive Agency Independent Contractor Manual, Bates No. Allstate v. Lindquist – CONFIDENTIAL00001013–00001061 | Stipulated | Disputed | Dkt#69; FRE 401-403 | |
| A-34 | 8/10/2020 | Allstate Agency Standards Revision Notice, Bates No. Allstate v. Lindquist CONFIDENTIAL00000984–00001012 | Stipulated | Disputed | Dkt#69; FRE 401-403 | |
| A-35 | | Customer Portfolio Allstate, Bates No. ALLSTATE003995–003996 | Stipulated | Disputed | FRE 401-403, FRE 501-502, FRE 801-803 | |
| A-36 | | Allstate Inspection of Lake Forest Park house, Bates No. ALLSTATE003998–004010 | Stipulated | Disputed | FRE 401-403 | |
| A-37 | 9/23/2004 | Allstate Property Evaluation Report, Bates No. Grondahl000077–000100 | Stipulated | Disputed | FRE 401-403, | |
| A-38 | | SWAFMM02 – Allstate Gateway, Bates No. Grohdahl000107 | Stipulated | Disputed | FRE 401-403, | |

WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WASHINGTON  98109
(206) 622-0494/FAX (206) 587-2476

| Ex. No. | Date | Description | Authenticity | Admissibility | Objection | Admitted |
|---|---|---|---|---|---|---|
| A-39 | 6/1/2021 | Supplement Revision Notice, Bates No. Allstate v. Lindquist – CONFIDENTIAL0 0001062–00001339 | Stipulated | Disputed | Dkt#69; FRE 401-403 | |
| A-40 | | SIU Metrics, Bates No. Allstate v. Lindquist CONFIDENTIAL0 0000974–983 | Stipulated | Disputed | Dkt#69; FRE 401-403 | |
| A-41 | | SIU Auto and Property CONTACT Standard Process, Bates No. Allstate v. Lindquist CONFIDENTIAL0 0000926–00000951 | Stipulated | Disputed | Dkt#69; FRE 401-403 | |
| A-42 | | Allstate Claim Guidelines, Bates No. Allstate v. Lindquist CONFIDENTIAL0 0000439–00000677 | Stipulated | Disputed | Dkt#69; FRE 401-403 | |
| A-43 | | Invoice of Steve Casteele, Bates No. EX A-043 PG 000001. | Stipulated | Disputed | FRE 104(b); FRE 401-403; FRE 901(a) | |
| A-44 | | Invoice of Terry Eggert, Bates No. EX A-044 PG 000001–3 | Stipulated | Disputed | FRE 104(b); FRE 401-403; FRE 901(a) | |

WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WASHINGTON 98109
(206) 622-0494/FAX (206) 587-2476

| Ex. No. | Date | Description | Authenticity | Admissibility | Objection | Admitted |
|---|---|---|---|---|---|---|
| A-45 | | Invoice of Roger Howson including first invoice of Terry Eggert, Bates No. EX A-045 PG 000001–2 | Stipulated | Disputed | FRE 104(b); FRE 401-403; FRE 901(a) | |
| A-46 | | Invoice of Randall Karstetter, Bates No. EX A-046 PG 000001–2 | Stipulated | Disputed | FRE 104(b); FRE 401-403; FRE 901(a) | |
| A-47 | | Invoice of Tom Lether, Bates No. EX. A-047 PG 000001–12_ | Stipulated | Disputed | FRE 104(b); FRE 401-403; FRE 901(a) | |
| A-48 | | Invoice of Paul Pederson, Bates No. EX. A-048 PG 000001–4 | Stipulated | Disputed | FRE 104(b); FRE 401-403; FRE 901(a) | |
| A-49 | 7/8/2020 | Letter from I. Ruiz to R. Leid, Bates | Stipulated | Disputed | E; FRE 401-403, FRE 801-803 | |
| A-50 | 08.08.20 | Meeds & Assoc. Consulting, Bates No. EX. A-050 PG. 000001-9 | Stipulated | Stipulated | N/A | |
| A-51 | 03.03.01 11.04.01 08.05.03 | NWMLS Subject Photographs re: KM Job A21-2077, Bates No. EX. A-051 PG. 000001 | Stipulated | Stipulated | N/A | |

WATHEN | LEID | HALL | RIDER, P.C.
222 Etruria Street
Seattle, Washington 98109
(206) 622-0494/Fax (206) 587-2476

| Ex. No. | Date | Description | Authenticity | Admissibility | Objection | Admitted |
|---|---|---|---|---|---|---|
| A-52 | 5/12/2021 | Paul Davis-Allstate Indemnity Agreement, Bates No. PD_Confidential 000001 | Stipulated | Disputed | Dkt#69; FRE 401-403; FRE 501-502; Attorney-Client Privilege; Work-Product; Anticipation of Litigation | |
| A-53 | 12/25/2019 | Patricia Christenson Note, Bates No. Grondahl 000013 | | | Reserved | |
| A-54 | 12/26/2019 | Patricia Christenson Email to Lindquist, Bates No. Lindquist_001188 | | | Reserved | |
| A-55 | 01/19/2020 | Chase Letter to Allstate, Bates No. 004839 | | | Reserved | |
| A-56 | 01/22/2020 | De Lira Claim Note, Bates No. Dimont   000778 | | | Reserved | |
| A-57 | 02/25/2020 | Greg Thode Email to Mark Crowley, Bates No. 000146 | | | Reserved | |
| A-58 | 02/27/2020 | Emails between Mark Crowley and Greg Thode, Bates No. PD000144-000145 | | | Reserved | |
| A-59 | 06/18/2020 | Ruiz letter to Leid, Bates No. Exhibit A-059_Page_000001 | | | Reserved | |

No. 2:20-cv-01508-JLR
**JOINT PRETRIAL ORDER - 33**

WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WASHINGTON  98109
(206) 622-0494/FAX (206) 587-2476

| Ex. No. | Date | Description | Authenticity | Admissibility | Objection | Admitted |
|---|---|---|---|---|---|---|
| A-60 | [RESERVED] | Cellular Phone Records of Mr. Lindquist [RESERVED PENDING RULING ON MOTION IN LIMINE] | | | Reserved. | |
| A-61 | [RESERVED] | Claim Summary Chart [RESERVED] | | | Reserved | |
| A-62 | [RESERVED] | Pre-loss Summary Chart [RESERVED] | | | Reserved | |
| A-63 | [RESERVED] | | | | Reserved | |

The Parties reserve the right to move to admit any exhibit or portion of an exhibit listed by the other parties and to introduce and move to admit additional exhibits at trial to rebut the other parties' s case-in-chief or rebuttal witnesses.

## 7.    DEPOSITION DESIGNATIONS

**Randy Lindquist's Deposition Designations:**

Randy Lindquist designates the following testimony and will provide the Court with highlighted transcripts by July 27, 2022, in accordance with the Case Scheduling Order, Dkt. 30.

- **Ryan Jensen** (Allstate Fed. R. Civ. P. 30(b)(6) Designee):

28:25–29:6
29:7–11
29:12–16
29:24–30:1
30:2–7
30:8–16
38:15–20
38:21–25

No. 2:20-cv-01508-JLR
**JOINT PRETRIAL ORDER - 34**

39:1–8
39:9–15
39:16–22
39:23–40:6
40:7–9
40:12–16
40:17–23
40:24–41:6
41:7–12
48:12–17
48:24–49:6
51:22–52:2
84:2–7
84:8–12
98:14–19
99:4–10
99:11–17
99:18–24
99:25–100:5
100:6–9


- **Craig Nemecek** (Allstate Fed. R. Civ. P. 30(b)(6) Designee):

23:13–21
32:2–10
32:11–17
32:18–24
37:3–23
54:16–55:3
56:4–11
56:12–19
57:9–20
58:6–15
59:18–60:6
62:4–8
62:18–63:9
66:13–67:2
67:19–68:4
68:17–69:5
69:12–17
71:9–72:1
72:2–17
72:22–73:11
73:12–74:11
74:12–18
76:7–15

No. 2:20-cv-01508-JLR
**JOINT PRETRIAL ORDER - 35**

WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WASHINGTON  98109
(206) 622-0494/FAX (206) 587-2476

1   77:19–25
    78:16–23
2   83:14–17
    91:1–13
3   106:23–107:5
    167:20–168:4
4
        • **Karl Buettner:**
5
    50:3–22
6   51:25–52:21
    57:20–59:13
7   60:16–20
    61:4–21
8   64:7–13
    64:22–66:11
9   79:6–81:12
    85:3–17
10  86:14–87:15
    88:13–89:1
11  90:1–25
    91:14–92:9
12  92:14–93:7
    93:14–24
13  95:18–98:15
    98:16–99:10
14  99:11–100:19
    100:23–101:1
15  104:9–105:24

16      • **David Ganshow:**

17  10:23–11:7
    14:18–23
18  14:24–15:11
    27:3–28:7
19  28:8–14
    28:15–18
20  34:8–35:12
    35:13–21
21  36:3–16
    36:17–37:1
22  37:2–21
    37:22–38:2
23  38:3–39:7
    40:18–42:5
    42:6–17

No. 2:20-cv-01508-JLR
**JOINT PRETRIAL ORDER - 36**

WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WASHINGTON 98109
(206) 622-0494/FAX (206) 587-2476

The above witnesses will testify in person at trial. Mr. Lindquist also intends to play the above deposition excerpts via videoclip, a copy of which will be provided to the Court and all counsel.

**Allstate's Objections:**

As a preliminary matter, Allstate objects to Lindquist's deposition designations pursuant to LCR 32(e). Per LCR 32(e) and the current CSO (Dkt#30), Lindquist's counsel should have provided highlighted transcripts by 7/5/22, to afford Allstate's counsel the required 10 days to offer counter designations prior to the 7/27/22 deadline to submit (but not file) deposition designations. At 9:10 pm on Sunday, July 24, 2022, Lindquist's counsel provided deposition designations for 4 witnesses, Ryan Jensen, Craig Nemecek, Greg Thode,[8] David Ganschow. The designations provided do not comport with the requirements of LCR 32(e). Moreover, Allstate has not received highlighted transcripts for any of these depositions. **Allstate objects to Lindquist's deposition designations and otherwise reserves the right to offer counter designations.**

Furthermore, LCR 32(e) provides that, "[i]f a party intends to offer a video deposition instead of live testimony, the party must, in addition to complying with the provisions above, submit a copy of the video deposition to the court upon request and to all other parties no later than the deadline for filing the pretrial order." **Without waiver, Allstate request Defendant Lindquist immediately provide a copy of the video depositions.**

---

[8] On 7/25/22, Lindquist's counsel notified counsel for Paul Davis that "Greg Thode" was a scrivener error, and that the designations were for "Karl Buettner." Same objections.

No. 2:20-cv-01508-JLR
**JOINT PRETRIAL ORDER - 37**

1       NOW, THEREFORE, IT IS HEREBY ORDERED:

2

3       DONE IN OPEN COURT this 3rd  day of August, 2022.

4

5

6                                      _____

7                 THE HONORABLE JAMES L. ROBART

8 Presented by:

9

10 **WATHEN | LEID | HALL | RIDER, P.C.**

11 *s/ Kimberly Larsen Rider*_____
Rory W. Leid, III, WSBA #25075
Kimberly Larsen Rider, WSBA #42736

12 Lucy B. Wilhelm, WSBA #57130
*Attorneys for Plaintiff Allstate*

13 222 Etruria Street
Seattle, WA 98109-6243

14 Tel: (206) 622-0494 | Fax: (206) 587-2476
rleid@cwlhlaw.com | krider@cwlhlaw.com | lwilhelm@cwlhlaw.com

15 **_Counsel for Allstate, Paul Davis, and Melody Grondahl_**

16

17 **RUIZ & SMART PLLC**

18 *s/ Kathryn M. Knudsen (via email authorization 7/25/22)*

19 William C. Smart, WSBA #8172
Isaac Ruiz, WSBA #35237

20 iruiz@ruizandsmart.com
Kathryn M. Knudsen, WSBA #41075

21 kknudsen@ruizandsmart.com

22 **_Counsel for Randy Lindquist_**

23